## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and other persons similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No.  19-563 |
| GODADDY.COM, LLC, a Delaware Limited Liability Company, | )<br>)<br>) |
| Defendant. | ) JURY TRIAL DEMAND<br>)<br>) |

## COMPLAINT

Plaintiff, SUSAN DRAZEN ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of GODADDY.COM, LLC ("GoDaddy" or "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

### JURISDICTION AND VENUE

1.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States.

2.  Venue in this District is proper pursuant to 28 U.S.C. § 1391, because GoDaddy transacts business in this District, and a material portion of the events at issue occurred in this District, as certain of the unauthorized calls and text messages at issue were received in this District.

### PARTIES

3.  Plaintiff is a resident of Florida.

4.      Defendant is a limited liability company incorporated in Delaware.

## FACTUAL ALLEGATIONS

5.      Defendant provides website related services and products to customers across the country.

6.      When a customer buys any of Defendant's services or products, Defendant collects their telephone numbers as part of the transaction.

7.      Defendant uses the telephone numbers that it collects to make promotional calls and text messages attempting to sell additional or more expensive services and products and/or to contact individuals who are no longer customers.

8.      Defendant placed numerous such calls and text messages to Plaintiff's cellular telephone marketing its products and services.

9.      Upon information and belief, Defendant placed these calls and text messages using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

10.     Defendant's contacts were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

11.     Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

12.     Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

13.     Defendant's calls and text messages were placed to telephone numbers, including Plaintiff's, that were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

14. Defendant did not have prior express written consent to place the calls or send text messages to Plaintiff and the other putative class members.

15. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

16. Through Defendant's aforementioned conduct, Plaintiff and the other members of the Class suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

17. Plaintiff is informed and believes and here upon alleges, that the calls and text messages were initiated by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

18. Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

## **CLASS ALLEGATIONS**

19. Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a nationwide class (the "Class") defined as: all persons in the United States to whom Defendant placed any call or sent any text message on or to their cellular telephone for marketing purposes through the use of an automatic telephone dialing system during the four years preceding the date of filing of this Complaint.

20. Upon information and belief, there are at least 100 members of the Class such that joinder would be impracticable.

21. Questions of law and fact are common to the claims of Plaintiff and the other members of the Class which predominate over any questions affecting individual members of the Class. Common questions for the Class include the following:

    a. Did Defendant make promotional calls and text messages using an ATDS;

    b. Whether Defendant's automated promotional calls and text messages were made for "telemarketing" purposes;

    c. Whether Defendant made such calls and text messages to individuals who did not provide prior express written consent to receive such calls and text messages;

    d. Whether Defendant's conduct violates the TCPA; and

    e. Whether Plaintiff and the other members of the Class are entitled to damages and injunctive relief.

22. Plaintiff's claims are typical of the claims of the other members of the Class and the dispositive issues with respect to Plaintiff's claims are the same as the issues governing the claims of the other members of the Class.

23. Plaintiff is not subject to any unique defenses and Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's violations of the TCPA.

24. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.

25. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Plaintiff nor her counsel has any interests adverse to those of the other members of the Class.

26. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it avoids the risk of inconsistent adjudications and incompatible standards of conduct for the defendant.

27. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT ONE
## THE TELEPHONE CONSUMER PROTECTION ACT

28.     Defendant has violated the TCPA by placing unauthorized non-emergency promotional calls and text messages using an automatic telephone dialing system without obtaining prior express written consent of Plaintiff and the other members of the Class in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, SUSAN DRAZEN, on behalf of herself and the proposed Class, respectfully requests judgment be entered against Defendant for the following:

   a. $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

   b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), $1,500, for each and every violation, pursuant to 47 U.S.C.(b)(3)(B) and 47 U.S.C. 227(b)(3)(C);

   c. Injunctive relief prohibiting such conduct in the future; and

   d. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED

**DATED: August 21, 2019**

By: _____
Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
Telephone: 251-990-5558
Facsimile: 251-990-0626
epunderwood@alalaw.com

Plaintiff Demands a Trial by Jury

_____

5