IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and other persons similarly situated,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>GODADDY.COM, LLC, a Delaware Limited Liability Company,  )<br>)<br>Defendant.  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-00563-KD-B<br><br>Hon. Kristi K. DuBose<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND SCHEDULING A FINAL APPROVAL HEARING DATE |

WHEREAS, Susan Drazen ("Drazen"), Jason Bennett ("Bennett"), and John Herrick ("Herrick") (collectively "Plaintiffs"[1]), and GoDaddy.com, LLC (collectively, the "Parties") have reached a proposed settlement and compromise of the claims in the Actions, which is embodied in the Agreement filed with the Court, *see* Dkt. No. 20-1; and

WHEREAS, Plaintiffs have applied to the Court for preliminary approval of the proposed settlement, the terms and conditions of which are set forth in the Agreement;

---

[1] Unless otherwise stated, capitalized terms in this Order have the same meaning as those terms are used in the Amended Class Action Settlement Agreement (the "Agreement") attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion for Preliminary Approval") as Exhibit A. Dkt. No. 20-1.

NOW, THEREFORE, the Court, having read and considered the Agreement and accompanying documents, as well as the Motion for Preliminary Approval and supporting papers, *see* Dkt. No. 20, and good cause appearing therefore,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Agreement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for their consideration.

2. For purposes of settlement only, the Court conditionally certifies the Settlement Class, defined as:

    a. All persons within the United States who received a call or text message to his or her cellular telephone from Defendant during the Class Period.
    b. Excluded from the Settlement Class are (1) the trial judge presiding over the Action; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) the immediate family of any such person(s); (4) any Settlement Class Member who timely and properly opts out of the settlement; and (5) Class Counsel, their employees, and their immediate family.

3. The Court preliminarily finds, solely for purposes of considering the Agreement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure appear to be satisfied, including the requirements for numerosity, typicality, commonality, adequacy of representation, and manageability of the Settlement Class, that common issues of law and fact predominate over individualized issues, and that the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in the Actions.

4. Drazen, Bennett, and Herrick are hereby preliminarily appointed and designated as class representatives of the Settlement Class.

5. The Court preliminarily appoints the following counsel to serve as Class Counsel on behalf of Plaintiffs and the Settlement Class: McGuire Law, P.C.; JRC Legal; Bock, Hatch, Lewis, & Oppenheim, LLC; Underwood & Riemer, P.C.; Kent Law Offices; Mark K. Wasvary, P.C.; and McMorrow Law, P.C.

6. The Court preliminarily finds that the Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Federal Rule of Civil Procedure 23.

7. The Court approves the nomination of Epiq Systems, Inc. as the Settlement Administrator, to supervise and administer the Notice Program, as well as to oversee the administration of the settlement, as more fully set forth in the Agreement.

8. The Court has reviewed and approves, in form and content, the Short Form Notice, the Long Form Notice, and the Claim Form attached to the Agreement as Exhibits 1, 2, and 3, respectively, *see* Dkt. No. 20-1. The Long Form Notice shall be posted on the Settlement Website.

9. The Court finds that the Parties' plan for providing Notice to the Settlement Class Members, as described in Section IX of the Agreement, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Actions, the certification of the Settlement Class, the terms of the Agreement, and the Final Approval Hearing, and fully complies with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, such that the Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Agreement is necessary in the Actions. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes

of accuracy or formatting.

10. The Settlement Administrator may proceed with the Notice Program as set forth in the Agreement.

11. Settlement Class Members who wish to receive any benefit under the Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Short Form Notice, Long Form Notice, and Claim Form, on or before _____(approximately 120 days after entry of this order).  Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Agreement shall not be entitled to receive any benefit from the settlement.

12. Settlement Class Members shall be bound by all determinations and orders pertaining to the settlement, including the release of all claims to the extent set forth in the Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Released Parties relating to the claims released under the terms of the Agreement.

13. Any person within the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written request for exclusion from the Settlement Class. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Class Notice in written form, by U.S. Mail, postage prepaid, and postmarked, no later than _____ (approximately 75 days after entry of this order).

14. Any person in the Settlement Class who elects to be excluded shall not be entitled to

receive any of the benefits of the Agreement, shall not be bound by the release of any claims pursuant to the Agreement, and shall not be entitled to object to the Agreement or appear at the Final Approval Hearing.  Before the Final Approval Hearing, the Settlement Administrator shall provide to the Court the names of all persons who timely submitted valid requests for exclusion.

15. Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class may object to any aspect of the Agreement, including Class Counsel's application for attorneys' fees, costs, and expenses, any service award to the class representatives, and the proposed Final Approval Order. Such an objection must be submitted in writing, either personally or through an attorney, together with the supporting documentation set forth below in Paragraph 16 of this Order, to the Clerk of the Court, and served upon Class Counsel, Defendant's counsel, and the Settlement Administrator no later than _____(approximately 75 days after entry of this order). Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| Class Counsel | Defendant's Counsel |
|---|---|
| Evan M. Meyers<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601 | Paula L. Zecchini<br>COZEN O'CONNOR<br>999 Third Avenue, Suite 1900<br>Seattle, WA 98104 |
| Settlement Administrator | Clerk of Court |
| Epiq Systems, Inc.<br>P.O. Box 2730<br>Portland, OR 97208-2730 | Clerk of the Court<br>U.S. District Court Southern District of Alabama<br>155 St. Joseph Street<br>Mobile, AL 36602 |

16. Any Settlement Class Member who wishes to object to this Agreement must state, in writing: the case name and case number(s) of this Actions; your full name, current address and telephone number; the telephone number(s) at which you received a call or text message from GoDaddy between November 4, 2014 and December 31, 2016; your GoDaddy account number(s);

if represented by counsel, the name, bar number, address, and telephone number of your counsel; a signed statement, under penalty of perjury, that you received one or more phone calls or text messages from GoDaddy between November 4, 2014 and December 31, 2016, and that you are a member of the Settlement Class; a statement of all your objections to the settlement, including your legal and factual basis for each objection; a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend; the number of times in which you, your counsel, or your counsel's law firm have objected to a class action settlement within the five years preceding the date that you submit your objection, the caption of each case in which you, your counsel, or your counsel's law firm has made such objection, and a copy of any orders related to or ruling upon your, your counsel's, or your counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case; a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections, as well as any exhibits they intend to introduce at the Final Approval Hearing; and any and all agreements related to the objection or the process of objections—whether written or verbal—between you or your counsel and any other person or entity. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the settlement, to the fairness, reasonableness, or adequacy of the Agreement, to the payment of attorneys' fees, costs, and expenses, to the payment of any service award, and to the Final Approval Order and the right to appeal same.

17.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Any Settlement Class Member, or their

attorney, who wishes to appear at the Final Approval Hearing, must also deliver to Class Counsel and Defense Counsel, and file with the Court, a Notice of Intent to Appear no later than _____ (approximately 90 days after entry of this order). Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the settlement and/or Class Counsel's fee and expense application and/or the request for a service award to the class representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

18. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Agreement, the releases contained therein, and all aspects of the Final Order and Judgment.

19. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as a service award for the class representatives, no later than _____ (approximately 45 days after entry of this order).

20. All papers in support of the final approval of the proposed settlement shall be filed no later than thirty (30) before the Final Approval Hearing.

21. With the exception of such proceedings as are necessary to implement, effectuate, and

grant final approval of the terms of the Agreement, all proceedings with respect to this action are stayed and suspended, and all members of the Settlement Class are enjoined from commencing or continuing any action or proceedings in any court or tribunal asserting any claims encompassed by the Agreement.

22. A Final Approval Hearing shall be held before the Court on _____ (approximately 150 days after entry of this order), in Courtroom ____ of the U.S. District Court for the Southern District of Alabama, 155 St. Joseph Street, Mobile, Alabama, 36602 (or at such other time or location as the Court may without further notice direct) to address:

(a) whether the proposed settlement should be finally approved as fair, reasonable and adequate;

(b) whether the Final Approval Order should be entered;

(c) whether Class Counsel's application for attorneys' fees, costs and expenses should be approved;

(d) whether any application for a service award to the class representatives should be approved; and

(e) any other matters the Court deems appropriate.

23. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the Settlement Class. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Agreement and a Final Approval Order in accordance with the Agreement that adjudicates the rights of all Settlement Class Members.

24. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

25. The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Class Notice Mailed by:** | 30 days from the Date of this Order, by _____, 2020. |
| **Settlement Website launched by:** | 30 days from the Date of this Order, by _____, 2020. |
| **Fee and Expense Application:** | 45 days from the Date of this Order, by _____, 2020. |
| **Deadline for Objections/Exclusions:** | 75 days from the Date of this Order, by _____, 2020. |
| **Claims Deadline:** | 120 days from the Date of this Order, by _____, 2020. |
| **Motion in Support of Final Approval** | 30 days prior to the Final Approval Hearing, by _____, 2019. |
| **Final Approval Hearing:** | _____, 2020 at ____:_____ a.m./p.m. |

Dated:  January ____, 2020

_____
Honorable Kristi K. DuBose
United States District Judge