# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SUSAN DRAZEN, o*n behalf of herself and others similarly situated*
  Plaintiffs,

vs.

GODADDY.COM, LLC,
  Defendant.

CIVIL ACTION: 1:19-00563-KD-B

## ORDER

This matter is before the Court *sua sponte* on a review of the record.

The court has an independent duty to examine its own jurisdiction. Alabama Power Co. v. U.S. Dept. of Energy, 307 F.3d 1300, 1308 (11th Cir. 2002). See e.g., Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("federal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'") (quoting Galindo-Del Valle v. Attorney General, 213 F. 3d 594, 599 (11th Cir. 2000)). Additionally, "any analysis of class certification must begin with the issue of standing." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987).

"Article III vests the judicial power in the federal courts and extends that power to 'Cases' and 'Controversies.' U.S. Const. art. III, §§ 1-2. One tool for determining that the matters before [courts] are truly cases and controversies, as understood by Article III, is the doctrine of standing." See Salcedo v. Hanna, 936 F.3d 1162, 1172 (11th Cir. 2019) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "Standing …developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016). This "irreducible constitutional minimum" consists of three elements: 1) the plaintiff must have suffered an injury in fact; 2) that is fairly traceable to the challenged conduct

of the defendant; and 3) that is likely to be redressed by favorable judicial decision. Lujan, 504 U.S. at 559-560. These are "not mere pleading requirements but rather an indispensable part of each plaintiff's case." Id. at 561. Moreover, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue, [as is the case with the TCPA,] to a plaintiff who would not otherwise have standing." Spokeo, 136 S.Ct. at 1547-48 (citing Raines v. Byrd, 521 U.S. 811, 820, n.3 (1997)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561.

To satisfy the first constitutional element of standing – injury in fact – "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjecture or hypothetical.'" Id. at 560. Notably, the Eleventh Circuit recently held in Salcedo v. Hanna that an individual's receipt of a single text message was "not a basis for invoking the jurisdiction of the federal courts" because the plaintiff's allegations did "not state a concrete harm that meets the injury-in-fact requirement of Article III." 936 F.3d at 1172.

In Plaintiff's unopposed motion for preliminary approval of the class settlement and preliminary approval of class certification, Plaintiff proposes three named plaintiffs as class representatives: Susan Drazen (Drazen), Jason Bennett (Bennett), and John Herrick (Herrick). (Doc. 20 at 7). The Court's review of these motions indicates a mix of unsolicited text messages and phone calls from GoDaddy to these individuals for purposes of TCPA class certification and settlement. Namely, Drazen alleges she received unsolicited text messages and phone calls from GoDaddy (Doc. 1 at 2; Doc. 27 at 1). Bennett alleges he received unsolicited calls from GoDaddy (Doc. 20 at 9). Herrick alleges "he received text message advertising on his cellular telephone from GoDaddy…" (Doc. 20 at 9, 11). It is unclear from the record how many text messages Herrick

received. Moreover, the proposed class definition extends to "[a]ll persons within the United States who received a call or text message to his or her cellular phone from Defendant…" (Doc. 20 at 13). This definition purportedly includes individuals who received a single text message from GoDaddy during the relevant period.

As such, it is **ORDERED** that the parties shall file,[1] on or before **March 6, 2020**, briefs explaining how this case is distinguishable from Salcedo v. Hanna, the basis for standing and whether the proposed class includes text message only recipients.

**DONE** and **ORDERED** this the **21st** day of **February 2020**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The Court understands that this may impact the parties amended settlement class definition.