IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | Civil Action: 1:19-00563-KD-B |
| JASON BENNETT on behalf of himself and other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | Civil Action: 1:20-00094-KD-B |

**DEFENDANT GODADDY.COM, LLC'S STATEMENT IN RESPONSE TO THE
COURT'S FEBRUARY 21, 2020 ORDER**

Defendant GoDaddy.com, LLC ("GoDaddy") respectfully submits this statement in response to the Court's February 21, 2020 Order, Doc. 30, and states as follows:

On January 10, 2020, Susan Drazen, Jason Bennett, and John Herrick (collectively, "Plaintiffs"[1]) filed their Unopposed Motion & Memorandum in Support of Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). On February 21, 2020, the Court issued a *sua sponte* order requesting briefing from the Parties on the following issues: (a) whether the proposed settlement class includes text message only recipients; and (b) if so, the basis on which standing exists for these individuals in light of the decision in *Salcedo v. Hannah*, 936 F.3d 1162 (11th Cir. 2019). Doc. 30 (the "Order"), at 3. The Order acknowledged this issue could affect the Parties' proposed settlement class definition. *Id.* at 3 n.1.[2] The Parties subsequently submitted, and the Court granted, three joint requests to extend the deadline to comply with this Order. Doc. 33-38.

In order to respond to the Court's inquiry as to "whether the proposed class includes text message only recipients," Doc. 30, at 3, GoDaddy dedicated substantial time and resources, in coordination with its counsel, to determine the extent to which the approximately 100,000 individuals who received the same text message as the plaintiff in the *Herrick* Litigation also received a telephone call from GoDaddy during the proposed class period. For purposes of efficiency, this analysis also included a parallel assessment of the customer accounts implicated by the proposed settlement to (a) determine the extent

---

[1] John Herrick is not a named plaintiff in the above-captioned actions. He is the named plaintiff in a related action—*Herrick v. GoDaddy.com, LLC*, No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.) (the "*Herrick* Litigation")—that is incorporated into and resolved by the Parties' settlement.

[2] GoDaddy expects that the Parties will reach agreement on a proposed class definition and submit it to the Court no later than April 24, 2020.

to which a single individual may be associated with multiple GoDaddy accounts or multiple phone numbers contained in that individual's account(s), and properly account for that individual as a single class member[3]; and (b) ensure that the Parties had an understanding of the total number of proposed class members from which to calculate the percentage of proposed class members, if any, who only received a single text message from GoDaddy. Although Plaintiffs previously indicated that, based on the Parties' best understanding at the time, they anticipated the proposed settlement class would include approximately 2 million individuals, *see* Doc. 20 at 19, the analysis described above revealed that the proposed settlement class includes approximately 1.26 million individuals. Of this group, approximately seven percent, or 91,000 individuals, are text message only recipients.

With regard to the Court's inquiry regarding "the basis for standing" put forth by the proposed settlement class in light of *Salcedo*, *see* Doc. 30, at 3, GoDaddy understands that Plaintiffs are addressing this issue in their Unopposed Statement in Support of Plaintiffs' Unopposed Motion & Memorandum in Support of Preliminary Approval of Class Action Settlement. GoDaddy respectfully notes that a material term of the Parties' settlement agreement is that it resolves the *Herrick* Litigation, in that it provides for a

---

[3] Pursuant to the Parties' settlement, "[e]ach Settlement Class Member will be entitled to make one claim to receive either a Cash Award or Voucher Award, regardless of (a) the number of calls or text messages the Settlement Class Member received on their cellular phone from [GoDaddy], or from someone sending such messages on behalf of [GoDaddy], during the Class Period, or (b) the number of cellular phone numbers the Settlement Class Member used during the Class Period." Doc. 20-1 ¶ 48.

settlement class that includes each of the individuals who received the same text message as the plaintiff in the *Herrick* Litigation.  *See* Doc. 20-1, at ¶¶ 6-7, 11, 35, 46(a), 51.

                                                             Respectfully submitted,

Dated:  April 22, 2020                By: *s/ Paula L. Zecchini*
                                                             PAULA L. ZECCHINI
                                                             (*Admitted Pro Hac Vice*)
                                                             pzecchini@cozen.com
                                                             JEFFREY M. MONHAIT
                                                             (*Admitted Pro Hac Vice*)
                                                             jmonhait@cozen.com
                                                            **COZEN O'CONNOR**
                                                             999 Third Avenue, Suite 1900
                                                             Seattle, WA 98104
                                                             Tel:  (206) 373-7213
                                                             Fax:  (206) 455-8251

                                                             *Attorneys for Defendant GoDaddy.com, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of April, 2020, I electronically filed the foregoing using the CM/ECF system which will send the notifications to all parties below:

Earl P. Underwood, Jr.
**UNDERWOOD & RIEMER, P.C.**
21 South Section Street
Fairhope, AL 36532
Tel:  (251) 990-5558
epunderwood@alalaw.com

*Attorney for Plaintiff Susan Drazen, Jason Bennett, and John Herrick*

Evan M. Meyers
Eugene Y Turin
**MCGUIRE LAW P.C.**
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel:  (312) 893-7002, ex. 3
emeyers@mcgpc.com
eturin@mcgpc.com

*Attorney for Plaintiff Susan Drazen, Jason Bennett, and John Herrick*

John R. Cox
**JRC LEGAL**
30941 Mill Lane
Suite G-334
Spanish Fort, AL 36527
Tel: (251) 517-4753
John@jrclegal.net

*Attorney for Plaintiff Susan Drazen, John Bennett, and John Herrick*

                          *s/ Paula L. Zecchini*
                          PAULA L. ZECCHINI