# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, et al., on behalf of herself and other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GODADDY.COM, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No. 1:19-cv-00563-KD-B |
| JASON BENNETT, et al., on behalf of himself and other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GODADDY.COM, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No. 1:19-cv-00563-KD-B |

**PLAINTIFFS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION & MEMORANDUM IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Susan Drazen ("Drazen"), Jason Bennett ("Bennett"), and John Herrick ("Herrick") (collectively, "Plaintiffs"[1]), by and through their undersigned counsel, hereby submit this Statement, pursuant to the Court's February 21, 2020 Order seeking clarification regarding the

---

[1] John Herrick is not a named plaintiff in the above-captioned actions. He is the named plaintiff in a related action—*Herrick v. GoDaddy.com, LLC*, No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.)—that is incorporated into and resolved by the Parties' settlement.

Court's jurisdiction over the proposed class action settlement in this matter, which Plaintiffs submitted for preliminary approval on January 10, 2020. In further support of Plaintiffs' *Unopposed Motion & Memorandum in Support of Preliminary Approval of Class Action Settlement* (Dkt. No. 20) ("Motion for Preliminary Approval"), Plaintiffs state as follows:

On January 10, 2020, Plaintiffs filed their Motion for Preliminary Approval. (Dkt. No. 20). On February 6, 2020, the Court held a hearing on, among other matters, Plaintiffs' Motion for Preliminary Approval. (Dkt. No. 22). At the hearing, the Court requested that the Parties propose a modified definition for the settlement class that was not potentially over-inclusive.[2] On February 21, 2020, the Court entered an Order (the "February 21 Order") "*sua sponte* on a review of the record" asking the Parties to address "how this case is distinguishable from [*Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019)], the basis for standing and whether the proposed class includes text message only recipients." (Dkt. No. 30). The Court also noted that it was "unclear from the record how many text messages Herrick received." (Dkt. No. 30 at 2–3).[3]

As the Parties informed the Court in their Second Joint Motion to Extend Time to Comply with February 21, 2020 Order (Dkt. No. 35), GoDaddy has worked to gather and compare records for the customers at issue to determine whether the proposed settlement class includes individuals who received one or more text messages only, but no telephone calls. Based on that analysis, approximately ninety-three percent of the settlement class members received either voice calls or voice calls and text message calls. Thus, approximately seven percent of settlement class members potentially received just a single text message.

---

[2] Plaintiffs expect that the Parties will reach agreement on a proposed class definition and submit it to the Court no later than April 24, 2020.

[3] Plaintiffs clarify that Herrick received only a single text message.

Addressing the Court's inquiry as to the basis for standing for any settlement class members who may have received just a single text message, this case, unlike *Salcedo*, arises in the context of a proposed class action settlement. While *Salcedo* addressed individuals' standing to proceed with a *contested* individual claim under the TCPA for a single text message violation, Plaintiffs submit that neither the Supreme Court nor the Eleventh Circuit has addressed the question of whether all class members must establish Article III standing in the settlement context to ultimately receive relief.

Indeed, *following* the decision in *Salcedo*, Plaintiffs submit that numerous district courts within the Eleventh Circuit have very recently granted both preliminary and final approval of settlement classes that consist *entirely* of individuals who only received one or more text messages. *See, e.g., Hanley v. Tampa Bay Sports and Entertainment, LLC*, No. 19-cv-00550, Dkt. No. 82 (M.D. Fla. Jan 7, 2020) (preliminary approval order attached hereto as Exhibit A), *id.* Dkt. No. 93 (Apr. 7, 2020) (oral order granting final approval); *Goldschmidt v. Rack Room Shoes, Inc.*, No. 18-cv-21220, 2020 U.S. Dist. LEXIS 7781 (S.D. Fla, Jan. 16, 2020) (final approval order attached hereto as Exhibit B); *Ramos v. Hopele of Ft. Lauderdale*, No. 17-cv-62100, 2019 U.S. Dist. LEXIS 201920, at *3 (S.D. Fla. Nov. 19, 2019) (specifically stating that "the Court has subject matter jurisdiction to approve the Agreement") (final approval order attached hereto as Exhibit C); *Keim v. ADF MidAtlantic, LLC, et al.*, No 12-cv-80577, 2020 U.S. Dist. Lexis 49933, at ¶ 2 (S.D. Fla. Mar. 20, 2020) (same) (final approval order attached hereto as Exhibit D); *Sawyer v. Intermex Wire Transfer, LLC*, No. 19-cv-22212, 2020 U.S. Dist. LEXIS 49929, at ¶ 2 (S.D. Fla. Mar. 20, 2020) (same) (preliminary approval order attached hereto as Exhibit E). Further, on December 20, 2019, the Northern District of Alabama in *Swaney v. Regions Bank*, No. 13-cv-00544, Dkt. No. 194 (attached hereto as Exhibit F), granted preliminary approval of the following settlement class,

which included individuals who only received a single text message:

> All persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. . . . .

