# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN HANLEY, *an individual on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

TAMPA BAY SPORTS AND ENTERTAINMENT LLC, *a Delaware limited liability company*,

    Defendant.

CASE NO. 8:19-CV-00550-CEH-CPT

### ORDER CERTIFYING SETTLEMENT CLASS AND
### PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Plaintiff Bryan Hanley ("Plaintiff") and Defendant Tampa Bay Sports and Entertainment LLC ("Defendant" or "TBSE") (together, the "Parties") agreed to settle this Action pursuant to the terms and conditions set forth in an executed Class Action Settlement Agreement ("Settlement"). The Parties reached the Settlement through arm's-length negotiations after mediating with an experienced neutral mediator and continued independent negotiations thereafter. Under the Settlement, and subject to Court approval, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). [Doc. No. 78]. Upon considering the Motion, the Settlement and all exhibits to it, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this

Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's fee application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4. It is well established that "[a] class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'" *Holman v. Student Loan Xpress, Inc.*, No. 8:08-cv-305-T-23MAP, 2009 WL 4015573, at *2 (M.D. Fla. Nov. 19, 2009) (citing *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006)); *see also MRI Assocs. of St. Pete, Inc. v. Direct Gen. Ins. Co.*, No. 8:12-cv-2408-36AEP, 2015 WL 1283823, at *2 (M.D. Fla. July 13 2015) ("The conditional certification of the Settlement Class and the Class Representative is solely for purposes of effectuating the Settlement.") (Honeywell, J.). In deciding whether to provisionally certify a settlement class, a court considers the same factors as in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also MRI Assocs. of St. Pete, Inc.*, 2015 WL 1283823, at *2 (noting that Court need not address manageability issues in certification of settlement class).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> All Persons who are users of or subscribers to cell phone numbers that, after a keyword was texted to shortcode telephone number 61873, were sent at least one SMS text message in connection with the Bolts Text Club through the Phizzle text message dialing platform.

6. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Standing</u>: In the Action, the Plaintiff alleged and testified under oath that he

3

was subjected to Defendant's advertising copyright which offered him a chance to win free hockey tickets and was thereafter enrolled into a recurring marketing program whereby he received more than a dozen marketing messages that interfered with his telephone use. Accordingly, the Plaintiff has set forth allegations and evidence that he suffered harm. *See Williamceau v. Dyck–O'Neal, Inc.*, No. 2:16-cv-855-FtM-29CM, 2017 WL 2544872, at *2 (M.D. Fla. Jun. 13, 2017).

   (b)  Numerosity: In the Action, over 180,000 individuals received text messages from TBSE, and may be Settlement Class members. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable. *See Strube v. American Equity Inv v. Life Ins. Co.,* 226 F.R.D. 688, 695 (M.D. Fla. 2005).

   (c)  Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied because multiple questions of law and fact centering on Defendant's practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of Plaintiff's claims.

   (d)  Typicality: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same

4

legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

        (e)      Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because "[t]he record reveals no conflicts of interest between Plaintiff and the class members … [and] it appears that Plaintiff will adequately prosecute the action." *Gross v. Adv. Disposal Servs., Inc.*, No. 8:17-cv-1920-36TGW, 2018 WL 8415876, at *6 (M.D. Fla. Dec. 10, 2018) (Honeywell, J.). Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. *See Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-Civ-WILLIAMS/TORRES, 2019 WL 4694142, at *6 (S.D. Fla. Aug. 21, 2019) ("[W]e are convinced that the proposed class counsel – from the law firm Carey Rodriguez Milian Gonya LLP – will adequately represent the class because they have a well-documented history of complex litigation and experience in consumer class action lawsuits pursuant to the TCPA."). Moreover, the Plaintiff and Class Counsel vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

        (f)      Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single,

5

coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged TBSE practices as well as the same legal theories.

7. The Court appoints Plaintiff, Bryan Hanley, as Class Representative.

8. The Court appoints David P. Milian and Ruben Conitzer of the law firm Carey Rodriguez Milian Gonya LLP as Class Counsel.

9. The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted if the Settlement does not become Final for any reason.

## Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the

6

range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with its exhibits, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### Approval of Class Notice and the Claims Process

12. The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as **Exhibits A-D** to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a

7

service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13. Angeion Group shall serve as the Administrator. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices and claim forms substantially in the forms attached as **Exhibits A-D** to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, Email Notice, Mail Notice, and Long-Form Notice, as set forth in the Settlement and below.

14. The Administrator shall administer both the Mail and Email Notices as set forth in the Settlement within no later than 35 days of the entry of this Order. The Administrator shall also establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement within no later than 10 days after the entry of this order. The Settlement Website shall include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

15. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

Final Approval Hearing, Opt-Outs, and Objections

16. A Final Approval Hearing shall be held before this Court on **April 7, 2020 at 11:00 a.m**. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's fee application and request for a service award for the Class Representative should be granted.

17. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is 30 days before the Final Approval Hearing ("Opt-Out Deadline"), and mailed to the addresses indicated in the long form Notice attached to the Settlement as **Exhibit B**.

18. Any Settlement Class Member may object to the Settlement, Class Counsel's fee application, or the request for a service award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and TBSE's Counsel, at the addresses indicated in the long-form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than 30 days before the Final Approval Hearing, as set forth in the Notice. To be valid, an objection must include the following information: (a) the name of the Action; (b) the objector's full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel; (e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such

9

an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (g) a copy of any orders related to or ruling upon the objector's counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by them that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (h) any and all agreements that relate to the objection or the process of objecting— whether written or oral— between objector or objector's counsel and any other person or entity; (i) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (k) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (l) the objector's signature (an attorney's signature is not sufficient).

Further Papers in Support of Settlement and Attorney's Fee Application

19. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, fee application and request for a service award for Plaintiff, no later than 45 days before the Final Approval Hearing.

20. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the fee application and/or request a service award for Plaintiff no later than 10 days before the Final Approval Hearing.

Effect of Failure to Approve Settlement

21. If the Settlement is not finally approved by the Court, or for any reason the Parties

fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against TBSE or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

22. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

23. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Timeline |
|---|---|---|
| Deadline for Completion of Mailed Notice | **February 11, 2020** | 35 days after entry of the Preliminary Approval Order |
| Deadline for Email Notice | **February 11, 2020** | 35 days after entry of the |

|  |  | Preliminary Approval Order |
|---|---|---|
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a service award | **February 24, 2020** | 45 days before the Final Approval Hearing |
| Deadline for opting-out of the Settlement and for submission of Objections | **March 9, 2020** | 30 days before the Final Approval Hearing |
| Deadline for Responses to Objections | **March 23, 2020** | 15 days before the Final Approval Hearing |
| Final Approval Hearing | **April 7, 2020** | 90 days after entry of the Preliminary Approval Order |
| Last day Class Claimants may submit a Claim Form | **June 8, 2020** | 60 days after the Final Approval Hearing |

**DONE and ORDERED** in Chambers in Miami, Florida, this 7th day of January, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record.

12