# Exhibit C

 Neutral
As of: April 9, 2020 9:22 PM Z

# *Ramos v. Hopele of Fort Lauderdale*

United States District Court for the Southern District of Florida

November 19, 2019, Decided; November 20, 2019, Entered on Docket

CASE NO. 0:17-cv-62100-FAM

**Reporter**
2019 U.S. Dist. LEXIS 201920 *

KATIRIA RAMOS, individually and on behalf of all others similarly situated, Plaintiff, v. HOPELE OF FORT LAUDERDALE, LLC d/b/a PANDORA @ GALLERIA, a Florida limited liability company, and PANDORA JEWELRY, LLC, a Maryland limited liability company, Defendants.

**Prior History:** *Ramos v. Hopele of Fort Lauderdale, LLC, 2018 U.S. Dist. LEXIS 44327 (S.D. Fla., Mar. 19, 2018)*

## Core Terms

Settlement, class member, Parties, notice, costs, attorney's fees, class action, provisions, Releases, terms, purposes, awards

**Counsel:** **[*1]** For Katiria Ramos, individually and on behalf of all others similarly situated, Plaintiff: Joshua Robert Levine, LEAD ATTORNEY, Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Ft. Lauderdale, FL USA; Manuel Santiago Hiraldo, LEAD ATTORNEY, Hiraldo P.A., Fort Lauderdale, FL USA; Angelica Marie Gentile, Shamis & Gentile, P.A., Miami, FL USA; Ignacio Javier Hiraldo, IJH Law, Miami, FL USA; Jeffrey Miles Ostrow, Scott Adam Edelsberg, Kopelowitz Ostrow PA, Fort Lauderdale, FL USA.

For Hopele of Fort Lauderdale, Llc, a Florida limited liability company doing business as Pandora @ Galleria, Defendant: Ian M. Ross, LEAD ATTORNEY, Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, Miami, FL USA; Jeffrey Benjamin Pertnoy, LEAD

ATTORNEY, Akerman LLP, Miami, FL USA; Stacy Jaye Rodriguez, Akerman Senterfitt, Miami, FL USA.

For Pandora Jewelry, Llc, a Maryland limited liability company, Defendant: Hilarie Bass, LEAD ATTORNEY, Greenberg Traurig, Miami, FL USA; Ian C. Ballon, Nina D. Boyajian, LEAD ATTORNEYS, PRO HAC VICE, Greenberg Traurig LLP, Los Angeles, CA USA; Ian M. Ross, LEAD ATTORNEY, Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, Miami, FL USA; Lori Chang, PRO HAC VICE, Greenberg Traurig LLP, Los **[*2]** Angeles, CA USA.

**Judges:** HONORABLE FEDERICO A. MORENO, UNITED STATES DISTRICT JUDGE.

**Opinion by:** FEDERICO A. MORENO

## Opinion

### ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On July 10, 2019, the Court granted preliminary approval of the parties' proposed Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Katiria Ramos ("Plaintiff"), on behalf of herself and all members of the Settlement Class,[1] and Defendants Hopele Of Fort Lauderdale, LLC d/b/a

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

Pandora @ Galleria, and Pandora Jewelry, LLC ("Pandora" or "Defendants") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on November 19, 2019.

A Final Approval Hearing was held before this Court on November 19, 2019 to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted. This Court also considered: (1) whether the terms and conditions of the Settlement Agreement **[*3]** are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

The Court has considered the foregoing and is fully advised in the premises. Accordingly, the Court finds, and it is hereby **ORDERED AND ADJUDGED** as follows:

## I. JURISDICTION OF THE COURT

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other **[*4]** necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions, after this Court entered summary judgment in favor of Defendants and

while that ruling was on appeal, and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the settlement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the requirements to maintain a class action under _Fed. R. Civ. P. 23_ have been satisfied for settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff have and **[*5]** will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to _Fed. R. Civ. P. 23_, this Court hereby finally certifies the Settlement Class, as described and defined in the Settlement Agreement as follows: All persons who, from October 26, 2013 through the entry of the preliminary approval order, received a text message from (i) Hopele, and/or (ii) the Other Hopele Entities, without providing prior express written consent to those entities or Pandora. The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants, or employees of Defendants; (3) any of the Released Parties; (4) the immediate **[*6]** family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; and (6) Plaintiff's Counsel, their employees, and their immediate family.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Josh Levine of Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Scott A.

Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; and Manuel S. Hiraldo of Hiraldo P.A; as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff Katiria Ramos as the Class Representative.

## IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings regarding notice to the Settlement Class:

(a) The distribution of Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at **[*7]** the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of *Fed. R. Civ. P. 23*, the United States Constitution, the Rules of this Court, and any other applicable laws.

(b) Class Notice and the methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of *Fed. R. Civ. P. 23*, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, **[*8]** and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI. ADMINISTRATION OF THE SETTLEMENT

9. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10. The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $ 175, 000 as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action, which consists of 33 1/3% 4 of the Settlement Fund, in the manner specified in the Settlement Agreement. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court hereby awards Class Counsel attorneys' fees and costs for their time incurred and expenses advanced. The Court concludes that: (a) Class Counsel achieved a **[*9]** favorable result for the Class by obtaining Defendants' agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingency fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class **[*10]** Members to make a meaningful decision whether to object to the Class Counsel's fee request, and zero Settlement Class Member(s) objected.

2019 U.S. Dist. LEXIS 201920, *10

12. In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991)*, to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

*a. Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

*b. Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues related to whether the software and equipment used to send the messages constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings, and recovery being dependent on a successful **[*11]** outcome, which was uncertain especially in light of the fact this Court granted summary judgment to the Defendants and whether Plaintiff would prevail on appeal was highly uncertain.

*c. Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendants to deposit $525,000 in an escrow account for the Settlement Class and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See Gottlieb v. Citgo Petroleum Corp.*, No. 9:16-cv-81911, *2017 U.S. Dist. LEXIS 197382, at *7-8 (S.D. Fla. Nov. 29, 2017)* (Class Counsel is hereby awarded . . . attorneys' fees from the gross Settlement Fund, consisting of 33.33% of the Settlement Fund. This percentage accurately reflects the percentage figures of contingency fees attorneys commonly received in the Southern District of Florida and the Eleventh Circuit, and are within the range of

reasonableness discussed in *Camden I. 946 F.2d at 774-75*.").

*d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, [*12]* Inc., 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes v. AT&T Mobility Servs., Ltd. Liab. Co., No. 10-20837-Civ, 2013 U.S. Dist. LEXIS 202820, at *10 (S.D. Fla. June 21, 2013)* (collecting cases). This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

*e. This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against sophisticated and well-financed Defendants represented by top-tier counsel. *See In re Sunbeam Sec. Litig., 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).*

13. The Court awards a Service Award in the amount of $ 5,000 to Plaintiff Katiria Ramos payable pursuant to the terms of the Settlement Agreement.

## VII. RELEASE OF CLAIMS

14. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit requests for exclusion in the manner provided in the Agreement shall, by operation **[*13]** of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing,

commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of damages, fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action, the facts underlying the action, or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, **[*14]** and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section V of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly **[*15]** retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, **[*16]** intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. <u>NO ADMISSION OF LIABILITY</u>

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the **[*17]** deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

(b) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendants or any Released Party; or

(c) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. **OTHER PROVISIONS**

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary **[*18]** extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provide herein.

**DONE** and **ORDERED** in Miami, Florida, this **[*19]** 19th day of November, 2019

/s/ Federico A. Moreno

HONORABLE FEDERICO A. MORENO

UNITED STATES DISTRICT JUDGE

**End of Document**