# Exhibit E

No *Shepard's* Signal™
As of: April 9, 2020 9:20 PM Z

## *Sawyer v. Intermex Wire Transfer, LLC*

United States District Court for the Southern District of Florida

March 20, 2020, Decided; March 20, 2020, Entered on Docket

Case No. 19-cv-22212-BLOOM/Louis

**Reporter**
2020 U.S. Dist. LEXIS 49929 *

STUART SAWYER, individually and on behalf of others similarly situated, Plaintiff, v. INTERMEX WIRE TRANSFER, LLC, Defendant.

## Core Terms

Settlement, Notice, class member, Deadline, final approval, Parties, proposed settlement, Mail, terms, preliminary approval, certification, purposes, approve, texting

**Counsel:** For Stuart Sawyer, Plaintiff: Alexander H. Burke, PRO HAC VICE, Burke Law Offices, LLC, Chicago, IL; William Peerce Howard **[*1]** , The Consumer Protection Firm, PLLC, Tampa, FL.

For Intermex Wire Transfer, LLC, Defendant: Charles Martin Rosenberg, LEAD ATTORNEY, Aaron Stenzler Weiss, Carlton Fields, P.A., Miami, FL; Charles Woodward Throckmorton, V, LEAD ATTORNEY, Carlton Fields, Miami, FL.

**Judges:** BETH BLOOM, UNITED STATES DISTRICT JUDGE.

**Opinion by:** BETH BLOOM

## Opinion

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. [29] ("Motion"), filed on March 18, 2020. The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [29]**, is **GRANTED** as follows:

1. **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Parties' Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement**. The Agreement resolves all Released Claims of **[*2]** Plaintiff and the Settlement Class — i.e., any and all *TCPA* or state court analog claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory that exist as of the date of the Preliminary Approval Order, arising out of Intermex's use of the texting platform used to text Plaintiff, to text the Class Members — against the Released Persons, i.e., Intermex and each of its Affiliates, including but not

limited to, each entity's divisions, corporate parent(s), subsidiaries (whether direct or indirect), predecessors, investors, whether past or present, along with all of the officers, directors, managers, employees, agents, brokers, insurers, distributors, representatives [*3] and clients, whether past or present, of any of the foregoing entities. For the avoidance of doubt, and without limitation, the release only affects claims arising out of use of the texting platform, and does not include for example claims concerning the substance of such texts or transfers of money.

4. **Preliminary Approval of Proposed Settlement**. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this evaluation, the Court finds that giving notice of the proposed Settlement to the Settlement Class is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under *Fed. R. Civ. P. 23(e)(2)*; and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, including based on a preliminary finding that: (A) the Class Representative and Class Counsel have represented and will continue to adequately represent the Settlement Class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, [*4] and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of Class Counsel's intended request for an award of attorney's fees, including timing of payment; and (iv) the terms and provisions under the Parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other. Additionally, the Court finds that the proposed Class Notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and *Federal Rule of Civil Procedure 23*, and that the proposed notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement, and directs that Class Notice issue as set forth in the Parties' Agreement.

5. **Class Certification for Settlement Purposes Only**. Pursuant to *Rule 23 of the Federal Rules of Civil Procedure*, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All noncustomers successfully contacted by Intermex by text message, through use of the same texting platform that was used to contact Plaintiff, between May 30, 2015 and October 7, 2019. [*5]

6. **Findings as to Certification of the Settlement Class**. The Court makes the following determinations as to certification of the Settlement Class:

a. The Settlement Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the members of the Settlement Class;

c. The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

d. Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

e. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

f. The Settlement Class is ascertainable; and

g. Resolution of the Released Claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. **Designation of Class Representatives**. The Court appoints Plaintiff Stuart Sawyer as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8. **Designation of Class Counsel**. Burke Law Offices, [*6] LLC and The Consumer Protection Firm, PLLC are hereby designated as Class Counsel for the Settlement Class.

9. **Final Approval Hearing**. A hearing regarding final approval of the Settlement will be held on **September 1, 2020, at 9:00 a.m.**, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the

Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and *Federal Rule of Civil Procedure 23*; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested attorneys' fees and expenses and the proposed **[*7]** incentive award to Plaintiff.

10. **Settlement Administrator**. American Legal Claim Services, LLC ("ALCS") is hereby appointed as the Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice**.

a. The Court approves the Class Notice in the Settlement Agreement, including the Mail, Email, and Website Notices attached as Exhibits A, B, and C to the Settlement Agreement and the manner of providing Mail Notice and Email Notice to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the **[*8]** Settlement Administrator to complete all aspects of the notice plan as contemplated under the Agreement **no later than May 4, 2020** ("Notice Deadline").

b. Defendant shall comply with its obligation to give notice under the Class Action Fairness Act, *28 U.S.C. § 1715*, in connection with the proposed Settlement. No later than ten (10) calendar days before the Final Approval Hearing, counsel for Defendant shall cause to be filed with the Court a declaration stating that the notice obligations under *28 U.S.C. § 1715* have been met.

12. **Exclusion from the Settlement Class**. Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Notice Deadline.

a. To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number at which that potential Settlement Class Member was texted; (c) be personally signed by the potential Settlement Class Member requesting exclusion; **[*9]** and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement. "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

b. Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

13. **Objections and Appearances**. Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements identified herein may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his, her, or its expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, **[*10]** as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

Class Counsel

Alexander H. Burke

Burke Law Offices, LLC

909 Davis Street, Suite 500

Evanston, IL 60201

*Counsel for Plaintiff and Settlement Class*

Billy Howard

The Consumer Protection Law Firm, PLLC

4030 Henderson Boulevard

Tampa, FL 33629

<u>Defense Counsel</u>

Aaron S. Weiss

Carlton Fields, P.A.

100 S.E. Second St., Ste. 4200

Miami, FL 33131

*Counsel for Intermex*

14. **Objections**. A valid written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member received a text from Intermex during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; (d) whether the objection applies only to the objector, to a specific subset of the class, or to the entire Class; and **[*11]** (e) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

15. **Result of Failure to Object**. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16. **Procedure Relating to Objections**. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement or any aspect of it should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of **[*12]** Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include, to the extent not otherwise submitted in relation to a filed objection, the Settlement Class Member's full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing.

17. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant **[*13]** to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

a. the truth of the **[*14]** facts alleged by any person or the validity of any claim that has been or could have

been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

19. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

20. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

[Go to table1](#)

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2020.

/s/ Beth Bloom

**BETH BLOOM**

**UNITED STATES DISTRICT JUDGE**

2020 U.S. Dist. LEXIS 49929, *14

**Table1 (**_Return to related document text_**)**

| | |
|---|---|
| **May 4, 2020** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **June 3, 2020** | Deadline for filing of Plaintiff's motion for attorneys' fees and costs and incentive award |
| **August 3, 2020 [*15]** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **August 3, 2020** | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **August 5, 2020** | Deadline for Settlement Administrator to provide Class Counsel with proof of Class Notice, identifying the number of requests for exclusion, and number of claims received |
| **August 12, 2020** | Deadline to file Motion for Final Approval |
| **August 24, 2020** | Defendant shall file with the Court a declaration confirming that it has complied with its CAFA notice obligations |
| **September 1, 2020, at 9:00 a.m. ET** | Final Approval Hearing |
| | Wilkie D. Ferguson, Jr. United States Courthouse 400 North Miami Avenue Courtroom 10-2 Miami, Florida 33128 |

**Table1 (**_Return to related document text_**)**

**End of Document**