# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SUEANN SWANEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**REGIONS BANK,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO.**<br>**2:13-CV-00544-RDP** |

## PRELIMINARY APPROVAL ORDER

Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve Plaintiff's class action claims brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, and directs notice be sent to the Class, finding specifically as follows.[1]

### I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II. Rule 23 Requirements

2. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

3. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; and (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

4. The Court further preliminarily finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III. Preliminary Approval of the Settlement

5. Rule 23(e)(1)—amended in December 2018—now provides that notice should be given to the class, and hence, preliminary approval should only be granted, where the Court "will likely be able to" finally approve the settlement under Amended Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e); *see also id.* 2018 Amendment Advisory Committee Notes. Final approval is proper under the amended rule upon a finding that the settlement is "fair, reasonable, and adequate."

6.     Pursuant to the Settlement Agreement, the Defendant has agreed to pay $2,805,200 to create the Settlement Fund. Amounts awarded to Class Counsel and a Service Award to the Class Representative will be paid from the Settlement Fund. Class Members who file a valid claim pursuant to the Settlement Agreement will receive the sum of $50.00. If the funds available to pay claims in the amount of $50.00 to each class member who files a claim after such funds are reduced by the payment of the Service Award and the Fee Award are insufficient to pay claims in the amount of $50.00 each, the claims of those class members who file a claim shall be reduced and paid on a *pro rata* basis.

7.     If an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file valid claims, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis after all costs associated with the second distribution are paid from the remaining Settlement Fund. In no event shall a Class Member receive more than the maximum that he or she could have received under the TCPA for a single text message. Any funds remaining in the Settlement Fund after applicable distributions to Class Members pursuant to the terms of the Settlement Agreement will be distributed by the Settlement Administrator as directed by the Court following submissions from the parties.

8.     The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with experienced mediator, Rodney Max. The Court further observes that the Settlement Agreement

3

is the product of almost six years of litigation, including cross motions for summary judgment, supplemental briefing on those cross motions, and objections to and motions for reconsideration of, the findings resulting therefrom. *See, e.g.*, (Doc's 59, 62, 117, 121, 134, 135, 147–150, 153, 156, 160, 168). Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, and the record in this case, the Court finds that the Settlement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### IV. Class Representative and Class Counsel

9. The Court preliminarily appoints Plaintiff Sueann Swaney as the Class Representative.

10. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> John Allen Yanchunis, Sr.
> MORGAN & MORGAN COMPLEX LITIGATION GROUP
> 201 N. Franklin St., 7th Floor
> Tampa, FL 33602
> Telephone: (813) 275-5272

### V. Notice and Administration

11. The Court appoints American Legal Claim Services LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

12. The Court has carefully considered the notice program set forth in the Settlement

4

Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

13. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed **on or before January 9, 2020.** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

14. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid by Defendant separate and apart from the Settlement Fund, as provided by the Settlement Agreement.

## VI. Claims and Exclusions

15. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

16. A member of the Settlement Class wishing to file a claim or to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and **must be received no later than February 25, 2020** by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, telephone number, the name and case number of this Action, a clear and unequivocal statement that the person wishes

5

to be excluded from the Settlement Class, and the signature of such person or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

17. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

18. All Settlement Class Members who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

19. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VII.  Objections

20. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the Service Award to the Class Representative must file with the Court and submit to the Settlement Administrator a written statement that includes: his or her full name; address; the telephone number(s) that he or she maintains was texted; the personal signature of

the objecting Settlement Class Member; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of whether he or she intends to appear at the Final Approval Hearing; and a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years, and listing those cases by case name and number. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the Service Award to the Class Representative only if, **on or before February 25, 2020,** such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

21. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a Service Award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

22. Any member of the Settlement Class who does not opt-out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and

Judgment.

## VIII. Motion for an Award of Attorneys' Fees, Costs and a Service Award.

23. Any motion for a Service Award to the Class Representative as well as any motion for an award of attorneys' fees and expenses must be filed **on or before January 31, 2020**.

## IX. Final Approval Hearing

24. A Final Approval Hearing is will be held before the Court **on May 11, 2020** for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the motion for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the motion for a Service Award to the Class Representative;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

25. On or before ten (10) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

26. The Final Approval Hearing may be postponed, adjourned, transferred or

8

continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

27. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice completed by:** | **January 17, 2020** |
| **Service Award and Fee Motion:** | **January 31, 2020** |
| **Objection/Exclusion Deadline:** | **February 25, 2020** |
| **Claim Deadline:** | **April 10, 2020** |
| **Final Approval Submissions:** | **May 1, 2020** |
| **Final Approval Hearing:** | **May 11, 2020** |

28. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### X. Further Matters

29. All discovery and other pretrial proceedings and deadlines in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

30. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto,

shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

31. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**DONE** and **ORDERED** this December 20, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE