IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SUSAN DRAZEN,** o*n behalf of herself and others similarly situated*<br>      Plaintiffs,<br><br>vs.<br><br>**GODADDY.COM, LLC,**<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  **CIVIL ACTION: 1:19-00563-KD-B**<br>)<br>)<br>)<br>) |
| **JASON BENNETT,** o*n behalf of himself and others similarly situated*<br>      Plaintiffs,<br><br>vs.<br><br>**GODADDY.COM, LLC,**<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  **CIVIL ACTION: 1:19-00563-KD-B**<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the court on Plaintiff Susan Drazen's unopposed motion for preliminary approval of a proposed class action settlement and for preliminary certification of the settlement class. (Doc. 20); Defendant GoDaddy.com, LLC's responsive brief regarding standing (Doc. 39); Plaintiff Susan Drazen's brief regarding standing (Doc. 40); and Plaintiff Susan Drazen's Joint Statement Modifying the Settlement Class Definition (Doc. 41).

**I.      Background**

On January 10, 2020, Susan Drazen filed an unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 20). On February 19, 2020, this Court accepted the transfer of the Bennett Matter (Case No. 2:16-cv-3908 (D. Az. 2016) from the District of Arizona. The Court consolidated the Bennett Matter with this case, Drazen v. GoDaddy.com, LLC, Civil Action No.

19-00563-KD-B (S.D. Ala. 2019), on February 21, 2020. (Doc. 29). A third related action, Herrick v. GoDaddy.com, LLC (No. 2:16-cv-00254 (D. Ariz), *appeal pending* 18-16048 (9th Cir.)) "is incorporated into and resolved by the Parties' settlement." (Doc. 39 at 2, n.1). See also (Doc. 40 at 1, n.1). Also on February 21, 2020, the Court *sua sponte* ordered the parties to submit briefing distinguishing their case from Salcedo v. Hanna, 936 F.3d 1163 (11th Cir. 2019); the parties basis for standing; and whether the proposed settlement class included putative class members who received a single text message. (Doc. 30).

Plaintiffs[1] bring this proposed class action alleging GoDaddy.com, LLC (GoDaddy) violated the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. Specifically, Plaintiffs allege that GoDaddy violated the Act by placing calls and sending text messages to Plaintiffs' cellular telephones, marketing its products and services. Plaintiffs allege that these calls and text messages were sent using an "automatic telephone dialing system" (ATDS), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A). Further, Plaintiffs contend GoDaddy's contacts were not made for emergency purposes and were made using an autodialing system that did not require human intervention. Plaintiffs also allege that GoDaddy did not have their prior express written consent to place the calls or send the text messages.

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" "to any telephone number assigned to a paging service, cellular telephone service…" 47 U.S.C. § 227(b)(1)(A), 227(b)(1)(A)(iii).

## II.    Class Certification

---

[1] The parties refer to "Plaintiffs" throughout their filings to refer to Susan Drazen, Jason Bennett, and John Herrick collectively. (Doc. 41 at 1); (Doc. 20-1 at 2); (Doc. 20 at 7). But see (Doc. 40 at 1, n.1 (indicating John Herrick is not a named plaintiff in the case but his related case is incorporated into and resolved by the settlement)).

A. **Statement of the Law**

When the plaintiff requests class certification for purposes of a settlement-only class, the Supreme Court has explained as follows:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, ..., for the proposal is that there is to be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); Ortiz v. Fibreboard Corp., 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention… to the justifications for binding the class members.") (internal quote omitted).

