# Exhibit A

## SECOND AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Second Amended Joint Stipulation of Class Action Settlement and Release (the "Agreement") is made and entered into this 26th day of May, 2020, by and among (1) Plaintiffs Jason Bennett, Susan Drazen, and John Herrick (collectively "Plaintiffs"), individually and on behalf of the settlement class defined herein ("Settlement Class"), and (2) Defendant GoDaddy.com, LLC ("Defendant"), subject to preliminary and final approval as required by Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs and Defendant are collectively referred to as the "Parties."  The Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement, and upon entry by the Court of a Final Order and Judgment, all claims of the Settlement Class against Defendant in the actions styled *Drazen v. GoDaddy.com, LLC*, Case No. 1:19-cv-00563, *Bennett v. GoDaddy.com, LLC*, formerly Case No. 2:16-cv-03908-ROS, now Case No. 1:20-cv-00094, and *Herrick v. GoDaddy.com, LLC*, D. Ariz., Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.) shall be settled and compromised upon the terms and conditions contained herein.

## I.    RECITALS

1.      Plaintiff Jason Bennett brought suit against Defendant in the United States District Court for the Southern District of Alabama, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, *inter alia*, monetary damages.  This action, styled *Bennett v. GoDaddy.com, LLC*, was transferred to the United States District Court for the District of Arizona on November 10, 2016, and designated Case No. 2:16-cv-03908.  On February 19, 2020, this action was transferred to the United States District Court for the Southern District of Alabama, and given a new case number, Case No. 1:20-cv-00094.  On February 21, 2020, this action was consolidated with *Drazen v. GoDaddy.com, LLC*, Case No. 1:19-cv-00563.

2.      Plaintiff Suzan Drazen brought suit against Defendant in the United States District Court for the Southern District of Alabama, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, *inter alia*, monetary damages.  This action is styled *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563.

3.      Plaintiff John Herrick brought suit against Defendant in the United States District Court for the District of Arizona, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, *inter alia*, monetary damages.  This action is styled *Herrick v. GoDaddy.com, LLC*, D. Ariz., Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.).

4.      Defendant denies and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever that Plaintiffs or members of the Settlement Class presently have asserted in the Actions, or may in the future assert.

5.      Following arm's length negotiations, including mediation before an experienced mediator, the Honorable Wayne R. Anderson (Ret.) of JAMS Chicago, Plaintiff Jason Bennett, Plaintiff Susan Drazen, Defendant, and their respective counsel entered into the Joint Stipulation of Class Action Settlement and Release (the "Original Agreement") in September 2019.   In entering the Original Agreement, the Parties agreed to settle the Actions in their entirety without any admission of liability, with respect to all Released Claims.

6.      In December 2019, the Parties entered into the Amended Joint Stipulation of Class Action Settlement and Release (the "Amended Agreement"), for the sole purpose of formally including Plaintiff John Herrick as a Plaintiff in the settlement of the Actions, and to include his counsel as Class Counsel for the Settlement Class.

7.     On April 27, 2020, pursuant to an order from the Honorable Kristi K. DuBose, the Parties submitted a Joint Statement in *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563, to modify the definition of the Settlement Class in the Amended Agreement.

8.     On May 14, 2020, the Honorable Kristi K. DuBose ordered the Parties to "file an amended Proposed Settlement Agreement" that "remove[d] Herrick as a Class Representative." The Parties now seek to enter into this Agreement for the sole purpose of removing Herrick as a Class Representative.  The Parties agree that, unless and until this Agreement is fully executed by the Parties and their counsel, the Amended Agreement and all of its terms shall remain in full force and effect.

9.     In entering this Agreement, the Parties agree to settle the Actions in their entirety without any admission of liability, with respect to all Released Claims.  The Parties intend this Agreement to bind Plaintiffs, Defendant, and all members of the Settlement Class who do not timely request to be excluded from the Agreement.

10.     Defendant continues to dispute its liability for the claims alleged in the Actions, and maintains that it complied, at all times, with applicable laws and regulations.  Defendant does not, by this Agreement or otherwise, admit any liability or wrongdoing of any kind.  Despite Defendant's belief that it is not liable for, and has good defenses to, the claims alleged in the Actions, Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted, or could have been asserted, in the Actions.  Neither this Agreement, nor any negotiation or act performed, or document created in relation to, the Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

11.     Plaintiffs and Class Counsel believe that the claims asserted in the Actions have merit, and have examined and considered the benefits to be obtained under the proposed resolution set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action, and any subsequent appeal.  Plaintiffs and Class Counsel fully investigated the facts and law relevant to the merits of the Action.

12.     Plaintiffs and Class Counsel concluded that the proposed resolution set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.  Plaintiffs and Class Counsel have considered that, if the claims asserted are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, would involve highly complex legal and factual issues relating to the continued maintenance of the class, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation.  In light of these factors, Plaintiffs and Class Counsel have concluded that it is desirable and in the best interests of Plaintiffs and the members of the Settlement Class to settle the claims asserted in the Actions at this time, on the terms set forth herein, and that the settlement terms confer exceptional benefits upon Settlement Class Members.

**NOW, THEREFORE**, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.     DEFINITIONS

13.     "Actions" shall mean, collectively, *Drazen v. GoDaddy.com, LLC*, S.D. Ala. Case No. 1:19-cv-00563, *Bennett v. GoDaddy.com, LLC*, S.D. Ala. Case No. Case No. 1:20-cv-00094,

and *Herrick v. GoDaddy.com, LLC*, D. Ariz., Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.).

14.     "Administrative Expenses" shall mean all reasonable costs and expenses associated with the Settlement Administrator, including but not limited to costs in providing notice (including notice under 28 U.S.C. § 1715), communicating with Settlement Class Members, and disbursing payments to the Settlement Class Members.

15.     "Agreement" shall mean this Second Amended Joint Stipulation of Settlement and Release, including each and every exhibit attached hereto.

16.     "Amended Agreement" shall mean the Amended Joint Stipulation of Class Action Settlement and Release executed by the Parties in December 2019.

17.     "Approved Claims" shall mean complete and timely claims, submitted by Settlement Class Members, that have been approved for payment by the Settlement Administrator.

18.     "CAFA Notice" shall mean the notice requirements imposed by 28 U.S.C. § 1715(b).

19.     "Cash Award" shall mean a thirty-five U.S. Dollar ($35.00) payment to a Settlement Class Member who elects to receive the Cash Award, subject to *pro rata* reduction as set forth in Paragraph 74.

20.     "Cellular Number List" shall mean the list of unique cellular phone numbers that received a call or text message from Defendant during the Class Period.

21.     "Claim" shall mean a written submission made to the Settlement Administrator by a Settlement Class Member for the purpose of participating as a Claimant in this Action.

22.     "Claimant" shall mean a Settlement Class Member who timely submits a Claim in accordance with the terms of the Agreement.

23.    "Claims Deadline" shall mean the last day that Settlement Class Members may submit a Claim to the Settlement Administrator.  The Claims Deadline shall be ninety (90) days after the date the Notice is emailed to Settlement Class Members.  The Claims Deadline will be specified in the Notice.

24.    "Class Counsel" shall mean JRC Legal, McGuire Law, P.C., Underwood & Riemer, PC, Bock, Hatch, Lewis & Oppenheim, LLC, Mark K. Wasvary, P.C., Kent Law Offices, and McMorrow Law, P.C., collectively.

25.    "Class Member ID" shall mean the unique alphanumeric number assigned to each class member, as set forth in the Notice sent to Settlement Class Members.

26.    "Class Period" shall mean the period from November 4, 2014 through December 31, 2016.

27.    "Contact Information Records" shall mean the list of names, email addresses, physical addresses, and phone numbers associated with numbers on the Cellular Number List.  The numbers on the Cellular Number List will not necessarily be coextensive with the phone numbers on the Contact Information Records.

28.    "Court" shall mean any judge with jurisdiction over the pending Actions.

