# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SUSAN DRAZEN, on behalf of herself and other persons similarly situated,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**GODADDY.COM, LLC, a Delaware Limited Liability Company,**<br><br>    **Defendant.** | Civil Action: 1:19-00563-KD-B |
| **JASON BENNETT on behalf of himself and other persons similarly situated,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**GODADDY.COM, LLC, a Delaware Limited Liability Company,**<br><br>    **Defendant.** | Civil Action: 1:20-00094-KD-B |

### DECLARATION OF PHILLIP A. BOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND FOR SERVICE AWARDS

I, Phillip A. Bock, hereby state pursuant to 28 U.S.C. § 1746 that I am fully competent to make this declaration, that I have personal knowledge of the matters set forth herein unless otherwise indicated, and that I could testify to all such matters if called as a witness in this matter.

1. I am over the age of 18 and reside in Florida. I am an attorney and the manager of Bock, Hatch, Lewis & Oppenheim, LLC ("BHLO"). I am licensed to practice in the States of Illinois and Florida and have been so since 1994 and 2011, respectively. The Court appointed attorneys from BHLO, JRC Legal, Underwood & Riemer, PC, McGuire Law, P.C., Mark K.

Wasvary, P.C., Kent Law Offices, and McMorrow Law, P.C as Class Counsel in this matter.[1]

2. I make this Declaration in support of Plaintiffs' Unopposed Motion & Memorandum in Support of Award of Attorneys' Fees, Costs, and Expenses, and for Service Awards being submitted to this Court.

3. Since its founding in 2005, BHLO has exclusively represented plaintiffs in consumer class action litigation in state and federal courts throughout the country. We regularly handle complex litigation on behalf of consumers and have extensive experience in class action lawsuits similar in size and complexity to the instant case; particularly in cases arising under the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"). Courts have appointed us as class counsel in dozens of complex consumer class actions.

4. The BHLO attorneys have extensive knowledge of the law governing telecommunications and cellular telephony. Recognized nationwide as pioneers in consumer class actions pursuing claims brought under the TCPA, we have served as counsel of record, typically lead counsel, in numerous groundbreaking TCPA cases (and insurance coverage cases relating to TCPA cases) within the U.S. Courts of Appeals for the Eleventh, First, Third, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits, as well as the Supreme Courts of Illinois, Kansas, and Missouri, along with other state appellate courts throughout the nation. *See, e.g.*, *Palm Beach Center-Boca, Inc. v. Sarris D.D. S. P.A.,* 781 F.3d 1245 (11th Cir. 2015); *Ewing Indus. Corp. v. Bob Wines Nursery, Inc.,* 795 F.3d 1324 (11th Cir. 2015); *Fischbein v. Olson Research Grp. Inc.*, 959 F.3d 559 (3d Cir. 2020); *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882 (6th

---

[1] Unless otherwise stated, capitalized terms have the same meaning as those terms are used in the Second Amended Class Action Settlement Agreement, attached to Plaintiffs' Unopposed Motion & Memorandum in Support of Award of Attorneys' Fees, Costs, and Expenses, and for Service Awards as <u>Exhibit A</u>.

