IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN DRAZEN, o*n behalf of herself and others similarly situated*<br>　　　Plaintiffs,<br><br>vs.<br><br>GODADDY.COM, LLC,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION: 1:19-00563-KD-B |
| JASON BENNETT, o*n behalf of himself and others similarly situated*<br>　　　Plaintiffs,<br><br>vs.<br><br>GODADDY.COM, LLC,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION: 1:19-00563-KD-B |

**ORDER**

　　　This action is before the Court on Plaintiffs Susan Drazen's and Jason Bennett's Motion for Appeal Bond (Doc. 81) and Objector Juan Pinto's Response (Doc. 85). For the reasons discussed herein, Plaintiffs' motion for an appeal bond is **GRANTED in part** and **DENIED in part**.

　　　Plaintiffs Susan Drazen and Jason Bennett (Plaintiffs) move for an appeal bond pursuant to Federal Rules of Appellate Procedure 7 and 8 in the amount of $125,000. (Doc. 81 at 1, 15). This requested bond consists of "a $120,000.00 appeal bond pursuant to F.R.A.P. 8 and a $5,000.00 appeal bond pursuant to F.R.A.P. 7." Id. at 16. Objector Juan Pinto (Pinto) argues in part Fed.R.App.P. 8 does not apply because Pinto did not move for a stay of the judgment pending appeal. (Doc. 85 at 4). Moreover, Pinto contends there is no basis under Fed.R.App.P. 7 for a

1

$125,000.00 appeal bond because delay costs cannot be included and the requested $5,000.00 in costs is overstated. (Id. at 3-4).[1]

Fed.R.App.P. 8(a) permits a party to move for a stay of judgment pending appeal and appeal bond to support stay. However, Pinto has not moved for a stay of judgment. It is by the terms of the Settlement Agreement that execution of the Settlement is delayed. Accordingly, a bond pursuant to 8(a) is not appropriate. See e.g., Muransky v. Godiva Chocolatier, Inc., 2016 WL 11601010, at *4 (S.D. Fla. Dec. 19, 2016) (collecting cases finding supersedeas bonds under Fed.R.App.P. 8(a) inappropriate where the terms of the Settlement Agreement delayed execution of the agreement).

Fed.R.App.P. 7 permits the district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." "This rule does not define 'costs' for its purposes" but the Eleventh Circuit in Pedraza v. United Guaranty Corp., 313 F.3d 1323 (11th Cir. 2002) "went a long way toward doing so." Young v. New Process Steel, LP, 419 F.3d 1201, 1208 (11th Cir. 2005). In Pedraza, the Eleventh Circuit held that Rule 7 costs include anticipated appellate attorneys' fees **authorized by a statutory fee shifting provision**, noting that Rule 39(e) plainly does not set forth an exhaustive list of or a general definition of "costs." Pedraza, 313 F.3d at 1330.

Plaintiffs contend that "costs" can include delay costs. Pinto argues that delay costs can only be included when a rule or statute authorizes their inclusion. Otherwise, per Pinto, costs permitted under Fed.R.App.P. 7 are limited to those enumerated in Fed.R.App.P. 39(e). District courts in this circuit are split on whether delay costs are permissibly included in appeal bonds calculations. In light of the holding in Pedraza, and the lack of fee-shifting statute in the underlying

---

[1] Pinto also requests the Court order Plaintiffs to "show cause why sanctions should not issue given their deliberate misrepresentations that form the basis of their bond motion." (Doc. 85 at 2). Pinto's request is **DENIED**.

case here, the Court finds the better approach to be to limit the bondable costs on appeal to those listed in Fed.R.App.P. 39(e).

Even still, Plaintiffs provide no explanation for how they arrived at the monetary figure requested—either the $120,000 or $5,000. Plaintiffs summarily state "Class Counsel anticipate incurring costs taxable under Rule 39(e), including the estimated cost for printing and copying briefs and other submissions, in the approximate amount of $5,000.00…" (Doc. 81 at 8). Plaintiffs cite a single case in support that this amount is "well in line with costs regularly included in appeal bonds required by other courts." (Id.). The Court finds that an appeal bond in the amount of $2,000.00 is appropriate. Accordingly, Plaintiffs Susan Drazen's and Jason Bennett's Motion for Appeal Bond (Doc. 81) is **GRANTED in part** and **DENIED in part** as set forth herein.

**DONE** and **ORDERED** this the **18th** day of **February 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**