# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and other persons similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC, a Delaware Limited Liability Company,<br><br>　　Defendant. | Civil Action: 1:19-00563-KD-B |
| JASON BENNETT on behalf of himself and other persons similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC, a Delaware Limited Liability Company,<br><br>　　Defendant. | Civil Action: 1:20-00094-KD-B |

## UNOPPOSED JOINT MOTION FOR AN INDICATIVE RULING APPROVING OBJECTOR SETTLEMENT AGREEMENT AND MOTION TO EXPEDITE

On December 23, 2020, the Court entered its Final Judgment and Order

Approving Class Settlement and awarded Class Counsel attorneys' fees (the "Final

1

Order"). ECF 74. Objector Juan Pinto ("Objector") appealed to the United States Court of Appeals, Eleventh Circuit. Appeal No. 21-101999.

After mediating the dispute, Class Counsel and the Objector (collectively, the "Settling Parties") have reached an agreement to settle the appeal in exchange for certain consideration, but without changes to the Final Order or terms of the class settlement. The terms of the agreement between Class Counsel and the Objector are set out in the Objector Settlement Agreement, attached as Exhibit 1. Pursuant to Rules 62.1 and 23(e)(5)(B) of the Federal Rules of Civil Procedure, the Settling Parties respectfully request that, after a hearing under Rule 23(e)(5)(B), the Court enter an indicative ruling approving the agreement so that they can ask the Eleventh Circuit to remand for entry of a formal order by this Court and subsequent dismissal of the appeal in the Eleventh Circuit.

In addition, to allow for prompt distribution of settlement benefits to the class, the Settling Parties request that the Court expedite briefing by requiring any opposition to be filed within five (5) days of the filing of this Motion and any reply brief to be filed three (3) days thereafter.

Defendant GoDaddy.com, LLC ("GoDaddy") does not oppose this motion.

## I.   PROCEDURAL HISTORY

After more than three years of litigation and nearly a year in contentious negotiations, Class Counsel achieved a settlement with GoDaddy, making up to $35 million in benefits available to Settlement Class Members. ECF 50-1. Under the terms

of the settlement, each class member who filed a valid, timely claim could elect to receive either a $150.00 Voucher Award to use for any GoDaddy products or services, or a $35.00 Cash Award, for having allegedly received phone calls or text messages alleged to have been in violation of the federal Telephone Consumer Protection Act (the "TCPA").

On July 24, 2020, Class Counsel filed their Motion for Attorneys' Fees requesting $10,500,000.00 in fees, calculated as 30% of the settlement benefits made available to the class. ECF 50. The Court initially entered an order awarding Class Counsel $8,750,000.00 in attorneys' fees. ECF 51.

On August 31, 2020, class member Juan Pinto ("Objector"), through counsel, filed a formal objection opposing settlement approval, premature entry of attorneys' fees, and the amount of attorneys' fees requested and awarded. ECF 53. On September 1, 2020, upon review of Pinto's objection, the Court amended its order to indicate that, while $8,750,000 appeared reasonable, the issue would be taken up at the final approval hearing. ECF 55.

Class Counsel moved for final approval of the class settlement on November 3, 2020. ECF 69. Objector filed reply briefs in support of his objection (ECF 65, 68) and appeared through counsel at the final fairness hearing. ECF 84.

On December 23, 2020, the Court granted final approval to the settlement, recognizing that it provides "a very favorable outcome for Settlement Class Members[,]" particularly in light of the evolution of TCPA litigation that "has been

unfavorable to plaintiffs[.]" ECF 74 at 26. The Court also overruled Pinto's objection. ECF 74. The Court also awarded attorneys' fees of $7,000,000. *Id.*

Pinto had objected that the Class Settlement Agreement did not require the settlement administrator to email class members whose settlement awards were returned as undeliverable to obtain updated mailing addresses. ECF 53. In response to this objection, the settlement administrator submitted a declaration committing to such a campaign for all undeliverable settlement awards. ECF 61-2. If just 1% of such awards are returned as undeliverable and ultimately reach the class member, this benefits the class by $22,661.[1] At 5%, it benefits the class by $113,308.50.[2]

Pinto filed a notice of appeal from the Court's order approving the settlement and awarding attorneys' fees to the Eleventh Circuit, Appeal No. 21-101999. ECF 75. Under the terms of the Class Settlement Agreement, neither the class settlement benefits, nor Class Counsel's attorneys' fees can be distributed until the appeal is resolved. ECF 50-1 at ¶¶ 30, 75.

