IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN DRAZEN, o*n behalf of herself and others similarly situated*<br>  Plaintiffs,<br><br>vs.<br><br>GODADDY.COM, LLC,<br>  Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION: 1:19-00563-KD-B<br>)<br>)<br>) |
| JASON BENNETT, on behalf of himself and other persons similarly situated,<br>  Plaintiffs,<br><br>vs.<br><br>GODADDY.COM, LLC,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on the "Unopposed Joint Motion for an Indicative Ruling Approving Settlement Agreement between Objector and Class Counsel and Motion to Expedite Briefing and Consideration" (Doc. 90).

**I.     Background**

On December 23, 2020, this Court entered its Final Judgment and Order Approving Class Settlement. (Doc. 74). Objector Juan Pinto (Pinto) appealed to the Eleventh Circuit. (Doc. 75). Thereafter, the parties filed a motion indicating that the "Class Counsel and the Objector (collectively, the Settling Parties) had reached an agreement to settle the appeal in exchange for certain consideration…" (Doc. 88 at 2). The Objector Settlement Agreement in sum included a term that Pinto would dismiss his appeal with prejudice if this Court "enter[ed] an indicative ruling

1

approving the Objector Settlement Agreement; the Eleventh Circuit remand[ed] the matter to the Court without modifying the existing Final Order; and, the Court enter[ed] a formal order approving the Objector Settlement Agreement when jurisdiction is returned." (Id. at 5). The Objector Settlement Agreement awards Pinto's attorneys $375,000 (to come from the attorneys' fees awarded to Class Counsel previously) and a $5,000 incentive award to Pinto. (Id.). On April 15, 2021, the parties jointly moved for the Court to enter an indicative ruling approving the Objector Settlement Agreement "so that they can ask the Eleventh Circuit to remand for entry of a formal order by this Court and subsequent dismissal of the appeal in the Eleventh Circuit." (Doc. 88 at 2). On April 22, 2021, this Court issued an order granting the motion for an indicative ruling, but indicating the Court would not be inclined to grant/approve the settlement upon remand from the Eleventh Circuit. (Doc. 89).

The Plaintiffs and Objector have filed a new motion requesting an indicative ruling that the Court will approve a newly proposed settlement. The new settlement benefits the class by making available an additional $20 to each person/entity that has filed a claim under the current settlement. In the present motion, the settling parties request, per Rules 62.1 and 23(e)(5)(B) of the Federal Rules of Civil Procedure, that:

    1) the Court hold a Rule 23(e)(5)(B) hearing;

    2) issue an indicative ruling approving the Objector Settlement so that they can ask the Eleventh Circuit to remand for entry of a formal order by this Court and subsequent dismissal of the appeal in the Eleventh Circuit which is currently set for oral argument on June 9, 2022;

    3) allow for prompt distribution of settlement benefits to the Class, including what is likely to be at least an additional $20 cash payment per claimant; and

    4) expedite briefing in response to their motion.

(Doc. 90 at 3). In support, the settling parties state:

> Class Counsel and Objector Juan Pinto (the "Settling Parties") have reached a new agreement (the "Objector Settlement") in which an additional $1,500,000 will be allocated for the benefit of the Settlement Class Members. These funds – which Class Counsel have agreed to forego from the attorneys' fees the Court awarded to Class Counsel as part of the Court's Final Judgment and Order Approving Class Settlement (ECF 74) – will instead be directly distributed to the Settlement Class Members after payment of administrative costs and attorneys' fees for Objector's counsel. The cash will be distributed pro rata to Settlement Class Members that previously submitted Approved Claims and will more than double the total amount of cash distributed to the Class. This additional settlement benefit will also ensure that all Settlement Class Members that previously submitted Approved Claims receive some cash.
>
> Class Counsel agreed to this distribution in exchange for Pinto's dismissal of his appeal, which has been fully briefed by the parties. See Drazen, et al. v. GoDaddy, et al., Appeal No. 21-10199. Oral argument is scheduled for June 9, 2022 ....
>
> ***
>
> .... Class Counsel and Pinto engaged in renewed mediation and reached a settlement in which Pinto has agreed to dismiss his appeal in exchange for $1,500,000 of the amount the Court awarded to Class Counsel for attorneys' fees being re-allocated to (1) be distributed to Settlement Class Members who submitted Approved Claims, (2) pay all administrative costs and expenses associated with this distribution and the Objector Settlement, and (3) pay Pinto's counsel $500,000 in attorneys' fees, which is 33% of the benefit conveyed with a 1.28 lodestar multiplier. This $1,500,000 comes from the amount GoDaddy would already be set to pay pursuant to the Class Settlement Agreement and the Court's Final Judgment and Order Approving Class Settlement, as Class Counsel has agreed to forego this $1,500,000 from the attorneys' fees the Court previously awarded to Class Counsel. The Objector Settlement does not impose any additional cost, expense, burden, or obligation on GoDaddy.
>
> The terms of the Objector Settlement, in general, are as follows: Pinto agrees to dismiss his appeal with prejudice if the Court enters an indicative ruling approving the Objector Settlement, including attorneys' fees for Pinto in the amount of $500,000;[] the Eleventh Circuit remands the matter to the Court; and the Court enters a formal order approving the Objector Settlement when jurisdiction is returned ....

