IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and others similarly situated,      Plaintiffs, | )  )  )  ) |
| v. | ) Civil Action No. 1:19-00563-KD-B  ) |
| GODADDY.COM, LLC,      Defendant. | )  )  )  ) |
| JUAN PINTO,      Objector. | )  )  ) |
| JASON BENNETT, on behalf of himself and others similarly situated,      Plaintiffs, | )  )  )  )  ) |
| v. | ) Civil Action No. 1:20-00094-KD-B  ) |
| GODADDY.COM, LLC,      Defendant. | )  )  ) |

**ORDER**

This action is before the Court on the opinion issued as mandate by the United States Court of Appeals for the Eleventh Circuit (docs. 101, 102). The Eleventh Circuit clarified that "the opinion of this Court is delivered solely in Section III.C.iii, in which Judges Wilson, Branch, and Tjoflat joined." (doc. 101, p. 2, 88, 113).

In that Section, the Eleventh Circuit found that the Class Action Fairness Act (CAFA), 28 U.S.C. § 1712, applies and governs this Court's award of attorney's fees to class counsel because the class action settlement was a coupon settlement. (Id., p. 88, 93, 103).[1] The Eleventh Circuit found that this Court erred in finding that the proposed Settlement Agreement did not create a

---

[1] The Circuit Judges agreed that "CAFA applies to settlements made up of coupons and other forms of relief because the language of 28 U.S.C. § 1712 anticipates that what it labels 'coupon settlements' will not always be composed entirely of coupons." (doc. 101, p. 90). Here, the Class Members could choose between a $150 voucher or $35.00 cash. (Id., p. 90, 93). The Circuit Judges explained that the "$150 Voucher Awards in this case are coupons" (Id., p. 93).

coupon settlement subject to CAFA review (Id., p. 88) and that "calculating attorney's fees in this case as a percentage of the possible relief available to class members used the wrong legal standard and was thus an abuse of discretion." (Id., p. 107). This Court's decision to award attorney's fees was vacated and the action was remanded (Id., p. 113).

Also, the Eleventh Circuit explained "how the district courts should address attorney's fees in a coupon settlement" and that the "attorney's fees for coupon settlements under CAFA may be based on the value of the coupons that are redeemed, the lodestar method, or a combination of both" (Id., p. 103-107, 113). Accordingly, Plaintiffs shall, on or before **September 26, 2024**, file a motion for attorney's fees based upon the decision that CAFA applies because the class action settlement was a coupon settlement. Defendants shall file their response on or before **October 5, 2024**. If either party disagrees with the undersigned's interpretation of the mandate, the party should address the issue in the ordered filings.

The Court will hear the motion on **October 15, 2024, at 10:00 a.m.** in Courtroom 4B, United State Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

**DONE** and **ORDERED** this the 19th day of September 2024.

                       s/ Kristi K DuBose
                       **KRISTI K. DuBOSE**
                       **UNITED STATES DISTRICT JUDGE**