# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and other persons similarly situated, | Civil Action: 1:19-00563-KD-B |
| Plaintiffs, | |
| v. | |
| GODADDY.COM, LLC, a Delaware Limited Liability Company, | |
| Defendant. | |
| | |
| JASON BENNETT on behalf of himself and other persons similarly situated, | Civil Action: 1:20-00094-DK-B |
| Plaintiffs, | |
| v. | |
| GODADDY.COM, LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

## OBECTOR JUAN PINTO'S RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT

## Background

On July 16, 2024, the Eleventh Circuit issued its opinion on rehearing. *Drazen v. Pinto*, 106 F.4th 1302 (11th Cir. 2024). On August 15, 2024, the Court of Appeals issued its mandate.

Class counsel filed their motion for renewed attorneys' fees on October 18, 2024. Dkt. 108. Pinto timely filed his response on January 10, 2025. Dkt. 119. In addition to opposing class counsels' requested fees, Pinto's response explained that the Eleventh Circuit vacated both fees and settlement approval. Dkt. 119 at 1, 4–6. GoDaddy also filed a response on January 10th. Dkt. 118. Therein, GoDaddy announced that it had terminated the settlement on January 9, 2025. Dkt. 118 at 2.

On January 17th, class counsel filed a motion for extension of time to file a reply and to continue the hearing on their motion (dkt. 120), which this Court denied on January 23, 2025. Dkt. 123. Then on January 28th, three days before the January 31st hearing, class counsel filed their motion to enforce the settlement. Dkt. 131.

## Argument

To the extent class counsel attempt to argue in support of their newly filed motion to enforce at the January 31, 2025 hearing, Pinto objects to class counsels' failure to comply with the local rules and to a lack of adequate notice. *See* Civil L.R. 7(c) (allowing nonmovant 14 days to file a response). Nevertheless, out of an abundance of caution, Pinto submits this response ahead of the hearing.

1

There is no settlement to enforce. As described more fully in Pinto's Response to Plaintiff's Motion for Renewed Award of Attorneys' Fees; Pinto's Statement Concerning Mandate (Dkt. 119), which Pinto incorporates herein by reference, the Eleventh Circuit vacated both attorneys' fees and settlement approval.

Pinto did not file "a brief in support of Defendant's position" as class counsel falsely state. Motion to Enforce at 1. Nor should it come as any surprise to class counsel that Pinto advocates against the settlement. From the outset, Pinto's position has always been that this attorney-first settlement should be rejected, particularly since class counsel drafted it so that any reduction in fees does not inure to the benefit of the class. It is thus hardly "odd[]" (Motion to Enforce at 1) that Pinto recognizes the Eleventh Circuit's unaltered disposition in the opinion on rehearing—vacatur of "the judgment of the District Court and its order granting attorney's fees"—does away with both fees and settlement approval. *Drazen*, 106 F.4th at 1352.

Pinto's argument is also not an "appending [of] Section IV of Judge Tjoflat's appellate concurrence onto the decision of the court." Motion to Enforce at 1 n.1. Rather, it is a recognition of the unaltered disposition of the opinion on rehearing, which nowhere purports to affirm settlement approval. It is also a logical reading of Section III.C.iii.

The Eleventh Circuit's mandate provides, "It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court." The opinion issued on that date, in turn, provides, "[t]his opinion is

2

the same as our previous one, except that we clarify that the opinion of this Court is delivered solely in Section III.C.iii[.]" *Drazen*, 106 F.4th at 1304. Section III. C. iii, in turn, addresses: (1) that the settlement is, in fact, a coupon settlement and (2) that attorneys' fees were miscalculated under CAFA. *Id.* at 1342-51. Significantly, this section does not announce the disposition of the opinion. Instead, the concluding paragraph, which remains the same from the initial opinion, continues to provide that the Court:

> vacate[s] the judgment of the District Court **and** its order granting attorney's fees and remand[s] the cases to the District Court for further proceedings consistent with the holdings of this opinion.

*Id.* at 1352 (emphasis added).

The "judgment of the District Court" which the Eleventh Circuit vacated is this Court's December 23, 2020 "Final Judgment and Order Approving Class Settlement." Dkt. 74. And as the name suggests, the final judgment includes this Court's approval of the settlement. *Id.* at 22 ("the Court approves the Settlement Agreement (Doc. 45-1) as fair, reasonable, and adequate and not the result of collusion").

Again, the opinion on rehearing does not anywhere purport to limit vacatur to attorneys' fees, nor does it affirm the judgment in part. *Compare with McCarthy v. City of Coredele*, 111 F.th 1141, 1147 (11th Cir. 2024) (vacating order "in part"); *Lane v. Cent. Ala. Cmty. College*, 772 F.3d 1349, 1351 (11th Cir. 2014) ("We affirm in part

3

and vacate in part; and we remand the case for further proceedings"). Rather, it expressly provides for vacatur of the judgment and award of attorneys' fees. *Drazen*, 106 F.4th at 1352.

The panel's decision not to alter the disposition is consistent with its discussion in Section III.C.iii., which (among other things) explains how the fee analysis should inform settlement approval. According to the Eleventh Circuit, regardless of which fee method is applied under CAFA (the percentage or lodestar method), "a district court may abuse its discretion if it does not consider the redemption rate of the coupons <u>during the fair, reasonable, and adequate</u> <u>assessment of the settlement as a whole</u>." *Drazen*, 106 F.4th at 1350 (emphasis added) (citing *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 628 (6th Cir. 2020); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Also, in Section III.C.iii., the Eleventh Circuit elaborated that expiration dates and restrictions on vouchers "may diminish the value of the voucher and thus negatively impact the fair, reasonable, and adequate assessment by the District Court under Rule 23(e)(2)." *Drazen*, 106 F.4th at 1344.

As such, the mandate of the Eleventh Circuit requires this Court to consider both settlement approval and attorneys' fees. *See United States v. Stein*, 964 F.3d 1313, 1322 (11th Cir. 2020) (trial court "must enter an order in strict compliance with the mandate") (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)). And in so doing, it must account for coupon redemption rates.

4

Finally, Pinto would correct class counsels' false narrative that they were unable to make any adjustment to the settlement, including returning excessive attorneys' fees to the class, once the Supreme Court issued its opinion in *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021). In fact, <u>after</u> *Facebook*, class counsel and Pinto moved for an indicative ruling on a proposal to reallocate a portion of class counsels' fee award to the class. Dkt. 90 at 1. GoDaddy did not oppose the motion because the parties represented there was no modification or conflict with the terms of the class settlement agreement and there would be no imposition of additional cost on GoDaddy. *Id.*

### Conclusion

Class counsels' motion to enforce the settlement should be denied.

DATED: January 30, 2025                    Respectfully submitted,

                                           */s/ Robert W. Clore*
                                           Robert W. Clore
                                           Bandas Law Firm, P.C.
                                           802 N. Carancahua, Suite 1400
                                           Corpus Christi, Texas 78401
                                           (361) 698-5200
                                           rclore@bandaslawfirm.com
                                           *Pro Hac Vice*

                                           T. Jefferson Deen, Esq.
                                           Deen Law P.C.,
                                           207 Church Street
                                           Mobile, AL 36602
                                           (251) 433-5860
                                           jeff@deenlawpc.com

                                           *Attorneys for Juan Pinto*

## Certificate of Service

The undersigned certifies that today he filed the foregoing document and attached exhibits on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: January 30, 2025                    */s/ Robert W. Clore*
                                           Robert W. Clore

6