As the above decisions demonstrate,[4] Plaintiffs submit that district courts in the Eleventh Circuit have found that they have subject matter jurisdiction to preside over an agreed class action settlement even where, unlike here, the *entire* settlement class consists of text-message only recipients.[5]

Plaintiffs submit that the Third Circuit's directly on-point analysis in *In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), where the Third Circuit addressed the applicability of Article III to a putative class in the settlement context, further supports approval of the proposed settlement class. The case involved a settlement class alleging improper sales and marketing practices by the life insurer Prudential. *In re Prudential*, 148 F.3d at 290–92. The appellant argued that it was improper for the settlement class to include uninjured policyholders and that such inclusion violated Article III. *Id.* at 306. The Third Circuit held that once Article III standing "is determined vis-a-vis the named parties, there remains no further separate class standing requirement in the constitutional sense." *Id.* at 306–07 (quoting 1 William B. Rubenstein, Newberg on Class Actions § 2.05 (3d

---

[4] Plaintiffs also note that the proposed settlement class definition is limited in time to text messages that were sent before "December 31, 2016" and thus all of the text messages at issue in this suit were sent *before* the Eleventh Circuit's *Salcedo* decision was even issued.

[5] Given the decisions cited herein, Plaintiffs submit that Herrick should still be permitted to participate as a Class Representative. This is especially the case given that Herrick's case is presently on appeal in the United States Court of Appeals for the Ninth Circuit, where the receipt of a single text message can satisfy Article III standing. *See, e.g., Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *Gomez v Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.* 569 F.3d. 946 (9th Cir. 2009).

ed.1992)) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 505–06 (D.N.J.1997) and *Allee v. Medrano*, 416 U.S. 802, 828, 94 S. Ct. 2191, 40 L.Ed.2d 566 (1974)). The Court further explained that "absentee class members are not required to make a similar showing, because once the named parties have demonstrated they are properly before the court, 'the issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing.'" *In re Prudential*, 148 F.3d at 307 (alteration in original) (quoting *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 122 (3d Cir.1985), aff'd, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)). Most importantly, the Third Circuit went on to find that despite the proposed class including individuals who may not have suffered an injury, certification and, indeed, final approval of the settlement was appropriate. *Id.* at 316, 329. Plaintiffs submit that here, and unlike the factual circumstances in *Salcedo*, Bennett and Drazen have Article III standing, as they both received allegedly unauthorized voice calls from GoDaddy (*See* Dkt. No. 27, at ¶ 4; Dkt. No. 20, at 3). As the Eleventh Circuit found in *Salcedo*, such facts are sufficient to state an injury-in-fact and establish standing even in an adversarial context. *See* 936 F.3d at 1172.

Plaintiffs further submit that, in a decision rendered <u>after</u> *Salcedo*, the Eleventh Circuit itself held in *Cordoba v. DirectTV, LLC*, 942 F.3d 1259 (11th Cir. 2019), that for purposes of certifying a proposed class all that is needed is that named class representatives have Article III standing. In *Cordoba*, just like in the Third Circuit's decision in *In re Prudential*, the Eleventh Circuit explained that just because some class members might not have "Article III standing to sue [the defendant,]" this "does not mean the case is nonjusticiable because the named plaintiff . . . has standing, and all that Article III requires for the claim to be justiciable is that a named plaintiff have standing." *Cordoba*, 942 F.3d at 1264. The Court continued: "So if DIRECTV's argument depended on the proposition that all class members must prove their standing before a class could

5

be certified, that argument would be wrong. The named plaintiff has said enough in the complaint to establish injury in fact, traceability, and redressability." *Cordoba*, 942 F.3d at 1273.

Further addressing this Court's concerns, the *Cordoba* Court held that, before certifying a class, a court is <u>not</u> required to ensure that the class definition does not include any individuals who do not have standing:

> We do not hold today that a court is required to ensure that the class definition does not include any individuals who do not have standing before certifying a class. Such a rule would run the risk of promoting so-called fail-safe" classes. . . . Rather, we only hold that in this case the district court must consider under Rule 23(b)(3) before certification whether the individualized issue of standing will predominate over the common issues in the case, when it appears that a large portion of the class does not have standing, as it seems at first blush here, and making that determination for these members of the class will require individualized inquiries…. But there is a meaningful difference between a class with a few members who might not have suffered an injury traceable to the defendants and a class with potentially many more, even a majority, who do not have Article III standing.