In addition "'[f]or a class action to be certified, the named plaintiff must have standing, and the putative class must satisfy both the requirements of Federal Rule of Civil Procedure 23(a), and the requirements found in one of the subsections of Rule 23(b).'" Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1267 (11th Cir. 2019) (citing City of Hialeah v. Rojas, 311 F.3d 1096, 1101 (11th Cir. 2002)). The Rule 23(a) requirements for certification of any class action are: "(1) numerosity ('a class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses "are typical … of the class"'; and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." Amchem, 521 U.S. at 613; Vega, 564 F.3d at 1268 (same); Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187-88 (11th Cir. 2003) (same). The Federal Rules provide that a "class action may be maintained if Rule 23(a) is satisfied and if" the provisions of Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) are satisfied. Fed. R. Civ. P. 23(b)

3

("Types of class actions"). Thus, "[i]n addition to establishing the requirements of Rule 23(a), a plaintiff seeking class certification must also establish that the proposed class satisfies at least one of the three requirements listed in Rule 23(b)." Little v. T–Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012). And see Palm Beach Golf Ctr.-Boca, Inc. v. Sarris, 311 F.R.D. 688, 698 (S.D. Fla. 2015) (citing Little v. T-Mobile USA, Inc.); Diamond v. Hastie, 2019 WL 1994467, *4 (S.D. Ala. 2019).

> In Vega, the Eleventh Circuit explained as follows:
>
> Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied. [Valley Drug Co., 350 F.3d 1181 at 1188 n.15] (citing Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)); see Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 & n. 12, 98 S.Ct. 2454, 2458 & n. 12, 57 L.Ed.2d 351 (1978) ("[t]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' ... 'The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.' ") (emphasis and citations omitted); Huff v. N.D. Cass Co. of Ala., 485 F.2d 710, 714 (5th Cir. 1973) (en banc) ("It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether plaintiff can succeed on the merits."); [Castano v. Am. Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)), abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 128 S.Ct. 2131 (2008)] ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

Vega, 564 F.3d at 1265-66 (footnotes omitted).

Overall, the "party *seeking* class certification has the burden of proof." Brown v. Electrolux Home Products, Inc., 817 F.3d 1225, 1233 (11th Cir. 2016) (citing Valley Drug Co., 350 F.3d at 1187 (italics in original)).

**B.**     **Class Definition**

4

In the unopposed motion, Plaintiffs, on behalf of the class, seek preliminary certification of the settlement class under Rules 23(a) and 23(b)(3). (Doc. 20 at 24). In the Settlement Agreement, for purposes of the class settlement only, the parties agreed to a definition of the settlement class as follows:

> The proposed Settlement would establish a Settlement Class defined as follows:
>
> (a) All persons within the United States who received a call or text message to his or her cellular telephone from Defendant during the Class Period.
> (b) Excluded from the term "Settlement Class" are: (1) the trial judges presiding over the Actions; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) the immediate family of any such person(s); (4) any Settlement Class Member who timely and properly opts out of the settlement; and (5) Class Counsel, their employees, and their immediate family.

(Doc. 20-1 at 10). "Class Period" is defined as "the period from November 4, 2014 through December 31, 2016." (Id. at 6).

At the hearing, the Court and the parties discussed amending the definition to more narrowly define the settlement class. The parties thereafter proposed the following modified definition:

> (a) All persons within the United States to whom, from November 4, 2014 through December 31, 2016, Defendant placed a voice or text message call to their cellular telephone pursuant to an outbound campaign facilitated by the web-based software application used by 3Seventy, Inc., or the software programs and platforms that comprise the Cisco Unified Communications Manager.
>
> (b) Excluded from the term "Settlement Class" are (1) the trial judges presiding over the Actions; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) the immediate family of any such person(s); (4) any Settlement Class Member who timely and properly opts out of the settlement; and (5) Class Counsel, their employees, and their immediate family.

(Doc. 41 at 4).

Since the parties submitted a proposed modified class definition narrowing the settlement class, the parties' Settlement Agreement (Doc. 20-1) is deemed modified to include this definition of the proposed settlement class. (Doc. 20-1 at 31, "This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defense Counsel and, if the Agreement has been approved preliminarily by the Court, approved by the Court.") modified by (Doc. 41 at 4).