29.    "Defense Counsel" shall mean Cozen O'Connor PC.

30.    "Effective Date" shall mean the fifth business day after the last of the following events have occurred:

    a.    The Court has entered without material change the Final Approval Order; and

    b.    The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the

Agreement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or *certiorari* could be taken has finally expired and relief from a failure to file same is not available.

31.     "Final Approval" shall mean the date the Court enters an order and judgment granting final approval of the Agreement and determining the amount of fees, costs, and expenses awarded to Class Counsel and the amount of a service award, if any, to Plaintiffs.

32.     "Final Approval Order" shall mean the order and final judgment that the Court enters granting final approval of the Agreement and determining the amount of fees, costs, and expenses awarded to Class Counsel and the amount of a service award, if any, to Plaintiffs.  If the Court issues separate orders addressing these matters, Final Approval Order shall be defined to include all such orders.

33.     "Notice" shall mean the notice of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Agreement. The forms of the proposed Short Form Notice, which will be sent to Settlement Class Members via email (and then via postcard for any email that is not deliverable), and Long Form Notice, which will be posted on the Settlement Website, agreed upon by Class Counsel and Defense Counsel are attached hereto respectively as Exhibits 1 and 2.

34.     "Notice Program" shall mean the methods provided for in Section IX of this Agreement for giving the Notice.

35.     "Opt-Out Deadline" shall mean the deadline by which Settlement Class Members can opt-out of the Agreement, and shall be forty-five (45) days after the date the Notice is emailed to Settlement Class Members. The Opt-Out Deadline will be specified in the Notice.

36.     "Original Agreement" shall mean the Joint Stipulation of Class Action Settlement and Release executed by Plaintiff Jason Bennett, Plaintiff Susan Drazen, Defendant, and their respective counsel in September 2019.

37.     "Preliminary Approval" shall mean the date the Court enters, without material change, an order preliminarily approving the Agreement in the form jointly agreed upon by the Parties.

38.     "Released Claims" shall mean any and all claims against Defendant whatsoever arising out of, related to, or connected with sending or placing to a cellular telephone, or causing someone to send or place, or assisting someone with placing or sending, a phone call or text message or SMS message related to Defendant without consent, including, but not limited to, claims brought under the TCPA, during the Class Period. "Released Claims" shall include all claims that were or could have been asserted in the Actions, regardless of whether such claims are known or unknown, filed or unfiled, asserted or as yet unasserted, existing or contingent.

39.     "Released Parties" shall mean, jointly and severally, and individually and collectively, Defendant and its past and present parents, predecessors, successors, affiliates, holding companies, subsidiaries, employees, agents, attorneys, board members, assigns, partners, contractors, joint venturers, or third-party agents with which it has or had contracts, and/or their affiliates.

40.     "Releasing Parties" shall mean Plaintiffs and all Settlement Class Members who do not timely and properly opt-out of the Agreement, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, representatives and all those who claim through them or on their behalf.

41.     "Settlement Administrator" shall mean the entity mutually selected and supervised by the Parties to administer the Agreement.  The Parties may, by agreement, later substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Agreement preliminarily or finally.  In the absence of agreement, either party may move the Court to substitute a different organization as Settlement Administrator upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent person or entity.

42.     "Settlement Awards" shall mean the Cash Awards and Voucher Awards.

43.     "Settlement Class" is defined in Section III of this Agreement.

44.     "Settlement Class Member" shall mean those persons or entities who are members of the Settlement Class, as set forth in the Settlement Class definition, and who do not timely and properly opt-out of the Agreement.

45.     "Settlement Costs" shall mean all costs incurred incident to the Agreement, including but not limited to (i) an award of fees, costs, and expenses to Class Counsel; (ii) any service award to Plaintiffs; and (iii) costs of administration of the Agreement, including without limitation the Administrative Expenses.

46.     "Settlement Website" shall mean a website established by the Settlement Administrator, which shall contain information about the Agreement and all Court documents related to the Agreement, as further described herein.  The URL for the website will be agreed upon, in writing, by Class Counsel and Defense Counsel.

47.     "Total Settlement Amount" shall mean the maximum amount made available by Defendant for settlement of Approved Claims and Settlement Costs, as set forth in Paragraph 50.

48.    "Voucher Award" shall mean a fully transferable credit for services available from Defendant in the amount of one hundred fifty U.S. Dollars ($150.00), subject to *pro rata* reduction as set forth in Paragraph 74, redeemable for Defendant's products and services.

## III.   THE SETTLEMENT CLASS

49.    For settlement purposes only, the Parties agree to ask the Court to certify the following "Settlement Class" under Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure:

a.    The Settlement Class consists of all persons within the United States to whom, during the Class Period, Defendant placed a voice or text message call to their cellular telephone pursuant to an outbound campaign facilitated by the web-based software application used by 3Seventy, Inc., or the software programs and platforms that comprise the Cisco Unified Communications Manager.

b.    Excluded from the Settlement Class are (1) the trial judges presiding over the Actions; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) the immediate family of any such person(s); (4) any Settlement Class Member who timely and properly opts out of the settlement; and (5) Class Counsel, their employees, and their immediate family.

## IV.   BENEFIT TO THE SETTLEMENT CLASS

50.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the releases and the dismissals of the Actions upon Final Approval, Defendant agrees to make a total of up to thirty-five million U.S. Dollars ($35,000,000.00) (the "Total Settlement Amount") available for settlement of Approved Claims and Settlement Costs.  In no event shall Defendant be obligated to pay more than the Total Settlement Amount.

51.     Settlement Awards will be made to each Settlement Class Member who submits an Approved Claim.  Payment of Settlement Awards will be made based on the criteria set forth in, and subject to the terms of, Section XII of this Agreement.  Each Settlement Class Member will be entitled to make one claim to receive either a Cash Award or Voucher Award, regardless of (a) the number of calls or text messages the Settlement Class Member received on their cellular phone from Defendant, or from someone sending such messages on behalf of Defendant, during the Class Period, or (b) the number of cellular phone numbers the Settlement Class Member used during the Class Period.

a.      <u>Amount of Cash Award</u>.  Each Settlement Class Member who submits an Approved Claim and elects to receive a Cash Award will receive a check in the amount of thirty-five U.S. Dollars ($35.00), subject to *pro rata* reduction as set forth in Paragraph 74.  Such checks will be negotiable for one hundred eighty (180) days. Checks that are not cashed within the negotiable period will not result in unclaimed property under state law.

b.      <u>Amount of Voucher Award</u>.  Each Settlement Class Member who submits an Approved Claim and elects to receive a Voucher Award will receive a voucher in the amount of one hundred fifty U.S. Dollars ($150.00), subject to *pro rata* reduction as set forth in Paragraph 74.  The Voucher Award will be redeemable online at Defendant's website (www.godaddy.com) or by contacting Defendant's Sales and Support Team at the phone number listed on Defendant's website.  The Voucher Award shall be freely transferrable, will be good on all products and services offered by Defendant, and will require no minimum purchase.  Any unused balance shall be forfeited one (1) year following the issuance of the Voucher

Award.  In no event will any unused balance constitute abandoned or unclaimed property.

## V.    SETTLEMENT OF ACTION AND ALL CLAIMS AS TO RELEASED PARTIES

52.    Final approval of this Agreement will settle and resolve with finality, on behalf of the Released Parties, the Actions, and the Released Claims and any other claims that have been brought, could have been brought, or could be brought now or at any time in the future against the Released Parties by the Releasing Parties in the Actions or any other proceeding arising out of, in any manner related to, or connected in any way with the Released Claims.

## VI.    NOTICE OF SETTLEMENT

53.    Pursuant to the Original Agreement, on September 23, 2019, Class Counsel filed a stipulated Notice of Settlement in *Bennett v. GoDaddy.com, LLC*, Case No. 2:16-cv-03908-ROS, and requested that said matter be stayed pending the entry of a Final Approval Order in *Drazen v. GoDaddy.com, LLC*, Case No 19-cv-00563.  Class Counsel subsequently filed a stipulated Notice of Settlement in *Drazen v. GoDaddy.com, LLC*, Case No 19-cv-00563 on September 30, 2019.