Cir. 2020); *Sparkle Hill, Inc. v. Interstate Mat Corp.,* 788 F.3d 25 (1st Cir. 2015); *City Select Auto Sales Inc. v. BMW Bank of N Am. Inc.,* 867 F.3d 434 (3d Cir. 2017); *Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540 (6th Cir. 2014); *Imhoff Inv., LLC v. Alfoccino, Inc.,* 792 F.3d 627 (6th Cir. 2015); *Bridging Communities Inc. v. Top Flite Fin. Inc.,* 843 F.3d 1119 (6th Cir. 2016); *Siding and Insulation Co. v. Alco Vending, Inc.,* 2016 WL 2620507 (6th Cir. 2016); *Travelers Property Gas. v. Good,* 689 F.3d 714 (7th Cir. 2012) (insurance coverage); *Bridgeview Health Care Center, Ltd. v. Clark,* 816 F.3d 935 (7th Cir. 2016); *Dr. Robert Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.,* 800 F.3d 853 (7th Cir. 2015); *CE Design Ltd., v. King Supply Co.* 791 F.3d 722 (7th Cir. 2015); *Chapman v. First Index, Inc.,* 796 F.3d 783 (7th Cir. 2015); *Chapman and Paldo Sign & Display Co. v. Wagener Equities Inc.,* 747 F.3d 489 (7th Cir. 2014); *Ira Holtzman, GP.A. & Assocs., Ltd. v. Turza,* 728 F.3d 682, 683 (7th Cir. 2013); *CE Design, Ltd. v. Cy's Crab House North, Inc.,* 731 F.3d 725 (7th Cir. 2013); *Reliable Money Order, Inc. v. McKnight Sales Co.,* 704 F.3d 489 (7th Cir. 2013); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.,* 642 F.3d 560 (7th Cir. 2011); *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721 (7th Cir. 2011); *CE Design Ltd., v. Prism Bus. Media, Inc.,* 606 F.3d 443 (7th Cir. 2010); *Nack v. Walburg,* 715 F.3d 680 (8th Cir. 2013); *St. Louis Heart Ctr., Inc. v. Jackson & Coker Locumtenens,* 2013 WL 709630 (8th Cir. 2013); *Owners Ins. Co. v. European Auto Works, Inc.,* 695 F.3d 814 (8th Cir. 2012) (insurance coverage); *Roberts v. Paypal, Inc., et al.,* No 13-16304 (9th Cir. 2015); *Bridgeview Health Care Center, Ltd. v. State Farm Fire & Gas. Co.,* 2014 IL 116389 (Ill. 2014); *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.,* 223 Ill. 2d 352 (Ill. 2006) (insurance coverage for TCPA claims); *Standard Mut. Ins. Co. v. Lay,* 2013 IL 114617 (Ill. 2013) (insurance coverage for TCPA claims); *Italia Foods, Inc. v. Sun Tours, Inc.,* 2011 IL 110350 (Ill. 2011); *Columbia Gas. Co. v. HIAR Holding, LLC,* 411 S.W.3d 258 (Mo. 2013) (insurance

3

coverage); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 263 P.3d 767 (Kan. 2011); *Dewar v. Dough Boy Pizza, Inc.,* 184 So. 3d 1169 (Fla. Dist. Ct. App. 2015); *Erie Ins. Exchange v. Lake City Indus. Products, Inc.,* 2012 WL 1758706 (Mich. App. May 17, 2012) (insurance coverage for TCPA claims); *G.M Sign, Inc. v. Swiderski Electronics, Inc.,* 2014 IL App (2d) 130711 (Ill. App. 2014); *Anderson Office Supply, Inc. v. Advanced Medical Assocs., P.A.,* 273 P.3d 786, 800 (Kan. App. Ct. 2012); *CE Design Ltd. v. C & T Pizza, Inc.,* 2015 IL App. (1st) 131465 at *158, 32 N.E.2d 150 (Ill. App. 2015); *Auto-Owners Ins. Co. v. Tax Connection Worldwide, LLC,* 2012 WL 6049631 (Mich. App. Dec. 4, 2012) (insurance coverage for TCPA claims); *Blitz v. Agean, Inc.,* No. 12-1133 (N.C. Ct. App. Feb. 11, 2013); *Hazel's Cup & Saucer, LLC v. Around the Globe Travel, Inc.,* 15 N.E.3d 220 (Mass. App. Ct. 2014); *JT's Frames, Inc. v. Sunhill NIC Co., Inc.,* 2012 WL 6968914 (Ill. App. Mar. 26, 2012); *Landmark American Ins. Co. v. NIP Group, Inc.,* 2011 IL App (1st) 101155 (Ill. App. 2011) (insurance coverage for TCPA claims; *Loncarevic and Assocs., Inc. v. Stanley Foam Corp.,* 2017 IL App (1st) 150690 (Ill. App. 2017); *Pekin Ins. Co. v. XData Solutions, Inc.,* 2011 IL App (1st) 102769 (Ill. App. 2011) (insurance coverage for TCPA claims); *Sabon v. Aqualogic,* No. 09 037436-07 (Cir. Ct. of Broward Cnty., Fla. Jul. 5, 2013); *Sawyer v. West Bend Mut. Ins. Co.,* 343 Wis.2d 714 (Wis. App. 2012) (insurance coverage for TCPA claims); *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.,* 2013 IL App (1st) 112566, 993 N.E.2d 97 (Ill. App. Ct., 1st Cir., Jun. 17, 2013).