On appeal, Pinto entered an appearance through counsel, ordered the transcript, prepared and filed a Certificate of Interested Persons, and prepared and filed a Civil

---

[1] $2,266,170 x. 1% = $22,661.70.
[2] $2,266,170 x. 5% = $113,308.50

Appeal Statement in the Eleventh Circuit. Because Pinto's Opening Brief was initially due on March 17, 2021,[3] Pinto also began preparation of Appellant's Opening Brief.

After mediated negotiations, the Settling Parties reached an agreement to settle the appeal in exchange for certain consideration, but without changes to the Final Order or terms of the Class Settlement. Through this mediation, the Settling Parties have authorized the execution of an agreement memorialized in the Objector Settlement Agreement attached as Exhibit 1. The basic terms of the agreement are as follows:

1. In general, Objector agrees to dismiss his appeal with prejudice if: the Court enters an indicative ruling approving the Objector Settlement Agreement; the Eleventh Circuit remands the matter to the Court without modifying the existing Final Order; and, the Court enters a formal order approving the Objector Settlement Agreement when jurisdiction is returned. *See* Exhibit 1 at § 2.2. No changes will be made to the Final Order or the Class Action Settlement. *Id.* at § 4.2.

2. The Objector Settlement Agreement recognizes the non-monetary benefit bestowed by the Objector in ensuring an adversarial proceeding on attorneys' fees, with Objector's objection resulting in clarification by the Court that, despite the premature fee order, class members would have an opportunity to object to the proposed fees. *Id.* at § 1.17. It also recognizes the benefit conveyed to the class by the Objector in ensuring

---

[3] The Court of Appeals extended this deadline to March 31, 2021 on the motion of Objector. On March 30, 2021, the Court of Appeals granted the Settling Parties' unopposed joint motion to stay the briefing schedule.

LEGAL\51767503\1

that the Settlement Administrator initiates an email campaign directed at any class member whose Settlement Award is returned as undeliverable. *Id.* at § 1.16. It further provides that, in consideration for withdrawal of the appeal, and based on benefits bestowed by the Objector, and upon distribution by the Settlement Administrator of fees, costs, and expenses as described in ¶ 76(b) of the Class Settlement Agreement, John R. Cox, PLLC d/b/a JRC Legal, attorney for the Class, has agreed to share $375,000 from the Fee and Expense Award with Objector for attorneys' fees and costs related to the objection, plus $5,000 as an Objector Incentive Award for Juan Pinto. *Id.* at § 1.18, 2.1.[4] The Settling Parties agree that the total amount requested by the Objector and his counsel is supported by their efforts.

## II.   ARGUMENT

### A.   Legal Standard

Rule 23(e)(5)(B) of the Federal Rules of Civil Procedure requires court approval before any "payment or other consideration may be provided in connection with … forgoing, dismissing, or abandoning an appeal from a judgment approving [a class action settlement]." As the Rule itself notes, if an appeal is pending "the procedures of Rule 62.1 appl[y] while the appeal remains pending." *Id.*  Rule 62.1, in turn, provides

---

[4] The Eleventh Circuit in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), was specific in its disapproval of incentive awards for class representatives. *Johnson* does not speak to payments for objectors. Nevertheless, to the extent the Court denies or reduces the Objector Incentive Award, any such ruling shall *not* alter, terminate, or render the Objector Settlement Agreement null and void. Ex. 1 at § 2.1.

that where a "timely motion is made for relief that the court lacks authority to grant because an appeal that has been docketed and is pending, the court may:

    (1) defer considering the motion;

    (2) deny the motion; or

    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Fed. R. Civ. P. 62.1. If the Court states in the indicative ruling that it would grant the motion upon return of jurisdiction, then Federal Rule of Appellate Procedure 12.1 authorizes the "court of appeals [to] remand for further proceedings" while retaining jurisdiction "unless it expressly dismisses the appeal." *See also* 11th Cir. R. 12.1-1.