(Doc. 90 at 2, 4-5 (footnote omitted)).

## II.  Discussion

Rule 23(e)(5)(B)(ii) of the <u>Federal Rules of Civil Procedure</u> requires court approval before any "payment or other consideration may be provided in connection with … forgoing, dismissing, or abandoning an appeal from a judgment approving [a class action settlement]." If an appeal is pending "the procedures of Rule 62.1 appl[y] while the appeal remains pending." Fed.R.Civ.P.

3

Rule 23(e)(5)(C).  Rule 62.1, in turn, provides that where a "timely motion is made for relief that the court lacks authority to grant because an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)-(3). If the Court states in the indicative ruling that it would grant the motion upon return of jurisdiction, then Federal Rule of Appellate Procedure 12.1(b) authorizes the "court of appeals [to] remand for further proceedings" while retaining jurisdiction "unless it expressly dismisses the appeal." See also 11th Cir. R. 12.1-1.

In the motion, the Settling Parties indicate that due to Objector Pinto's efforts (which they assert will convey a $1,500,000.00 benefit and substantially improve the benefit provided to Settlement Class Members), all settlement class members who submitted approved claims will receive an additional -- *hypothetical* -- $20 cash compensation and some receiving more than this (per the motion "[t]here are 24,059 claimants. Hypothetically, if administrative expenses are $300,000, that leaves $700,000 to be distributed pro rata among them. That would result in an additional $29 cash distribution to each claimant ($700,000 ÷ 24,059 = $29.09)[]"). (Doc. 90 at 8 at note 4).  Additionally, the settling parties also seek the recovery and approval of "reasonable" attorneys' fees and costs in the amount of $500,000 in fees (33% of the actual cash $1,500,000 benefit as "appropriate") and $4,832.10 in costs. (Doc. 90 at 9).  The fees are described as incurred by attorney Robert Clore of the Bandas Law Firm -- 493.3 hours at a varying rate of $600-$750/hour totaling approximately $293,025; attorney Christopher Bandas of the Bandas Law Firm -- 18 hours at the rate of $700/hour totaling $12,600; attorney Jeff Dean -- 23.1 hours at a rate of $450/hour totaling $10,395; and attorney Jason Pepe -- 115.7 hours at the rate $600/hour of totaling

4

$69,420. (Doc. 90-2 at 4-9 (Decltn. Clore)).  The costs are described as totaling $4,832.10, incurred in prosecuting Pinto's Objection and appeal. (Id. at 9).

First, as to that portion of the settling parties' motion seeking a hearing and expedited briefing, such is **DENIED**, as there is no need for same in this instance.  Second, in response to the settling parties' motion for an indicative ruling, the Court **GRANTS** same.

The Court's indicative ruling is that it will not approve the Objector Settlement Agreement.  This is due, in part, to the lack of support for the attorneys' fees requested (billing records, etc.) much less establishing such as either "reasonable" and/or "appropriate" in this case, this District, and/or the Eleventh Circuit.  Moreover, this Court has already ruled on the Objector's Objections (now pending before the Eleventh Circuit) and concluded that such were non-meritorious.  Non-meritorious advocacy does not warrant attorneys' fees.  In the undersigned's opinion, the objector has filed a frivolous appeal and is attempting to gain attorneys' fees to settle it.[1]  After this Court rejected the previous attempt to gain attorneys' fees (due to no benefit to the class), the Objector has returned with a proposal to add less than one million to the payout to the claimants (less than 2% of the original class).  While the proposal benefits a very few in the class, it is obviously only an afterthought as a means to obtain attorneys' fees by the Objector and certainly did not require the expenditure of time that would warrant a fee of $500,000.  Unless instructed to do otherwise by the Eleventh Circuit, this Court will not condone the actions of the Objector counsel with an award of $500,000.

**DONE** and **ORDERED** this the **25th** day of **May 2022**.

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] See Doc. 61 at 4-5, for a brief history of the Bandas' firm serial objector advocacy.