*Id.* at 1277–78. In reaching its conclusion that the class can include some individuals who lack standing, the *Cordoba* Court considered and relied on the Seventh Circuit's decision in *Kohen v. Pacific Mgmt. Co.* LLC, 571 F.3d 672 (7th Circ. 2009). In *Kohen*, the district court certified a class over the defendant's objection that the class was overbroad because it included some individuals who had not been injured. The Seventh Circuit upheld the class certification, and the *Cordoba* Court noted the Seventh Circuit's conclusion that it is acceptable for a class to include individuals without standing, so long as the number of such individuals was relatively small:

> First, [the Seventh Circuit] accepted that for Article III purposes only one plaintiff – before class certification, the named plaintiff – must have standing for the case to be justiciable. Then, the [Seventh Circuit] pointed out that a properly defined class "will often" include uninjured class members, and that is not a problem that precludes class certification. After all, the members of the class might not be fully known, or some of the facts bearing on their claims might be unknown. Or, for instance, a class in a products liability case could be defined to include everyone who purchased a defective product, even if every single unit might not have the defect. But crucially, the Seventh Circuit recognized that "a class should not be

>   certified if it is apparent that it contains <u>a great many</u> persons who have suffered no injury at the hands of the defendant."

*Cordoba*, 942 F.3d at 1276–77 (emphasis in original).

In short, under the analysis set forth in *Cordoba*, Plaintiffs submit that the Eleventh Circuit has made it clear that a class can be certified in an adversarial context – an even higher standard than certification for settlement-only purposes, as in the instant case – even if contains class members who have not been injured and, thus, lack standing where the total number of such uninjured class members is not "a great many" or "most" in comparison to the class members who do have standing. Plaintiffs submit that this is precisely the situation before the Court here, where the vast majority of the approximately 1.26 million settlement class members have standing, since they received allegedly unauthorized voice calls on their cellular telephone, and but a few percent of individuals potentially received only a single text message. As such, under Eleventh Circuit precedent, the proposed settlement class in this case should be certified by the Court for purposes of approval of the settlement, since Plaintiffs submit that the proposed settlement is brought by named Plaintiffs who have Article III standing and there is a *de minimis* amount of class members who potentially received a single text message compromising a very small fraction of the total settlement class. Simply put, Plaintiffs submit that any Article III issues raised in *Salcedo* are inapplicable to the settlement class proposed before the Court here.

For these reasons, and because the proposed settlement class is being brought before the Court for approval pursuant to an agreed-upon settlement, Plaintiffs respectfully request that the Court grant preliminary approval of the settlement.

Dated: April 22, 2020                    Respectfully submitted,

/s/ Eugene Y. Turin
Eugene Y. Turin (*pro hac vice*)

MCGUIRE LAW, P.C.
Evan M. Meyers (*pro hac vice*)
Eugene Y. Turin (*pro hac vice*)
55 West Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
eturin@mcgpc.com

UNDERWOOD & RIEMER, P.C.
Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Tel: (251) 990-5558
Fax: (251) 990-0626
epu@urlaw.onmicrosoft.com

JRC LEGAL
John R. Cox
30941 Mill Lane, Suite G-334
Spanish Fort, AL 36527
Tel: (251) 517-4753
john@jrclegal.net

BOCK, HATCH, LEWIS & OPPENHEIM, LLC
Robert M. Hatch (*pro hac vice*)
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Tel: (312) 658-5500
service@classlawyers.com

KENT LAW OFFICES
Trinette G. Kent
3219 Camelback Rd., Ste. 588
Phoenix, AZ 85018
Tel: (480) 247-9644
tkent@kentlawpc.com

<div style="margin-left:auto">

MARK K. WASVARY, P.C.
Mark K. Wasvary
2401 West Big Beaver Road, Suite 100
Troy, MI 48084
Tel: (248) 649-5667
mark@wasvarylaw.com

MCMORROW LAW, P.C.
Michael J. McMorrow
118 North Clinton St., Suite 108
Chicago, IL 60661
Tel: (312) 265-0708
mike@mjmcmorrow.com

*Attorneys for Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I electronically filed the foregoing *Plaintiffs' Unopposed Statement In Support Of Plaintiffs' Unopposed Motion & Memorandum In Support Of Preliminary Approval Of Class Action Settlement* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

<div style="text-align:right">

/s/ Eugene Y. Turin  
Eugene Y. Turin, Esq.

</div>