**C.    Standing**

"Standing to sue is a doctrine rooted in the traditional understanding of case or controversy….developed to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016). "[T]he 'irreducible constitutional minimum' consists of three elements[:]" (1) injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

"Injury in fact is a constitutional requirement, and "[i]t is settled that Congress cannot erase Article III's standing requirement by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Id. (quoting Raines v. Byrd, 521 U.S. 811, 820 (1997)). "[A]n injury in fact must be concrete[;]" it must also be particularized. Salcedo v. Hanna, 936 F.3d 1162, 1167 (11th Cir. 2019).

"For a class action to be justiciable, 'all that the law requires' is that a named plaintiff have standing. In constitutional terms, '[t]hat a suit may be a class action…adds nothing to the question of standing'; named plaintiffs 'must allege and show that they personally have been injured…'" Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1273 (11th Cir. 2019) (citing Spokeo, 136 S.Ct. at

6

1547 n.6). In the Eleventh Circuit the law is that receipt of a single text message is insufficient to establish an injury in fact necessary for Article III standing. Salcedo, 936 F.3d at 1172.

Moreover, "whether absent class members can establish standing may be exceedingly relevant to the class certification analysis required by Federal Rule of Civil Procedure 23." Cordoba, 942 F.3d at 1273. The Eleventh Circuit in Cordoba explained:

> Among the factors that we have directed district courts to consider before certifying a class are "how the class will prove causation and injury and whether those elements will be subject to class-wide proof," since "[t]he issue of liability ... includes not only the question of violation, but also the question of fact of injury." Williams, 568 F.3d at 1358 (quoting Alabama v. Blue Bird Body Co., 573 F.2d 309, 320 (5th Cir. 1978)); see also Klay, 382 F.3d at 1254 ("[W]e must take into account 'the claims, defenses, relevant facts, and applicable substantive law,' to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." (quoting Castano v. Am. Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996))); Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1235–36 (11th Cir. 2000) ("[S]erious drawbacks to the maintenance of a class action are presented where initial determinations ... turn upon highly individualized facts." (quoting McCarthy v. Kleindienst, 741 F.2d 1406, 1415 (D.C. Cir. 1984))). If many or most of the putative class members could not show that they suffered an injury fairly traceable to the defendant's misconduct, then they would not be able to recover, and that is assuredly a relevant factor that a district court must consider when deciding whether and how to certify a class.
>
> In this case, unnamed class members' standing poses a powerful problem under Rule 23(b)(3)'s predominance factor. We have said that "[c]ommon issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's ... entitlement to injunctive and monetary relief," but "common issues will not predominate over individual questions if, as a practical matter, the resolution of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues." Carriuolo v. Gen. Motors Co., 823 F.3d 977, 985 (11th Cir. 2016) (quoting Babineau v. Fed. Express Corp., 576 F.3d 1183, 1191 (11th Cir. 2009)).
>
> ***
>
> This problem will necessarily arise here because at some point before it can award any relief, the district court will have to determine whether each member of the class has standing… That is not to say that a class action cannot move forward if there are some uninjured members in the class as it is currently defined.

Cordoba, 942 F.3d at 1273-74 (footnotes omitted). "Indeed, if a class is 'overbroad'…, there is a 'compelling reason' to redefined it more narrowly." Id. at 1276 (citing Kohen v. Pacific Investment Management Co. LLC, 571 F.3d 672, 678 (7th Cir. 2009)).

As discussed *supra*, named plaintiffs 'must allege and show that they personally have been injured…'" Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1273 (11th Cir. 2019) (citing Spokeo, 136 S.Ct. at 1547 n.6). The proposed Settlement Agreement names Susan Drazen, Jason Bennett, and John Herrick as "Class Representatives." (Doc. 20-1 at 49). The Plaintiffs' motion for preliminary approval of the Class Action Settlement also requests the Court "appoint[] Plaintiffs Susan Drazen, Jason Bennett, and John Herrick as Class Representatives." (Doc. 20 at 34).[2]