54.    Pursuant to the Amended Agreement, on December 17, 2019, Class Counsel and counsel for Defendant filed a Joint Motion to Stay Appellate Proceeding Pending Settlement with the appellate court in *Herrick v. GoDaddy.com, LLC*, D. Ariz., Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.), and requested that said matter be stayed pending the entry of a Final Approval Order.  The Parties, following the Effective Date in the *Drazen* action, will file a stipulated notice of dismissal with prejudice in *Bennett v. GoDaddy.com, LLC*, Case No. 1:19-cv-00094, and a stipulated motion to voluntarily dismiss the appeal in *Herrick v. GoDaddy.com, LLC*, D. Ariz., Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.).

## VII.    PRELIMINARY SETTLEMENT APPROVAL

55.     Within thirty (30) days of the execution of this Agreement by Plaintiffs, Class Counsel shall move the Court for an Order granting Preliminary Approval of this Agreement ("Preliminary Approval Order").  In advance of this deadline, Class Counsel will prepare the motion and proposed Preliminary Approval Order, and provide Defendant with reasonable notice of, and opportunity to review and comment on, both submissions.

56.     The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Defendant.  The motion for Preliminary Approval shall request that the Court: (1) approve the terms of the Agreement as fair, adequate and reasonable; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) appoint Susan Drazen and Jason Bennett as class representatives, and JRC Legal, McGuire Law, P.C., Underwood & Riemer, PC, Bock, Hatch, Lewis & Oppenheim, LLC, Mark K. Wasvary, P.C., Kent Law Offices, and McMorrow Law, P.C., collectively, as Class Counsel; (4) approve the Notice Program set forth herein and the form and content of the Notice; (5) approve the Claims process; (6) approve the procedures for Settlement Class Members to opt-out of the Settlement Class or object to the Agreement; (7) stay the Actions pending Final Approval of the Agreement; and (8) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Class Counsel and counsel for Defendant, at which the Court will (i) conduct an inquiry into the fairness of the Agreement, (ii) determine whether it was made in good faith, and (iii) determine whether to approve the Agreement and Class Counsel's application for attorneys' fees, costs and expenses and a service award to the Plaintiffs ("Final Approval Hearing").

## VIII.  SETTLEMENT ADMINISTRATOR

57.     The Settlement Administrator shall administer various aspects of the Agreement as described herein and perform such other functions as are specified elsewhere in this Agreement, including, but not limited to:

    **a.**     Obtaining from Class Counsel and Defense Counsel the Contact Information Records and Cellular Number List;

    **b.**     Determining associated email and physical addresses that might exist for any Settlement Class Member using the Contact Information Records and Cellular Number List, and verifying and updating the addresses received through the National Change of Address database;

    **c.**     Providing Notice by email (to the extent reasonably ascertainable);

    **d.**     Providing Notice by postcard (to the extent email addresses are not available or emails are undeliverable);

    **e.**     Providing Long Form Notice;

    **f.**     Providing Class Counsel and Defense Counsel with the Class Member ID and associated number on the Cellular Number List for each Settlement Class Member within five (5) days of when the Settlement Administrator begins to provide Notice;

    **g.**     Establishing and maintaining the Settlement Website;

    **h.**     Establishing and maintaining a post office box for requests to opt-out of the Settlement Class;

    **i.**     Receiving, evaluating, and processing Claims;

    **j.**     Advising Settlement Class Members if their Claims are deficient;

**k.**     Providing weekly reports about the Notice Program, and the number and identity of opt-outs (if any), to Class Counsel and Defense Counsel;

**l.**     Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with settlement-related inquiries;

**m.**     Responding to any Settlement Class Member inquiries;

**n.**     Processing all requests to opt-out of the Settlement Class;

**o.**     In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly opted out of the Settlement Class;

**p.**     Distributing Settlement Awards and Settlement Costs; and

**q.**     Providing CAFA Notice to the appropriate State and Federal officials as required by 28 U.S.C. § 1715.

58.     All Administrative Expenses shall be included in and paid from the Total Settlement Amount.  The Parties agree that the Claims Administrator will maintain detailed records of the amounts spent on the Class Notice and administration of the Agreement, and will provide that information to Class Counsel and Defense Counsel on a monthly basis.

## IX.     NOTICE TO THE SETTLEMENT CLASS

### A.     Contents of Notice

59.     Upon Preliminary Approval of the Agreement, at the direction of Class Counsel and Defendant, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: a description of the material terms of the Agreement, including instructions on how to submit a Claim; a date by which Settlement Class Members may

opt-out of the Settlement Class; a date by which Settlement Class Members may object to the Agreement; the date upon which the Final Approval Hearing is scheduled to occur; the address of the Settlement Website at which Settlement Class Members may access the form to submit a Claim, this Agreement, and other related documents and information; and a unique numerical identifier for each Settlement Class Member. Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon the dates and deadlines set by the Court in the Preliminary Approval Order.

60.     The Notice shall include a procedure for Settlement Class Members to opt-out of the Settlement Class. A Settlement Class Member may opt-out of the Settlement Class at any time prior to the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement.

61.     The Notice shall include a procedure for Settlement Class Members to object to the Agreement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a service award to Plaintiffs. Objections to the Agreement, to the application for fees, costs, expenses and/or for the service award must be mailed to the Clerk of the Court, Class Counsel, and Defendant. For an objection to be considered by the Court, the objection must be submitted no later than the Opt-Out Deadline, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope, mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., FedEx), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

62.     The Parties will include in the motion for Preliminary Approval and draft order the following recommendations to the Court for the requirements for any objection to be valid and

considered by the Court.  Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include:

**a.**     The names of the Actions;

**b.**     The objector's full name, address and telephone number;

**c.**     An explanation of the basis upon which the objector claims to be a Settlement Class Member;

**d.**     All grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel;

**e.**     The number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date the objector files the objection, the caption of each case in which the objector made such an objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

**f.**     The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Agreement or fee application;

**g.**     The identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

**h.**     A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

**i.**     The objector's signature (an attorney's signature is not sufficient).

63.     Settlement Class Members, or their attorneys, intending to make an appearance at the Final Approval Hearing, must also deliver to Class Counsel and Defense Counsel, and file with the Court, a Notice of Intent to Appear no later than fifteen (15) days after the Opt-Out Deadline. Only Settlement Class Members who file and timely serve a Notice of Intent to Appear may participate in the Final Approval Hearing.

**B.      The Notice Program**

64.     The Settlement Administrator shall implement the following Notice Program:

a.      First, the Parties will provide the Settlement Administrator with Contact Information Records for every Settlement Class Member, as well as the Cellular Number List.

b.      Second, for all Settlement Class Members with whom the Contact Information Records associate an email address, the Settlement Administrator shall send an email containing the Notice to all such email addresses.  This process shall be completed thirty (30) days after Preliminary Approval or fifteen (15) days after the Settlement Administrator receives the Contact Information Records, whichever is later.  The Parties will provide the Settlement Administrator with the Contact Information Records and Cellular Number List within fifteen (15) days after Preliminary Approval.

c.      Third, for all Settlement Class Members with whom the Contact Information Records do not associate an email address, and to the extent that any email notice sent to the Settlement Class Members identified in the prior paragraph cannot be delivered, the Settlement Administrator shall, to the extent reasonably possible, mail to the Settlement Class Member a postcard containing the Notice.