5.   Courts have appointed BHLO as class counsel in these and other TCPA cases. *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.,* 296 F.R.D. 299 (D.N.J. 2013); *Compressor Engineering Corp. v. Charles J. Thomas-Chicken Shack,* No. 10-cv-10059 (E.D. Mich. 2015); *Sparkle Hill, Inc. v. Interstate Mat Corp.*, No. 11-10271-RWZ, 2012 WL 6589258 (D. Mass. Dec. 18, 2012) *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, No. 09-CV-1162, 2012 WL

4

3027953 (W.D. Mich., Jul. 24, 2012); *CE Design v. Beaty Constr., Inc.*, No. 07–cv-3340, 2009 WL 192481 (N.D. Ill. Jan. 26, 2009); *CE Design v. Cy's Crab House North, Inc., et al.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169 (E.D. Pa. 2014); *Holtzman v. Turza*, No. 08 C 2014, 2009 WL 3334909 (N.D. Ill. Oct. 14, 2009); *Imhoff Inv., L.L.C. v. Sammichaels, Inc.*, No. 10-10996, 2012 WL 4815090 (E.D. Mich. Oct. 1, 2012); *Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (E.D. Mich. Apr. 20, 2011); *Savanna Group, Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181, *5-*8 (N.D. Ill. Jan. 4, 2013); *Targin Sign Sys., Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. Jan. 21, 2010); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, Case No. 1:10-cv-253, 2012 WL 4127824 (W.D. Mich. Sept. 19, 2012).

6. BHLO has tried TCPA class actions to verdict, including the following cases: *Brian Lyngaas, D.D.S. v. Curaden USA, Inc., et al.*, No. 17-10910 (E.D. Mich. Sept. 2019) (bench trial); *Bridgeview v. Clark*, 09 C 5601 (N.D. Ill. Jan. 2014) (bench trial); *City Select v David Randall Assoc., et al.*, No. 11-cv-02658 (D.N.J. May 26, 2016) (jury trial); *Mixon Ins. Agency, Inc. v. Taylorville Chiropractic, et al*, No 09 L 0509 (Cir. Ct. of St. Clair Cnty., Ill. Jan. 30, 2015) (bench trial); *Paldo Sign & Display Co. v. Wagener Equities, Inc.*, No. 09 C 07299 (N.D. Ill. Jan. 2015) (jury trial); *Reliable Money Order, Inc. v. McKnight Sales Co.*, Case No. 10-c-242 (E.D. Wis., Sept. 2013) (jury trial).

7. I am a 1994 graduate of the University of Virginia School of Law. In addition to extensive litigation experience in federal and state trial courts, I have significant appellate experience and have argued appeals in the U.S. Court of Appeals for the First, Third, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits, the California Court of Appeals, the Florida Court of Appeals, the Supreme Court of Illinois and the Illinois Court of Appeals for the First, Second,

and Fifth Districts, the Massachusetts Court of Appeals, the Missouri Supreme Court the Missouri Court of Appeals, the New Jersey Court of Appeals, and the North Carolina Court of Appeals.

8. I have reviewed BHLO's itemized attorney time, hourly rates, costs, and expenses. I personally know the experience of the attorneys from BHLO who performed services in this litigation and worked with them on it. The services were necessarily and reasonably performed, and actually performed as itemized in the records.