Rule 23(e)(5)(B)(ii) does not describe the standard for approval of compensation for withdrawal of an appeal.[5] Since Rule 23(e)(5)(B) only requires approval of "payment or consideration," it does not necessarily require approval of the objector settlement

---

[5] The Comments from the Advisory Committee indicate that withdrawal of an objection at the trial court level under Rule 23(e)(5)(B)(i) is subject to Rule 23(h), but that forgoing, dismissing, or abandoning appeals under Rule (e)(5)(B)(ii) is not. Language referencing Rule 23(h) appears in the paragraph discussing the former, but not in the latter. "When the drafters so clearly knew how to express one meaning, their failure to do so [elsewhere] implies that the meaning was not intended." *Weight Loss Healthcare Centers of Am., Inc. v. Office of Pers. Mgmt.*, 655 F.3d 1202, 1210 (10th Cir. 2011); *see also Russello v. United States,* 464 U.S. 16, 23 (1983) (when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion")); *see also Delta Air Lines, Inc. v. August,* 450 U.S. 346, 347–62, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) (courts apply the rules of statutory interpretation to determine the meaning of a Federal Rule of Civil Procedure).

agreement itself, and certainly, there is no indication in the Rule, as there is with class settlement agreements, that the agreement or payment must be fair, adequate, and reasonable. *Compare* Fed. R. 23(e)(5)(B) *with* Fed. R. Civ. P. 23(e)(2).

Nevertheless, given this Court's role as guardian for the class members, the relevant question is whether the payment in their best interests. *See In re Syngenta AG MIR162 Corn Litig.*, 2:14-md-02592, ECF No 4307 (Jan. 3, 2020) (granting motion for indicative relief after finding objector settlement "in the best interests of the class"). For the reasons stated below, the payment is in the best interests of the class members. This payment will compensate Objector and his counsel for their role in assisting in the settlement review process, improving settlement administration, and for providing benefits to the settlement class. Additionally, resolution of the appeal will allow the Settlement Administrator to begin making distributions to class members sooner. Furthermore, this eliminates risk that approval of the settlement will be reversed.

**B.   Analysis**

The agreed-upon compensation to Objector's counsel as memorialized in Exhibit A will be paid exclusively by Class Counsel, will not diminish the class recovery in any respect, and is clearly reasonable. *See In re Experian Data Breach Litig.*, Case No. 8:15-cv-01592, Dkt. 334 (stipulation), Dkt. 335 (order) (C.D. Cal. Jul. 3, 2019) (approving objector settlement without an increase in settlement benefits on the basis that the objectors participated in the settlement process). Of course, Class Counsel are best suited to determine how their own Fee and Expense award should be allocated,

and the decision by one among them to share some of it with the Objector's counsel is appropriate.

Furthermore, resolution of this Objection is in the best interests of the Class given that, since the filing of this appeal, the Supreme Court has issued its long-awaited decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2021 WL 1215717 (U.S. Apr. 1, 2021), which unanimously overturned the Ninth Circuit and ruled that the definition of "Automatic Telephone Dialing System" ("ATDS") is limited to equipment that uses a sequential number generator. 2021 WL 1215717, at *7. If Objector's appeal were to proceed – instead of being resolved as now proposed – a reversal of the District Court's final approval order could jeopardize the claims of the Class Members on remand. In short, resolution of the Objection will permit the Class Members to obtain their requested relief and avoid the risk of losing such relief altogether, and resolution is, thus, in the best interest of the Class.

Objector's counsel has also expended significant time and labor advancing the objection, arguing at the fairness hearing, prosecuting the appeal, and negotiating the instant settlement. In total, they have expended 277.1 hours. Objector's counsel's work on the case was not administrative or ministerial but involved substantive and complex legal issues. They filed a comprehensive objection regarding the class settlement and requested attorneys' fees in this Court (ECF No. 53); prepared supplemental reply briefs (ECF Nos. 65, 68); argued in support of the objection at the fairness hearing; thoroughly researched the issues for appeal, perfected the appeal; entered an appearance

9

in the Eleventh Circuit, filed a Civil Appeal Statement, and began preparation of Appellant's Opening Brief in Appeal Number 21-10199. Exhibit 2, Declaration of Robert Clore.

In addition, the results achieved through this settlement are in the best interests of the class. Courts recognize objectors' value in the settlement-approval process and have approved payments for creating a beneficial adversarial setting. *See e.g., In re Experian Data Breach Litig.*, Case No. 8:15-cv-01592, Dkt. 334 (stipulation), Dkt. 335 (order) (C.D. Cal. Jul. 3, 2019); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 229 (N.D. Ill. 2019) (approving incentive award for objector who "offered critiques of the Settlement Agreement that meaningfully assisted the Court in its analysis"); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993) ("If objectors' appearance sharpens the issues and debate on the fairness of the settlement, their performance of the role of devil's advocate warrants a fee award.").