Bennett and Drazen "both received allegedly unauthorized voice calls from GoDaddy." Receiving unsolicited phone calls "is enough to establish the injury prong of standing…" Cordoba, 942 F.3d at 1270; Glasser v. Hilton Grand Vacations, Co., LLC, 948 F.3d 1301, 1306 (11th Cir. 2020) (receipt of "more than one unsolicited call…is a concrete injury that meets the minimum requirements of Article III standing."). Herrick, however, "received only a single text message." (Doc. 40 at 2, n. 2). In the Eleventh Circuit the law is receipt of a single text message is insufficient to establish injury in fact needed for Article III standing. Salcedo, 936 F.3d at 1172.[3] Thus, Herrick

---

[2] In response to the Court's *sua sponte* order, GoDaddy and Plaintiffs each contend Herrick is not a named plaintiff. (Doc. 39 at 2, n.1; Doc. 40 at 1, n.1). In contradiction, throughout "Plaintiffs' Unopposed Settlement In Support of Plaintiffs' Unopposed Motion In Support of Preliminary Approval of Class Action Settlement" submit their brief on behalf of Susan Drazen (Drazen), Jason Bennett (Bennett), and John Herrick (Herrick)…" (Doc. 40), the parties refer to Herrick by name as a plaintiff in addition to naming him Class Representative.  Thus, the Court finds the parties new contention, i.e that Herrick is not a named plaintiff, to be curious and meritless.

[3] The Plaintiffs contend the "proposed settlement class definition is limited in time to test messages that were sent before "December 31, 2016 and thus…were sent *before* the Eleventh Circuit's *Salcedo* decision was even issued." (Doc. 40 at 4, n.4). Salcedo is interpreting the TCPA. This Court is bound to follow the law as it exists when judgment is entered. Plaintiffs contention otherwise is unavailing.

lacks standing to act as a representative/named plaintiff in a case brought in the Eleventh Circuit and the Court cannot certify a class that includes Herrick as a named plaintiff/representative.

However, the Court comes to a different conclusion regarding whether absent class members who only received one text may be included in the settlement. Per GoDaddy, its "analysis…revealed that the proposed settlement class includes approximately 1.26 million individuals. Of this group, approximately seven percent, or 91,000 individuals, are text message only recipients." (Doc. 39 at 3). See also (Doc. 40 at 2). The settlement class definition, as it is currently proposed, includes these approximately 91,000 individuals who received a *single* unsolicited text message from GoDaddy.

As previously explained, in the Eleventh Circuit these 91,000 individuals lack standing because receiving a single unsolicited text message is insufficient to establish an injury. Salcedo, 936 F.3d at 1172. But, there is a circuit split regarding whether receipt of a text message is sufficient to establish an injury . Compare Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (Finding one text message sufficient to establish injury); Melito v. Experian Marketing Solutions, Inc., 923 F.3d 85, 92-95 (2d Cir. 2019) (Text message receipt establishes injury, with implication only one text message receipt at issue: "Plaintiffs have moved to supplement the appendix with evidence … demonstrating that they did in fact receive **the** text messages in question.") with Salcedo, 936 F.3d at 1172 (finding one text message insufficient to establish injury).

Because this is a nationwide settlement, the class includes absent members who received only one text but would have a viable claim in their respective Circuit. So the issue is whether this Court can certify a class wide settlement that includes claims that are viable in some circuits but not in others. Instructive is the Fifth Circuit's opinion in the Deepwater Horizon case. There, the

9

Court discussed the inclusion of absent class members who may not be able to prove injury, thus lacking standing. The Court stated:

> Logically, requiring absent class members to prove their claims prior to settlement under Rule 23(e) would eliminate class settlement because there would be no need to settle a claim that was already proven. Such a rule would thwart the "overriding public interest in favor of settlement" that we have recognized "[p]articularly in class action suits." The legitimacy of class settlements is reflected not only in Rule 23(e) but also in the special regime that Congress has created to govern class settlements under 28 U.S.C. §§ 1711–15. **Through the procedural mechanism of a class settlement, defendants "are entitled to settle claims pending against them on a class-wide basis even if a court believes that those claims may be meritless**, provided that the class is properly certified under Rules 23(a) and (b) and the settlement is fair under Rule 23(e)." By entering into class-wide settlements, defendants "obtain[ ] releases from all those who might wish to assert claims, meritorious or not" and protect themselves from even those "plaintiffs with non-viable claims [who] do nonetheless commence legal action."