Before sending the postcard, the Settlement Administrator shall run the Settlement Class Member's address (as indicated on the Contact Information Records) through the National Change of Address Database and update the Settlement Class Member's address, if necessary. This process shall be completed no later than sixty (60) days after Preliminary Approval, or thirty (30) days after the Settlement Administrator receives the Contact Information Records and Cellular Number List, whichever is later.

d.      Fourth, in addition to the above, the Settlement Administrator shall create and maintain the Settlement Website, which will contain the Long Form Notice, the Complaint, and Motion for Fee Award and/or Motion for Final Approval (if filed concurrently, within three (3) days of filing). The Settlement Website will be active until 45 calendar days after the entry of the Final Approval Order.

e.      The Settlement Administrator shall provide Class Counsel and Defense Counsel with an affidavit that confirms that the Notice Program was completed in a timely manner. Class Counsel shall file that affidavit with the Court as an exhibit to and/or in conjunction with Plaintiff's motion for Final Approval of the Agreement.

65.      Within the parameters set forth in this Agreement, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Defense Counsel.

## X.      FINAL APPROVAL ORDER

66.      The Plaintiffs' Motion for Preliminary Approval of the Agreement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Class Counsel shall file their Motion for Final Approval of the Agreement, and application for attorneys'

fees, costs and expenses and for a service award for Plaintiffs, no later than thirty (30) days prior to the Final Approval Hearing.  At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Agreement, and on Class Counsel's application for attorneys' fees, costs, and expenses and for a service award for Plaintiffs.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Agreement or to the fee, cost, expense or service award application, provided the objectors submitted timely objections that meet all of the requirements listed in the Preliminary Approval Order and Notice.

67.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order, including whether to approve Class Counsel's request for attorneys' fees, costs, expenses, and service awards.  The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and Defense Counsel.  Such proposed Final Approval Order shall, among other things:

a.    Determine that the Agreement is fair, adequate and reasonable;

b.    Certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice satisfies due process requirements;

d.    Enter judgment dismissing the Actions with prejudice and without costs, except as set forth in this Agreement;

e.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims, including during any appeal from the Final Approval Order;

f.    Release Defendant and the Released Parties from the Released Claims; and

g.      Reserve the Court's continuing and exclusive jurisdiction over the Parties

to this Agreement for the purpose of administering, supervising, construing and

enforcing this Agreement in accordance with its terms.

## XI.   CLAIMS PROCESS

68.      Each member of the Settlement Class who does not timely opt-out from the

Agreement shall be a Settlement Class Member and entitled to make a Claim.  To make a Claim,

Settlement Class Members must submit by the Claims Deadline a valid and timely Claim form, a

copy of which is attached hereto as Exhibit 3, which will be accessible through the Settlement

Website.  The Claim form shall contain the Settlement Class Member's: (1) name; (2) current

address; (3) cellular telephone number(s) at which the individual received a call or text from

Defendant; (4) a current contact telephone number; (5) a statement identifying whether each

cellular telephone number at which the individual received a call or text from Defendant was a

residential or business line; (6) a statement identifying whether the claimant was the primary user

of each phone number that received a call or text message; (7) the unique numerical identifier

included on the Notice; and (8) a signed verification swearing to the truth of the information

provided under penalty of perjury.

69.      A Claim that does not meet the requirements set forth in this Agreement and in the

Claim instructions shall be rejected. Where a good faith basis exists, the Settlement Administrator

may reject a Settlement Class Member's Claim for, among other reasons, the following:

a.      Failure to fully complete and/or sign the Claim;

b.      The cellular telephone number provided in the Claim does not match any number

on the Cellular Number List;

21

c.      The unique numerical identifier listed on the Claim does not match the number that was provided with the notice;

d.      The Claim is illegible;

e.      The person submitting the Claim is not a Settlement Class Member;

f.      The Claim is fraudulent;

g.      The Claim is duplicative of another Claim;

h.      The person submitting the Claim requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim is submitted;

i.      Failure to submit a Claim by the Claims Deadline; and/or

j.      The Claim otherwise does not meet the requirements of this Agreement.

70.    After rejecting a Claim, the Settlement Administrator will attempt to notify the Settlement Class Member that his or her Claim was rejected, and state the reasons the Claim was rejected. Any Settlement Class Member who submits an incomplete, inaccurate or otherwise deficient Claim shall be permitted to re-submit the Claim by the later of the Claims Deadline or fifteen (15) days after the Settlement Administrator first attempts to notify the Settlement Class Member of the rejection of the Claim.

71.    Class Counsel and Defense Counsel shall have the right to inspect each Claim and the supporting documentation received by the Settlement Administrator at any time upon reasonable notice.  In addition, the Settlement Administrator shall provide periodic updates to Class Counsel and Defense Counsel regarding Claim submissions beginning within seven (7) business days after the commencement of the Notice Program, continuing on a monthly basis thereafter.

72.     No person shall have any claim against Defendant, Defense Counsel, Plaintiffs, Class Counsel, the Settlement Class, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Agreement.

73.     Any Settlement Class Member who fails to submit a Claim by the Claims Deadline, and who does not opt-out of the Agreement, shall be forever barred from receiving any benefit pursuant to this Agreement, but shall in all other respects be bound by all of the terms of this Agreement including the terms of the Final Approval Order to be entered in the Actions and the releases provided for herein, and will be barred from bringing any action in any forum (state, federal, or arbitral) against any of the Released Parties concerning any of the Released Claims.

## XII.   DISTRIBUTION OF SETTLEMENT AWARD

74.     All Approved Claims shall receive payment of the Settlement Award.  To the extent that the total dollar amount of the Approved Claims, plus the Settlement Costs as those are determined and defined herein, exceeds the Total Settlement Amount, each individual Settlement Award will be reduced on a *pro rata* basis in order to prevent such an occurrence.  In making any *pro rata* reduction, the Settlement Administrator will attempt to adjust the Cash Award and the Voucher Award in the amounts necessary to maintain an equal ratio between the Cash Award and Voucher Award values.

75.     No more than 14 days after the Effective Date, the Settlement Administrator will calculate the total of all Approved Claims, adjusted *pro rata* as necessary, and Settlement Costs, and inform the Parties of the resulting amount.  Within thirty (30) days thereafter, Defendant will deposit an amount equal to (a) the value of all Approved Claims electing a Cash Award, and (b) the Settlement Costs, in an account to be maintained and distributed by the Settlement Administrator (the "Settlement Account").   Defendant will also provide the Settlement

Administrator with the requisite number of vouchers containing redemption codes to satisfy the number of Approved Claims electing a Voucher Award.

76.     The Settlement Administrator shall distribute the Settlement Account in the following manner:

**a.**     Within fourteen (14) days after funds are deposited into the Settlement Account, the Settlement Administrator shall distribute the approved service award, if any, as set forth in the Final Approval Order, to Plaintiffs;

**b.**     Within fourteen (14) days after funds are deposited into the Settlement Account, the Settlement Administrator shall distribute the approved fees, costs, and expenses, as set forth in the Final Approval Order, to Class Counsel;

**c.**     Within one hundred twenty (120) days after funds are deposited into the Settlement Account and vouchers containing redemption codes are provided by Defendant, the Settlement Administrator shall distribute Settlement Awards via U.S. mail to the addresses associated with the Approved Claims in the form of either (a) checks made payable to the Settlement Class Members or (b) vouchers containing a redemption code, as applicable.  If any Settlement Award payments or vouchers are returned as undeliverable, the Settlement Administrator shall attempt to verify the accuracy of the mailing address for that Settlement Class Member against the information provided in the Claim, and attempt a second mailing if appropriate.  No further efforts need be taken by the Settlement Administrator to resend the check or voucher.

**d.**     Any checks that are not deposited and cleared within one hundred eighty (180) days, and any vouchers that are returned to the Settlement Administrator,

shall be null and void and the associated Settlement Class Member will become ineligible to receive a Settlement Award.  Defendant shall have no further obligation to make any payment pursuant to this Agreement or otherwise to any such Settlement Class Member.  All unpaid funds from uncleared checks and all returned vouchers shall be returned to Defendant, and Defendant shall have no obligation to pay any further amount.