9. Based on my personal experience, the fees requested for the legal services rendered in this litigation reflect the reasonable value of the services performed in light of the nature of the litigation, the result obtained, the quality of representation, the risks of the litigation, the customary fee, and other applicable considerations.

10. From the outset of the litigation against GoDaddy, BHLO's attorneys and support staff anticipated spending hundreds, even thousands, of hours litigating the claims with no guarantee of success. We understood that prosecution of the case would require that other work be foregone, that there was significant uncertainty surrounding the applicable legal and factual issues, and that there would be significant opposition from a large defendant with substantial resources and defended by excellent attorneys.

11. Our work was substantial. Among other things, we:

   a. Conducted pre-suit investigation, including communications with plaintiff John Herrick, identification of vendors responsible for placing the calls and text message on behalf of GoDaddy, and early legal analysis of the issues to be faced in litigation;

   b. Prepared and filed the class action complaint on behalf of Mr. Herrick and the class in January 2016;

   c. Prepared and filed amended class action complaint in August 2016;

   d. Drafted extensive written discovery including multiple requests for documents, interrogatories, and requests to admit;

    e.    Reviewed and analyzed GoDaddy's document production;

    f.    Prepared responses to GoDaddy's motions to dismiss;

    g.    Researched, read, and analyzed all developing case law involving the key and potentially dispositive "*Spokeo*" standing issue in TCPA cases;

    h.    Researched, read, and analyzed all developing case law involving the key, potentially dispositive and now seminal "What is an automatic telephone dialing system" ("ATDS") issue pending before the U.S. Supreme Court;

    i.    Took numerous depositions of GoDaddy personnel;

    j.    Defended Mr. Herrick's deposition;

    k.    Took discovery from non-party 3Seventy (the sender of the advertising text messages at issue), including the deposition of its CEO;

    l.    Engaged and worked extensively with an expert witness on the ATDS issues as they relate to GoDaddy in this litigation;

    m.    Defended our expert's deposition;

    n.    Drafted motions to strike GoDaddy's affirmative defense of consent;

    o.    Responded to GoDaddy's motion for summary judgment and motion to strike our expert witness; and

    p.    Fully briefed Mr. Herrick's appeal in the 9th Circuit on the ATDS issue, a pending appeal that is stayed awaiting the approval of this settlement.

12.    BHLO's billable rates and the hours of each attorney who worked on these matters are incorporated in the table below. These are our current rates and the rates we will charge against the firm's matters in 2020. As indicated above, BHLO works only on contingency fee class actions and handles no hourly work for pay.

13.    BHLO's general practice, followed in this case, is to work collaboratively in drafting and editing court filings, exhibits, discovery-related documents, and other important documents. BHLO's attorneys and clerks worked closely and collaboratively throughout this litigation, including with respect to the pre-suit investigation, pleading, preparation, research, motion practice, litigation strategy, and settlement considerations.

14.     I believe the expenditures of time by BHLO attorneys were reasonable and necessary. Our attorneys and staff were aware of the need to do all work necessary to prosecute the matter to the best of our abilities. At the same time, by prosecuting the matter purely on a contingency basis and not being paid by the hour, we had an incentive to conduct our efforts efficiently and to avoid duplicative or unnecessary work. We did all of these things.

15.     BHLO assumed a significant risk of non-payment in initiating and prosecuting the GoDaddy litigation, given the novelty of many of the legal issues involved, the breadth of GoDaddy's texting using non-party 3Seventy, the complexity of the communications technology at issue, and the strong and nuanced defenses that GoDaddy and its skilled counsel raised throughout the litigation and were prepared to raise had the matter proceeded. We would not have filed the class action absent the prospect of obtaining a percentage of the fund, or if necessary a multiplier on our lodestar, to account for the risks inherent in this type of contingency-fee class action.