In adding the approval requirement, now found in Rule 23(e)(5)(B), the Advisory Committee explained that it sought to discourage objectors who "may be seeking only personal gain[] and using objections to obtain benefits for themselves rather than assisting in the settlement-review process." Advisory Committee's 2018 note on Fed. R. Civ. P. 23(e). At the same time, the Committee recognized that "[g]ood-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2)," and that "[i]t is legitimate for an objector to seek payment for providing such assistance…." *Id.*

10

Objector falls into the latter category, having not only advanced "good-faith objections" to assist the Court in evaluating the class settlement, but adding non-monetary benefits to the class settlement. Approval of Class Counsel's agreement with Objector also finds support in numerous cases awarding fees to objectors and their counsel for "transform[ing] the fairness hearing into a 'truly adversarial proceeding.'" *Park v. Thomson Corp.*, 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009) (quoting *In re AOL Time Warner ERISA Litig.*, No. 02 CV. 8853 (SWK), 2007 WL 4225486, at *2 (S.D.N.Y. Nov. 28, 2007)); *see In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 358.

Given these authorities and the good-faith contributions of Objector and his counsel to the adversarial nature of the approval proceedings, there can be little dispute that an agreement that does not merely compensate Objector and their counsel for their efforts but also benefits the Class should be approved under Rule 23(e)(5). Objector's proposed settlement with Class Counsel, and the Objector's role in the settlement approval process, provided meaningful benefit beyond just Objector's participation in the settlement. Objector's settlement with Class Counsel recognizes the non-monetary benefit bestowed by Objector by ensuring an adversarial proceeding on attorneys' fees, with Objector's objection resulting in clarification by the Court that, despite the premature fee order, class members would have an opportunity to object to the proposed fees. *Id.* at § 1.17. In addition, Objector also provided a benefit to the class by ensuring that the Settlement Administrator initiates an email campaign directed at class members whose Settlement Award is returned as undeliverable. *Id.* at § 1.16. This

benefit is worth at least an additional $22,661 if 1% of such awards are returned as undeliverable and nevertheless ultimately received by the class members. It is worth as much as $113,308.50 if 5% are returned but ultimately received by the class members.

Moreover, the compensation of counsel relative to their lodestar shows that the agreed-upon fee is not unreasonable. The lodestar of Objector's counsel is $164,400 plus $2,097.99 in unreimbursed litigation expenses, resulting in a lower lodestar multiplier (2.25) than Class Counsels' Fee and Expense Award (2.49). Exhibit 2 at 8.

Finally, the settlement is also in the best interests of the class because it will permit distribution of settlement funds sooner. The Settlement Administrator currently hopes to begin delivering settlement awards promptly. That will only be possible if the appeals have been dismissed. Accelerating payment to the class alone is a justifiable reason to approve the agreed-upon fee; in combination with these other factors, it surely tilts the balance in favor of approval.

## III.   CONCLUSION

For these reasons, the Settling Parties request that the Court enter an indicative ruling approving the Objector Settlement Agreement. The Settling Parties further request a hearing on this motion as required by Rule 23(e)(5)(B) and that the Court expedite consideration of this motion and require any opposition(s) to be filed within five days (on or before April 20, 2021), with the expectation that if any interested party fails to file an opposition by that date all arguments contesting approval of the Objector Settlement Agreement will be waived.

Dated: April 15, 2021

Respectfully submitted,

/s/ Robert W. Clore
ROBERT W. CLORE

*Attorneys for Juan Pinto*

Robert W. Clore
*Pro Hac Vice*
Bandas Law Firm, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
(361) 698-5200

/s/ John R. Cox
JOHN R. COX

JRC LEGAL
John R. Cox
30941 Mill Lane, Suite G-334
Spanish Fort, AL 36527
Tel: (251) 517-4753
john@jrclegal.net

Class Counsel

## Certificate of Service

I hereby certify that on April 15, 2021, I electronically filed the foregoing motion and supporting exhibits with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

                                    /s/ John R. Cox
                                    JOHN. R. COX