In re Deepwater Horizon, 739 F.3d 790, 807 (5th Cir. 2014) (footnotes and citations omitted) (emphasis added). Accordingly, even though some of the included class members would not have a viable claim in the Eleventh Circuit, they do have a viable claim in their respective Circuit. Thus, GoDaddy is entitled to settle those claims in this class action although this Court would find them meritless had they been brought individually in the Eleventh Circuit.

### D.    The Rule 23(a) Requirements

As stated previously, Rule 23(a) requires the following for class certification: 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy. Additionally, Rule 23(b)(3) requires 5) predominance and 6) superiority for certification. Achem, 521 U.S. at 613, 615. Some courts also require a proposed class be ascertainable. See Little v. T-Mobile USA Inc., 691 F.3d 1302, 1304 (11th Cir, 2012); Family Med. Pharmacy, LLC v. Impax Labratories, Inc., 2017 WL 4366740, *2 (S.D. Ala. 2017).

#### 1.    Ascertainable Class Based on Objective Criteria

"In order to establish ascertainability, the plaintiff must propose an administratively feasible method by which class members can be identified." Karhu v. Vital Pharmaceuticals, Inc., 621 Fed.Appx. 945, 947 (11th Cir. 2015); Papasan v. Dometic Corporation, 2019 WL 3317750, *5 (S.D. Ala. 2019) (citing Karhu v. Vital Pharmaceuticals, Inc.). "Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual inquiry." Bussey v. Macon County Greyhound Park, Inc., 562 Fed.Appx. 782, 787 (11th Cir. 2014).

Here, the putative 'Settlement Class Members' are readily identifiable through the "Cellular Number List and Contact Information Records." (Doc. 20 at 24). This list "contains the unique cellular phone numbers that received a call or text message from GoDaddy during the Class Period." (Id.). In addition to the Cellular Number List, the Contact Information Records provide additional information that will allow each affected individual to receive notice. The proposed class is easily identifiable through these records thus this element has been satisfied. See Family Med. Pharmacy, LLC, 2017 WL 1042079 at *4.

### 2. Numerosity

To satisfy the numerosity requirement, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class with more than forty members has been found adequately numerous. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). Compare with Jones v. Firestone Tire and Rubber Co., Inc., 977 F.2d 527, 534 (11tgh Cir. 1992) (finding fewer than twenty-one individuals generally inadequate). According to the parties, and based on the Cellular Number List, "it is likely direct notice will be sent to approximately two million individuals." (Doc. 20 at 25). "GoDaddy dedicated substantial time and resources" in response to the Court's order regarding how many putative members received a

single text message. In doing so, GoDaddy found that "[a]lthough Plaintiffs previously indicated, based on the Parties' best understanding at the time, they anticipated the proposed settlement class would include approximately 2 million individuals (Doc. 20 at 19), the analysis…revealed that the proposed settlement class includes approximately 1.26 million individuals." (Doc. 39 at 3). Even still, a class of 1.26 million individuals is sufficiently numerous. Thus, the Settlement Class is satisfies the numerosity requirement.

### 3. Commonality

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To establish commonality, the action "must involve issues that are susceptible to class-wide proof." Williams v. Mowhawk Industries, Inc., 568 F.3d 1350, 1355 (11th Cir. 2009) (citing Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001)). Also, the Plaintiff must "demonstrate that the class members 'have suffered the same injury.'" Walmart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (citation omitted). However, Rule 23(a)(2) "demands only that there be questions of law or fact common to the class. This part of the rule does not require that all the questions of law and fact raised by the dispute be common." Vega, 564 F.3d at 1268. See also Carriuolo v. General Motors Co., 823 F.3d 977, 984 (11th Cir. 2016) ("even a single common question will" satisfy the commonality requirement).