## XIII.   ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

77.    Class Counsel will request attorneys' fees of no more than thirty percent (30%) of the Total Settlement Amount plus reimbursement of reasonable, documented litigation costs and expenses.  Defendant agrees not to oppose a request that satisfies these requirements.  The amount of fees, costs and expenses awarded to Class Counsel will be at the discretion of the Court.  The Parties agree that the Court's failure to approve, in whole or in part, any award for fees or cost and expenses shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

78.    Class Counsel will ask the Court to approve a service award in the amount of five thousand dollars ($5,000.00) for each Plaintiff.  Defendant agrees not to oppose this request.  The amount of any service award to Plaintiffs will be at the discretion of the Court.  The Parties agree that the Court's failure to approve, in whole or in part, any service award shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

## XIV.   RELEASE AND COVENANT NOT TO SUE

79.    Upon the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant and the Released Parties from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs,

attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Actions, or the conduct, omissions, duties or matters at any time from the beginning of the Class Period through the end of the Class Period that were or could have been claimed, raised, or alleged in the Actions.

80.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

81.     Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or any wrongdoing or liability on the part of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission on the part of any of the Released Parties, in the Actions, or in any proceeding in any court, administrative agency or other tribunal.

82.     In addition, with respect to the subject matter of this Actions, by operation of the entry of the Final Approval Order, Plaintiffs and each Settlement Class Member, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to

the releases of unknown claims, including, without limitation, Section 1542 of the California Civil Code, which provides:

> A General Release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

By operation of the entry of the Final Approval Order, Plaintiffs and each Settlement Class Member, shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, and any and all principles of common law that are similar, comparable, or equivalent in substance or intent to Section 1542 of the California Civil Code.

83. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.

## XV.    TERMINATION

84. This Agreement may be terminated by either Class Counsel or Defendant by serving on counsel for the opposing party written notice of termination within fourteen (14) days (or such longer time as may be agreed in writing between Class Counsel and Defendant) after any of the following occurrences:

> a.    The Court fails to preliminarily approve the Agreement on any ground other than the approval of the attorneys' fees, costs, and expenses payable to Class Counsel or a service award to Plaintiffs;

b.      The Court fails to enter the Final Approval Order on any ground other than the approval of the attorneys' fees, costs, and expenses payable to Class Counsel or a service award to Plaintiffs;

c.      The Court rejects, materially modifies, materially amends or changes the Agreement on any basis other than the approval of the attorneys' fees, costs, and expenses payable to Class Counsel or a service award to Plaintiffs; an appellate Court vacates or reverses the Final Approval Order on any basis other than the approval of the attorney's fees, costs, and expenses payable to Class Counsel or a service award to Plaintiffs;

d.      The Effective Date does not occur; or

e.      More than one thousand five hundred (1500) Settlement Class Members opt-out of the Agreement.

85.     The Parties expressly agree that the denial of a request to stay any proceedings impacted by this Agreement, including, but not limited to, the Actions, shall not be grounds for termination of the Agreement.

86.     In the event of a termination, this Agreement shall be considered null and void, and all of Plaintiffs', Class Counsel's, and Defendant's obligations under the Agreement shall cease to be of any force and effect. In the event of such a termination, all of the Parties' respective pre-Agreement rights, claims and defenses will be retained and preserved, and the Parties shall return to the status *quo ante* in the Actions as if the Parties had not entered into this Agreement.

## XVI.  WAIVER OF APPEALS

87.     The Parties agree to waive all appeals from the Final Approval Order, unless the Court materially modifies the Agreement, including but not limited to any modification of the

Total Settlement Amount; provided, however, that Plaintiffs may appeal, solely at their own expense, any reduction in the amount requested of attorneys' fees, costs, and expenses to Class Counsel or a service award to Plaintiffs.  Any reduction in the amount requested of attorneys' fees, costs, and expenses to Class Counsel or a service award to Plaintiffs will not, however, constitute a material modification of the Agreement, and will not be grounds to void the Agreement.

## XVII.  COMMUNICATIONS BY CLASS COUNSEL

88.    Class Counsel agrees that they will not take steps to publicize the Agreement, issue any press releases, or initiate any contact with the media or any verdict/settlement publicist or database about this case and/or the fact, amount, or terms of the Agreement.  Class Counsel also agrees not to post the terms of the Agreement on their respective firm websites or any social media site.  If Class Counsel receives an inquiry about the Agreement from the media, they may respond only that the matter has been resolved.  Notwithstanding the foregoing, when contacted by Settlement Class Members regarding the Agreement, Class Counsel may explain to such Settlement Class Members that the Actions have been settled, and how to obtain settlement benefits.  Additionally, notwithstanding the foregoing, Class Counsel may include this Agreement in any court filings in the future.  This Section shall not be construed to limit or impede the notice requirements of Section IX herein, nor shall this Section be construed to prevent Class Counsel from notifying or explaining to potential Settlement Class Members or others that this case has settled, the merits of such settlement and how to obtain settlement benefits.

## XVIII. MISCELLANEOUS PROVISIONS

89.    Recitals. The Parties agree that the recitals are contractual in nature and form a material part of this Agreement.

90.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

91.    <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek court approval, uphold court approval, and do all things reasonably necessary to complete and effectuate this Agreement.  This obligation of the Parties to support and complete the Agreement shall remain in full force and effect regardless of events that may occur.

92.    <u>Dispute Resolution and Obligation to Meet and Confer</u>.  Any dispute between the Parties concerning the interpretation or implementation of this Agreement will be resolved by the Court.  Prior to bringing any such dispute to the Court, counsel for the Parties will confer in good faith to resolve the dispute.  If the parties are unable to resolve the dispute themselves, the dispute will be submitted to Hon. Wayne R. Anderson (Ret.) of JAMS Chicago for mediation before being submitted to the Court, unless the Parties agree otherwise.

93.    <u>Amended Agreement Unaffected Until Execution</u>.  The Parties agree that, unless and until this Agreement is fully executed by the Parties and their counsel, the Amended Agreement and all of its terms shall remain in full force and effect.

94.    <u>Integration</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

95.    <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

96. <u>Exhibits</u>.  Any exhibits to this Agreement are hereby incorporated herein and made a part of this Agreement.

97. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Arizona, without regard to the principles thereof regarding choice of law.

98. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.

99. <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defense Counsel and, if the Agreement has been approved preliminarily by the Court, approved by the Court.

100. <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

101. <u>No Prior Assignments</u>.  The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Agreement.

102. <u>Rights of Released Parties</u>.  Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties,

Released Parties, and Settlement Class Members any right or remedy under or by reason of this Agreement. Each of the Released Parties is an intended third party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in their favor against all Releasing Parties.

103. <u>Authority</u>. Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defense Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

104. <u>Agreement Mutually Prepared</u>. Neither Defendant nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

105. <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with these Actions; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Actions as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with these Actions pursuant to the terms of this Agreement and thus, in furtherance of their intention, the Agreement shall remain in full force and effect notwithstanding

the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in fact or law, subsequently occurring or otherwise.

106. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement, received independent legal advice with respect to the advisability of entering into this Agreement and the legal effects of this Agreement, and fully understands the effect of this Agreement.

107. <u>Return of Documents</u>. The Parties will return or destroy all copies of discovery and settlement/mediation materials obtained in this litigation from Defendant or third parties within thirty (30) days of the Effective Date.

108. <u>Days</u>. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified.

109. <u>Stay Pending Court Approval</u>. Class Counsel and Defense Counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of the Agreement, until the Effective Date. If, despite the Parties' best efforts, this Agreement shall fail to become effective, the parties will return to the status *quo ante* of these Actions as if the Parties had not entered into this Agreement. Class Counsel further agree to use their best efforts to seek the stay or dismissal of any proceeding other than the Actions, whether currently pending or hereafter filed, that alleges a TCPA violation resolved by this Agreement, whether brought by a plaintiff and/or on behalf of a person or entity who would be a Settlement Class Member, and to oppose entry of any interim or final relief in favor of, any Settlement Class Member in any other proceedings against Defendant which challenges the Agreement.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Joint Stipulation of Settlement and Release as of the date set forth below.