16.     Prior to the initiation of litigation, BHLO's general practice, followed in this case, is to execute a written retainer agreement with the named plaintiff authorizing us to file a class action in the person's name and seeking relief for the named plaintiff and all others similarly situated. Our retainer agreement explains that our payment is entirely contingent upon success against and payment from the defendant. Mr. Herrick understood throughout the engagement that we would seek as attorney fees one-third of any settlement fund or benefit made available to the class, plus reimbursement of all costs and expenses reasonably incurred.

17.     As is the general practice of most law firms, BHLO's attorneys and law clerks/paralegals are responsible for tracking and reporting their own billable time and they did so with detailed daily time entries. Likewise, expenses are tracked and reported. The majority of these

records are centralized in a billing management software program. We have not billed for the several law student clerks/paralegals who worked at the firm on the GoDaddy litigation.

18.    Based on my experience doing plaintiff class action work over the course of more than 20 years, as well my knowledge of the billing rates of other firms that pursue or defend complex consumer class action litigation, I believe the billing rates of the various BHLO legal professionals who worked on this litigation properly correlate to their respective experiences, are reasonable in the legal market, and fall within the range of rates charged for attorneys with similar backgrounds and experiences.

19.    As indicated above, BHLO's rates in this litigation are the same rates the firm assesses against all of our other cases at this time, and these rates approximate an average of rates for attorneys with similar backgrounds and experience in the Chicago legal market and elsewhere. The hours provided below represent the work BHLO attorneys have undertaken since the inception of the Godaddy litigation, including case investigation, research, briefing, depositions, data analysis, negotiations, and appellate work. I have reviewed them and reduced or removed any hours I found duplicative or excessive. As indicated, we have not included any charge for the work performed by paralegals/law clerks.

| Attorney | Years Licensed | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Phillip A. Bock (Manager) | 26 | $750.00 | 99.1 | $74,325.00 |
| Jonathan B. Piper | 33 | $730.00 | 7.0 | $5,110.00 |
| Robert M. Hatch | 30 | $730.00 | 258.3 | $188,559.00 |
| Tod A. Lewis | 22 | $695.00 | 1,310.5 | $910,797.50 |
| David M. Oppenheim | 18 | $695.00 | 62.5 | $43,437.50 |
| James M. Smith | 15 | $615.00 | 1.2 | $738.00 |
| Mara Ann Baltabols | 11 | $505.00 | 8.0 | $4,040.00 |
| Julia L. Titolo | 10 | $495.00 | 73.6 | $36,432.00 |
| Michael J. Roman | 10 | $495.00 | 127.7 | $63,211.50 |
| John Orellana | 8 | $420.00 | 15.3 | $6,426.00 |

| Kimberly M. Watt | 8 | $420.00 | 0.2 | $84.00 |
| --- | --- | --- | --- | --- |
| Christopher P.T. Tourek | 7 | $410.00 | 0.2 | $82.00 |
| Molly Stemper | 5 | $380.00 | 3.5 | $1,330.00 |
| TOTALS | | | 1,967.1 | **$1,334,572.50** |

20.  In addition to professional time, BHLO has incurred $39,894.17 in expenses related to this litigation against GoDaddy, which includes costs for filing fees, service fees, mediation costs, and travel expenses. Every effort was made to keep these expenses reasonable and at a minimum. Being responsible for advancing all expenses, BHLO had a strong incentive not to expend any funds unnecessarily.

21.  For his part, Mr. Herrick was an excellent named plaintiff in his TCPA class action. He stayed in communication with the attorneys, he participated in written discovery and sat for deposition, he understood the events in the litigation, and he understood and participated in settlement considerations. The case received publicity across the internet, with Mr. Herrick's name attached. At no time was Mr. Herrick promised any extra money for serving as the named plaintiff in the. As part of the settlement, GoDaddy has agreed to fund and not to oppose a service award to Mr. Herrick in the amount of $5,000. Such a service award would be reasonable and appropriate under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2020.

/s/ Phillip A. Bock

10