In the unopposed motion, Plaintiffs state that "the Settlement Class Members share a common statutory TCPA claim arising out of the same standardized conduct: that they allegedly received calls or text messaging that constitute telemarketing on their cellular telephones from GoDaddy, and that allegedly did not consent to receive such calls or text messaging." (Doc. 20 at 26). Moreover, the same factual and legal issues (i.e. whether texts and calls were received on cell phones, whether the calls and texts were made using ATDS, whether the class members consented

to the calls and texts) must be resolved to prove a TCPA claim. See Piazza v. Ebsco Industries, Inc., 273 F.2d 1342, 1346 (11th Cir. 2001) ("Traditionally, commonality refers to the group characteristics of the class as a whole").

Also, the class members have suffered the same injury.[4] See Family Med. Pharmacy, 2016 WL 6573981, *4 (preliminarily approving TCPA class action settlement, finding commonality satisfied, because the class members suffered the same injury); Guarisma v. ADCAHB Med. Coverages, Inc., 2015 WL 13650934, *2 (S.D. Fla. 2915) (commonality satisfied for class settlement purposes for class of "[a]ll persons to whom [the defendant] made or initiated…a telephone call marketing Florida Blue products or services from March 21, 2009 through March 2, 2015"). And see Black Tishman, P.A. v. Baptist Health South Florida, Inc., 2019 WL 3890506 ("a class-wide question of whether the subject faxes were advertisements might provide a basis for finding that the" commonality requirement is met but certification failed for other reasons). According to the Plaintiffs in the unopposed motion, the class members were injured per the TCPA when they received a text or call to their cellular phones without consenting to such contact. The alleged calls and text messages were "made in the same manner for promotional purposes" so the Settlement Class Members would be entitled to the same statutory damages if successful. (Doc. 20 at 27). Accordingly, the commonality element is satisfied.

### 4. Typicality

Rule 23(a)(3) provides that class representatives may sue on behalf of the class only if the "claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the

---

[4] The Court makes this finding with caveat that some of the class, as explained supra, could not establish an injury under Eleventh Circuit precedent.

same legal theory." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984). Accord Ault v. Walt Disney World Co., 692 F.3d 1212, 1216 (11th Cir. 2012); Williams v. Mohawk Industries, Inc., 568 F.3d 1350, 1357 (11th Cir. 2009); Generally, a "class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." Murray, 244 F.3d at 811. "[T]ypicality refers to the individual characteristics of the name plaintiff in relation to the case." Piazza, 273 F.3d at 1346. "The typicality requirement may be satisfied despite substantial factual differences… where there is a strong similarity of legal theories." Murray, 244 F.2d at 811.

In the unopposed motions, the parties agree the Plaintiffs claims are typical because: 1) plaintiffs received phone calls or text messages from GoDaddy; 2) Plaintiffs did not consent to receive either phone calls or text messages; 3) GoDaddy violated the TCPA by calling and sending these text messages. (Doc. 20 at 27). These Settlement Class Members claims are based on the same allegations. (Id.). Additionally, both the Plaintiffs and Settlement Class Members suffered violations of the TCPA and are entitled to the same statutory damages under the TCPA for their injuries. (Id). The Plaintiffs and Settlement Class Members suffered the same injuries and damages. Thus, the typicality requirement is met.

**5. Adequacy**

Rule 23(a)(4) provides that class representatives may sue on behalf of the class only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Eleventh Circuit has recognized "two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." Valley Drug Co., 350 F.3d at 1189. Moreover, the Eleventh Circuit has held that "[t]he existence of minor conflicts alone will not

defeat a party's class to class certification: the conflict must be a 'fundamental' one going to the specific issues in controversy." Id. Instead, a "fundamental conflict exists where some of the party members claim to have been harmed by the same conduct that benefited other members of the class." Id.