**GoDaddy.com, LLC**

_Nima Kelly_
DS: 0A94934D6EC574B2...
_____
(Signature)

Nima Kelly
_____
(Print Name)

Chief Legal Officer, EVP, Corporate Secretary, Corporate
_____
(Title)

27-May-2020
_____
(Date)

**Jason Bennett**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**John Herrick**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**Susan Drazen**

_____
(Signature)

_____
(Print Name)

_____
(Date)

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Joint Stipulation of Settlement and Release as of the date set forth below.

**GoDaddy.com, LLC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**John Herrick**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**Jason Bennett**

_*Jason Bennett*_____
(Signature)

___Jason Bennett_____
(Print Name)

___May 27, 2020_____
(Date)

**Susan Drazen**

_____
(Signature)

_____
(Print Name)

_____
(Date)

34

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Joint Stipulation of Settlement and Release as of the date set forth below.

**GoDaddy.com, LLC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**John Herrick**

_____
(Signature)

John Herrick
_____
(Print Name)

5-27-20
_____
(Date)

**Jason Bennett**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**Susan Drazen**

_____
(Signature)

_____
(Print Name)

_____
(Date)

34

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Joint Stipulation of Settlement and Release as of the date set forth below.

**GoDaddy.com, LLC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**John Herrick**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**Jason Bennett**

_____
(Signature)

_____
(Print Name)

_____
(Date)

**Susan Drazen**

DocuSigned by:

_____
CA9EDA837A644AA...
(Signature)

Susan drazen
_____
(Print Name)

5/27/2020
_____
(Date)

34

**AGREED AND CONSENTED TO**:

JRC LEGAL
*Class Counsel*


By: *John R. Cox*
_____
John R. Cox


MCGUIRE LAW, P.C.
*Class Counsel*


By: _____
     Eugene Y. Turin


UNDERWOOD & REIMER, PC
*Class Counsel*


By: _____
     Earl P. Underwood


BOCK, HATCH, LEWIS & OPPENHEIM, LLC
*Class Counsel*


By: _____
     Phillip Bock


MARK K. WASVARY, P.C.
*Class Counsel*


By: _____
     Mark Wasvary

**AGREED AND CONSENTED TO**:

JRC LEGAL
*Class Counsel*


By: _____
         John R. Cox


MCGUIRE LAW, P.C.
*Class Counsel*


By: _____
         Eugene Y. Turin


UNDERWOOD & REIMER, PC
*Class Counsel*


By: _____
         Earl P. Underwood


BOCK, HATCH, LEWIS & OPPENHEIM, LLC
*Class Counsel*


By: _____
         Phillip Bock


MARK K. WASVARY, P.C.
*Class Counsel*


By: _____
         Mark Wasvary

**AGREED AND CONSENTED TO**:

JRC LEGAL
*Class Counsel*


By: _____
      John R. Cox


MCGUIRE LAW, P.C.
*Class Counsel*


By: _____
      Eugene Y. Turin


UNDERWOOD & REIMER, PC
*Class Counsel*

By: _____
      Earl P. Underwood


BOCK, HATCH, LEWIS & OPPENHEIM, LLC
*Class Counsel*


By: _____
      Phillip Bock


MARK K. WASVARY, P.C.
*Class Counsel*


By: _____
      Mark Wasvary


35

**AGREED AND CONSENTED TO**:

JRC LEGAL
*Class Counsel*

By: _____
     John R. Cox

MCGUIRE LAW, P.C.
*Class Counsel*

By: _____
     Eugene Y. Turin

UNDERWOOD & REIMER, PC
*Class Counsel*

By: _____
     Earl P. Underwood

BOCK, HATCH, LEWIS & OPPENHEIM, LLC
*Class Counsel*

By: _____
     Phillip Bock

MARK K. WASVARY, P.C.
*Class Counsel*

By: _____
     Mark Wasvary

35

KENT LAW OFFICES
*Class Counsel*


By: _____
         Trinette Kent


MCMORROW LAW, P.C.
*Class Counsel*


By: _____
         Michael McMorrow


COZEN O'CONNOR, P.C.
*Counsel for GoDaddy.com, LLC*


By: _____
         Paula L. Zecchini

KENT LAW OFFICES
*Class Counsel*

By: _____
    Trinette Kent

MCMORROW LAW, P.C.
*Class Counsel*

By: _____
    Michael McMorrow

COZEN O'CONNOR, P.C.
*Counsel for GoDaddy.com, LLC*

By: _____
    Paula L. Zecchini

36

KENT LAW OFFICES
*Class Counsel*


By: _____
       Trinette Kent


MCMORROW LAW, P.C.
*Class Counsel*

By: _____
       Michael McMorrow


COZEN O'CONNOR, P.C.
*Counsel for GoDaddy.com, LLC*


By: _____
       Paula L. Zecchini

# EXHIBIT 1

<u>PROPOSED SHORT FORM NOTICE</u>

**IF YOU RECEIVED A TEXT MESSAGE OR PHONE CALL FROM GODADDY BETWEEN NOVEMBER 4, 2014 AND DECEMBER 31, 2016 ON YOUR CELLULAR TELEPHONE, YOU MAY BE ELIGIBLE TO RECEIVE A MERCHANDISE CREDIT OR PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this Notice.  You are not being sued.  This is not a solicitation from a lawyer.*

***PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION***

This notice concerns a proposed Settlement to resolve claims in the lawsuits *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563 (S.D. Ala.), *Bennett v. GoDaddy.com, LLC*, Case No. 1:20-cv-00094 (S.D. Ala.), and *Herrick v. GoDaddy.com, LLC*, Case No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.).[1] Plaintiffs Susan Drazen, Jason Bennett, and John Herrick ("Plaintiffs") allege that Defendant GoDaddy.com, LLC ("GoDaddy") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing phone calls and sending text messages to cellular telephone numbers without the recipients' consent. GoDaddy denies the allegations in the lawsuits, and the Court has not decided who is right.

### Am I a Member of the Settlement Class?

You are receiving this notice because GoDaddy's records indicate that you might be a Settlement Class Member.  You're a member of the settlement class if, at any time between November 4, 2014 and December 31, 2016, GoDaddy placed a voice or text message call to your cellular telephone pursuant to an outbound campaign facilitated by the web-based software application used by 3Seventy, Inc., or the software programs and platforms that comprise the Cisco Unified Communications Manager.

### What Can I Get From the Proposed Settlement?

GoDaddy has agreed to make up to $35,000,000 available to pay individuals who submit valid claim forms, settlement administration costs, attorney's fees, a service award to the Plaintiffs, and costs and expenses of the litigation.  Subject to the qualification set forth at the end of this paragraph, each Settlement Class Member who submits a valid Claim Form will be entitled to receive their choice of either a Voucher Award (a $150 merchandise credit voucher that can be used for any products and services made available by GoDaddy) or a Cash Award ($35, in the form of a check mailed to you).  The Voucher Award is freely transferrable, is good on all merchandise (including sale, discount, or promotional pricing), and requires no minimum purchase.  There is a limit of one Claim per Settlement Class Member, and each Settlement Class Member may receive only one Voucher Award or one Cash Award.  Upon receipt of a valid Claim Form, the Settlement Administrator will determine whether you are eligible to receive an Award.  Depending on how many valid Claim Forms are submitted, it is possible that each Settlement Class Member's Award will be reduced on a pro-rata basis to cover settlement administration costs, attorney's fees, a service award to the Plaintiffs, and the costs and expenses of the litigation.

To receive either the Voucher Award or the Cash Award, you must submit a Claim Form online at [URL], or print the Claim Form and mail it to the Settlement Administrator at the address provided on the Claim Form.  A Claim Form must be postmarked or submitted online by [DATE].