Plaintiffs contend they are "representative of and consistent with the interests of the proposed Settlement Class Members" because each suffered the same violation under the TCPA and are entitled to the same damages thereunder. (Doc. 20 at 28). Plaintiffs "pursuit of this matter" "demonstrates that they have been and will remain zealous advocates for the Settlement Class." (Id.). Plaintiffs do not appear to have any conflicts of interests either with the class because of the similarity of their claims based on the same or predominate issues of law and facts. Moreover, Plaintiffs have adequately prosecuted this action. They have initiated these actions, participated in mediation, and arrived at a Settlement Agreement with a settlement fund of $35,000,000 for the class members. Accordingly, the adequacy requirement is met.

In order to adequately represent the class, Plaintiffs are also required to obtain qualified counsel. "Counsel will be deemed adequate if they are shown to be qualified, adequately financed, and possess sufficient experiences in the subject matter of the class action." J.W. v. Birmingham Bd. of Educ., 2012 WL 3849032, *9 (N.D. Ala. 2012) (quoting City of St. Petersburg, et al., v. Total Containment, Inc., et al., 265 F.R.D. 630, 651 (S.D. Fla. 2008)); Muzuco v. Re$ubmitIt, LLC, 297 F.R.D. 504, 517 (S.D. Fla. 2013) (same); Navelski v. International Paper Company, 244 F.Supp.3d 1275, 1306-07 (N.D. Fla. 2017) (same). Plaintiffs assert that class counsel have extensive experience litigating class actions generally as well as in TCPA class actions specifically. Plaintiffs filed declarations in support of counsels' extensive experience. See (Doc. 20-2 (Declaration of Myles McGuire); Doc. 20-3 (Declaration of John R. Cox); Doc. 20-4

(Declaration of Earl P. Underwood); Doc. 20-5 (Declaration of Robert M. Hatch)). Counsel appear to have sufficient class action experience as well as sufficient expertise as to the TCPA to adequately represent the class members. Accordingly, the adequacy requirement is met.

E.     **Rule 23(b)(3) Requirements**

Under Rule 23(b)(3), a "class action may be maintained if Rule 23(a) is satisfied and if…the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3).

First, common questions predominate within the Settlement Class. Fed. R. Civ. Pro. 23(b)(3). As discussed previously in analyzing commonality, the factual or legal questions applicable to the class as a whole are identical—whether GoDaddy sent text messages or called class members without their consent. With this narrow scope of injury and the narrow scope of relief obtained as a result of the mediation, it is unlikely that the class members would have any interest in prosecuting individual actions.

Second, a class action is the superior to other methods for adjudicating this controversy effectively. Fed. R. Civ. Pro. 23(b)(3). A class action is a superior method if it will "achieve economies of time, effort, and expense and promote…uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results." Achem, 521 U.S. at 615. A class action would be a more efficient means of adjudicated this action due to the common issues of fact and law, the identical nature of the claims and statutory damages class members are entitled to. A district court does not need to inquire if management problems would arise during trial if the request is for settlement-only class certification. Family

16

Med. Pharmacy, 2016 WL 6573981 at *7 (citing Achem 521 U.S. at 620). Absent a class action, Settlement Class Members would likely not obtain relief through individual actions because only a small amount of statutory damages is available. "[T]he large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that [a] class action would be the superior method of adjudicating the plaintiffs' claims under TCPA." CMart, Inc. v. Metro. Lift Ins. Co., 299 F.R.D. 679, 691 (S.D. Fla. 2014) (citing Hicks v. Client Servs., Inc., 2008 WL 5479111, *10 (S.D. Fla. 2008)); Manno v. Healthcare Revenue Recovery Group, LLC, 289 F.R.D. 674, 690 (S.D. Fla. 2013) (same).

**F.     Conclusion**

For the reasons discussed *supra*, and for the purposes of settlement only, the Unopposed Motion for Preliminary Certification of the Settlement Class will be **GRANTED** if the Proposed Settlement Agreement is amended to remove Herrick as a Class Representative. (Doc. 20-1). The Parties shall file an amended Proposed Settlement Agreement **on or before May 28, 2020**.

**DONE** and **ORDERED** this the **14th** day of **May 2020**.

> /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**