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

**What Are My Options?**

If you do not want to be legally bound by the settlement, you must exclude yourself by **[date]**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the settlement website [URL]. You may object to the settlement by **[date]**. The Long Form Notice available on the website explains how to exclude yourself or object. The Court will hold a hearing on [DATE] at [TIME] in Courtroom [NO.] of the U.S. District Court for the [COURT], [ADDRESS], to consider whether to approve the Settlement, a request by Class Counsel for attorney's fees of up to 30% of $35,000,000, costs for their work in the case, and an incentive award payment in an amount up to $5,000 for each of the Plaintiffs. The Motion for these fees and expenses will be posted on the Settlement Website when it is filed with the Court. The Court will decide the amount of fees and expenses to award. You may appear at the hearing, subject to the requirements set by the Court, either yourself or through an attorney hired by you, but you are not required to do so. For more information, call [number] or visit the website.

# Exhibit 2

<u>**PROPOSED LONG FORM NOTICE**</u>

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>

*Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563

(U.S. District Court for the Southern District of Alabama)

*Bennett v. GoDaddy.com, LLC*, Case No. 20-cv-00094

(U.S. District Court for the Southern District of Alabama)

*Herrick v. GoDaddy.com, LLC*, Case No. 2:16-cv-00254, *appeal pending* 18-16048 (9th Cir.)

(U.S. District Court for the District of Arizona)

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU RECEIVED A PHONE CALL OR TEXT MESSAGE ON YOUR CELLULAR TELEPHONE FROM GODADDY BETWEEN NOVEMBER 4, 2014 AND DECEMBER 31, 2016, YOU MAY BE ENTITLED TO A MERCHANDISE CREDIT OR PAYMENT FROM A CLASS ACTION SETTLEMENT. THIS NOTICE EXPLAINS YOUR RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM.**

*A federal court authorized this Notice.  You are not being sued.  This is not a solicitation from a lawyer.*

***PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION***

This notice concerns the proposed Settlement to resolve claims in the lawsuits *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563 (S.D. Ala.), *Bennett v. GoDaddy.com, LLC*, Case No. 20-cv-00094 (S.D. Ala.), and *Herrick v. GoDaddy.com, LLC*, Case No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.).[*]

Plaintiffs Susan Drazen, Jason Bennett, and John Herrick ("Plaintiffs") allege that Defendant GoDaddy.com, LLC ("GoDaddy") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing phone calls and sending text messages to cellular telephone numbers without the recipients' consent.

GoDaddy denies Plaintiffs' allegations, denies any wrongdoing whatsoever, and has not conceded the truth or validity of any of the claims against it.  By entering into this Settlement, the parties seek to avoid the risks and costs associated with further litigation.  The Court has not decided who is right.

The Settlement offers payments (in the form of either a merchandise voucher or cash) to Settlement Class Members who submit valid Claims.

---

[*] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement (the "Agreement"), a copy of which may be found online at the Settlement Website below.

Your legal rights are affected regardless of whether you act.  Read this Notice carefully.

## WHY DID I GET THIS NOTICE?

This is a court-authorized notice of a proposed settlement in class action lawsuits known as *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563 (S.D. Ala.), *Bennett v. GoDaddy.com, LLC*, Case No. 20-cv-00094 (S.D. Ala.), and *Herrick v. GoDaddy.com, LLC*, Case No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.). The settlement would resolve lawsuits brought on behalf of persons who allege that GoDaddy.com, LLC ("GoDaddy") placed calls and sent text messages to cellular telephone numbers without the recipients' consent. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the members of the Settlement Class. Please read the instructions and explanations below so that you can better understand your legal rights.

The Honorable Kristi K. DuBose, U.S. District Court for the Southern District of Alabama is overseeing this settlement.

## WHAT IS THIS LAWSUIT ABOUT?

The lawsuits allege that GoDaddy placed calls and sent text messages to cellular telephone numbers without the recipients' consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. GoDaddy denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the Actions, and GoDaddy denies that the claims in the Actions would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiffs' Complaints, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at [URL].  The Settlement resolves the Actions.  The Court has not decided who is right.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which one or more persons called a "Class Representative" sues on behalf of people who have similar claims. All of these people together are a "Settlement Class" or "Settlement Class Members." The Settlement, if finally approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiffs and GoDaddy have determined that it is in their best interests to settle this case to avoid the expenses, uncertainties, and inconvenience associated with litigation.  This Settlement resolves all claims against GoDaddy and its affiliated entities. The Settlement is not an admission of wrongdoing by GoDaddy and does not imply that there has been, or would be, any finding that GoDaddy violated any law. GoDaddy denies each and every allegation of wrongdoing and liability in the Actions.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the court overseeing these lawsuits must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that Settlement Class Members have this notice and the opportunity to exclude themselves from the Settlement Class, to voice their support or opposition to final approval of the Settlement, and to have the opportunity to obtain the benefits offered by the Settlement. If

the Court does not give final approval to the Settlement, or if it is terminated by the parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**

You are a member of the Settlement Class if, between November 4, 2014 and December 31, 2016, GoDaddy placed a voice or text message call to your cellular telephone pursuant to an outbound campaign facilitated by the web-based software application used by 3Seventy, Inc., or the software programs and platforms that comprise the Cisco Unified Communications Manager.

Excluded from the Settlement Class are (1) the trial judge presiding over the Actions; (2) GoDaddy, as well as any parent, subsidiary, affiliate or control person of GoDaddy, and the officers, directors, agents, lawyers, servants or employees of GoDaddy; (3) the immediate family of any such person(s); (4) any Settlement Class Member who timely opts out of the settlement; and (5) Class Counsel, their employees, and their immediate family.

**WHAT ARE MY OPTIONS?**

**(1)  Submit a Claim Form**.

If you are a member of the Settlement Class, you must submit a completed Claim Form to receive your choice of a Voucher Award or Cash Award. To do so, you must complete a Claim Form and submit it by [**date**]. You may obtain a Claim Form at [URL], and you may submit your Claim Form online at [URL], or to the Settlement Administrator by U.S. Mail at_____, postmarked by [**date**]. *Submitting a valid and timely Claim Form is the only way to receive a benefit from this Settlement, and is the only thing you need to do to receive* the elected Voucher Award or Cash Award. If the Court approves the Settlement and it becomes final and effective, and you have submitted a valid Claim Form, then you will receive your elected Award.

**(2)  Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will receive no benefit from the Settlement, but you will not release any claims you may have against GoDaddy and the Released Parties (as that term is defined in the Settlement Agreement), and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a timely letter to the Settlement Administrator at _____, postmarked by _____. Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class," and that, absent of excluding yourself or "opting out," you are "otherwise a member of the Settlement Class in the proposed settlement of *Drazen v. GoDaddy.com, LLC*, Case No. 19-cv-00563 (S.D. Ala.), *Bennett v. GoDaddy.com, LLC*, Case No. 20-cv-00094 (S.D. Ala.), and *Herrick v. GoDaddy.com, LLC*, Case No. 2:16-cv-00254 (D. Ariz.), *appeal pending* 18-16048 (9th Cir.)." The request should also include your full name, address, telephone number(s), and GoDaddy account number(s).

You cannot ask to be excluded on the phone, by email, or at the Settlement Website.  You may opt out of the Settlement Class only for yourself.

**(3)  Object to the Settlement**.

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must submit a timely letter that includes the following: (1) a heading that includes the case name and case number; (2) your full name, address, telephone number, the cellular telephone number(s) at which you received a phone call or text message from GoDaddy between November 4, 2014 to December 31, 2016, GoDaddy account number(s) and if represented by counsel, the name, bar number, address, and telephone number of your counsel; (3) a signed statement, under penalty of perjury, that you received one or more phone calls or text messages from GoDaddy between November 4, 2014 to December 31, 2016, and that you are a member of the Settlement Class; (4) a statement of all your objections to the Settlement, including your legal and factual basis for each objection; (5) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend; (6) the number of times in which you, your counsel, or your counsel's law firm have objected to a class action settlement within the five years preceding the date that you submit your objection, the caption of each case in which you, your counsel, or your counsel's law firm has made such objection, and a copy of any orders related to or ruling upon your, your counsel's, or your counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections, as well as any exhibits they intend to introduce at the Final Approval Hearing; and (8) any and all agreements related to the objection or the process of objections—whether written or verbal—between you or your counsel and any other person or entity.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than [DATE], and mail a copy of your objection to (1) the Clerk of Court; (2) the attorneys representing the Plaintiffs and the Settlement Class (Evan M. Meyers, McGuire Law, P.C., 55 West Wacker Drive, 9th Floor, Chicago, IL 60601); and (3) the attorneys representing GoDaddy (Paula L. Zecchini and Jeffrey M. Monhait, Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, Washington 98104), postmarked no later than [DATE].

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by [DATE]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

**(4)  Do Nothing.**

If you are a Class Member and do not submit a valid Claim Form, you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against the Released Parties regarding any released claims.

**WHAT DOES THE SETTLEMENT PROVIDE?**

GoDaddy has agreed to make up to $35,000,000 available to pay individuals who submit a valid Claim Form, settlement administration costs, attorney's fees, a service award to the Plaintiffs, and costs and expenses of the litigation. Subject to the qualification set forth at the end of this paragraph, each Settlement

Class Member who submits a valid Claim Form will be entitled to receive their choice of either a Voucher Award (a $150 merchandise credit voucher that can be used for any products and services made available by GoDaddy) or a Cash Award ($35, in the form of a check mailed to you). The Voucher Award is freely transferrable, is good on all merchandise (including sale, discount, or promotional pricing), and requires no minimum purchase. There is a limit of one Claim per Settlement Class Member, and each Settlement Class Member may receive only one Voucher Award or one Cash Award. Upon receipt of a valid Claim Form, the Settlement Administrator will determine whether you are eligible to receive an Award. Depending on how many valid Claim Forms are submitted, it is possible that each Settlement Class Member's Award will be reduced on a pro-rata basis to cover settlement administration costs, attorney's fees, a service award to the Plaintiffs, and the costs and expenses of the litigation.

Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected by it.

To claim a Voucher Award or a Cash Award, Class Members must submit a Claim Form by [DATE]. Following the final approval of the Settlement, the Settlement Administrator will provide the Voucher Award (in the form of a redemption code) or Cash Award (in the form of a check) to each Class Member who submits a valid, timely Claim Form. All checks issued to Settlement Class Members who choose to receive the Cash Award will expire and become void one hundred eighty (180) days after they are issued. Any unused Voucher Award balance will be forfeited one (1) year after it is issued.

Additionally, the attorneys who brought these lawsuits (listed below) will ask the Court to award them attorney's fees in an amount not to exceed 30% of $35,000,000, plus their costs for the time, expense and effort expended in investigating the facts, litigating these cases, and negotiating the Settlement. The Plaintiffs will also ask the Court for a payment of up to $5,000 each for their time, effort, and service in this matter.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against GoDaddy about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at [URL]. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE THE VOUCHER AWARD OR CASH AWARD?

The parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, so please be patient. After the Court finally approves the Settlement, and after any appeals are resolved, you will receive your Voucher Award or Cash Award. If there is are appeals, resolving them can take time. Updated information about the case will be made available at [URL], or you can call the Settlement Administrator at [number], or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the fairness hearing, the Court will also consider whether to make final the certification of the Settlement Class

for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees and expenses and incentive awards for the Plaintiffs that may be sought by Class Counsel. The Court will hold the fairness hearing on [DATE] at [TIME] in Courtroom [NO.] of the U.S. District Court for the [COURT], [ADDRESS].

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue in the Actions. Instead, the Settlement's terms will take effect and the lawsuits will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuits, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if a Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not receive any benefit, and Class Members will receive no benefits from the Settlement. Plaintiffs, GoDaddy, and the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiffs and GoDaddy will continue to litigate the lawsuits. There can be no assurance that, if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

John R. Cox
JRC Legal
30941 Mill Lane
Suite G-334
Spanish Fort, AL 36527
john@jrclegal.net
Tel: (251) 517-4753

Evan M. Meyers
Eugene Y. Turin
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
eturin@mcgpc.com
Tel: (312) 893-7002

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
epu@urlaw.onmicrosoft.com
Tel: (251) 990-5558

Phillip A. Bock
David M. Oppenheim
Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St.
Ste. 1000
Chicago, IL 60602
phil@classlawyers.com
Tel: (312) 658-5500

Trinette G. Kent
Kent Law Offices
3219 Camelback Rd.
Ste. 588
Phoenix, AZ 85018
tkent@kentlawpc.com
Tel: (480) 247-9644

Mark K. Wasvary
Mark K. Wasvary, P.C.
2401 West Big Beaver Road,
Suite 100
Troy, MI 48084
mark@wasvarylaw.com
Tel: (248) 649-5667

Michael McMorrow
McMorrow Law, P.C.
One North LaSalle Street
44th Floor
Chicago, IL 60602
mike@mjmcmorrow.com
Tel: (312) 265-0708

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained at [URL]. If you have any questions, you can also call the Settlement Administrator at ___ or Class Counsel at the numbers or email addresses set forth above. In addition to the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.

47

# Exhibit 3

<u>**CLAIM FORM**</u>

**TO RECEIVE A PAYMENT, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR (SEE SUBMISSION INFORMATION BELOW) BY [DATE].**

<u>Please read this form carefully and follow the instructions below</u>.   **Step 1**: provide the requested information.  **Step 2**: sign the certification.  **Step 3**: submit the Claim Form using one of the identified methods.  You may submit this Claim Form online at [URL] on or before [DATE], or by printing out and mailing this form to: [Settlement Administrator Address] postmarked on or before [DATE].

**YOU ARE ONLY ENTITLED TO SUBMIT A CLAIM FORM IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS**.  See the Long Form Notice online on the Settlement Website at [URL] or call [number] if you have questions as to whether you are a member of the Settlement Class.

Each Settlement Class Member may submit one Claim only.  Your Claim may be rejected if you do not provide the information requested below.  Your claim will also be rejected if you do not sign the Claim Form.

**STEP 1: CLAIMANT INFORMATION**

   **A.  Name and Address**

Class Member ID:[*]
Full Name:
Home Street Address:
City, State, Zip Code:
Email Address (optional):
Telephone Number:
GoDaddy Account Number(s):

   **B.  Phone Call and/or Text Message Information**

Please indicate each cellular telephone number at which you received a phone call or text message from GoDaddy during the time period from November 4, 2014 to December 31, 2016, and for each such cellular telephone number, please (a) indicate whether it is a residential or business line, and (b) identify the primary user of the cellular telephone number:

| <u>Cellular Telephone Number</u> | <u>Business or Residential?</u> | <u>Primary User</u> |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

---

[*] This number is the [xx]-digit alphanumeric number located in the Notice you received.  If you do not provide this number, your Claim Form may be rejected.

|  |  |  |
|---|---|---|
|  |  |  |

**C. Election of Award**

Please indicate whether you wish to receive the Cash Award (in an amount up to $35) or Voucher Award (in an amount up to $150). Please mark only one (1) of the options:

_____ $35 Cash Award          _____ $150 Voucher Award

**STEP 2: CERTIFICATION**

I hereby certify under penalty of perjury under the laws of the United States of America that I have received notice of the class action Settlement in this case, and I am a member of the Settlement Class as described in the Notice.  I certify under penalty of perjury under the laws of the United States of America that the above information is true to the best of my knowledge. I understand that the Settlement Administrator, Class Counsel, and Defense Counsel have the right to verify my responses or otherwise dispute any claims that are based on inaccurate responses.

_____          _____
Signature                                                        Date

**STEP 3: METHODS OF SUBMISSION**

**Please complete the Claim Form online at [URL] no later than [date], or mail, at your own expense, a complete, signed Claim Form to the Settlement Administrator, postmarked no later than [date], and addressed to:**

**[ADDRESS]**
