IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and others similarly situated,    Plaintiffs, ) ) ) ) | |
| v. ) | Civil Action No. 1:19-00563-KD-B |
| ) | |
| GODADDY.COM, LLC,    Defendant. ) ) ) | |
| ) | |
| JUAN PINTO,    Objector. ) ) ) | |
| JASON BENNETT, on behalf of himself and others similarly situated,    Plaintiffs, ) ) ) ) ) | |
| v. ) | Civil Action No. 1:20-00094-KD-B |
| ) | |
| GODADDY.COM, LLC,    Defendant. ) ) ) | |

**ORDER**

This matter is before the Court on remand from the Court of Appeals for the Eleventh Circuit (Doc. 101; Mandate, Doc. 102), the motion and memorandum in support of renewed award of attorney's fees, costs, and expenses fees filed by Plaintiffs Susan Drazen and Jason Bennett (Doc. 108) and the Plaintiffs' motion to enforce the Second Amended Class Action Settlement Agreement (Settlement Agreement) (Doc. 131 (motion); Doc. 109-1, Doc. 45-1 (Settlement Agreement)).

The issue before the Court is whether the 11th Circuit's opinion and judgment vacated this Court's approval of the Settlement Agreement and order on Plaintiffs' motion for attorney fees. (Doc. 74, Final Judgment and Order Approving Class Settlement; Section IV, order approving attorney's fees and costs) or if the 11th Circuit vacated only the order on attorney fees. The undersigned had preliminarily interpreted the 11th Circuit's opinion to have only vacated the judgment as it relates to attorney fees. (Doc. 103). However, the Court solicited the opinion of the parties, and their respective positions were heard on January 31, 2025. After reconsideration, the

Court finds that the 11th Circuit vacated the approval of the Settlement Agreement and the order on attorney fees.

### A. Background

After a long and tortured history, on May 13, 2024, Circuit Judge Tjoflat wrote an opinion excoriating the District Court's entire approval process of the class action settlement. (Doc. 100). In Section IV of Circuit Judge Tjoflat's opinion, he stated, "we VACATE the judgment of the District Court and its order granting attorney's fees and REMAND the cases to the District Court for further proceedings consistent with the holdings of this opinion." (Id.)  Circuit Judges Wilson and Branch concurred "in the judgment to the extent that [we] concur with the analysis in Section III.C.iii." (Id.)  Section III.C.iii is entitled "The Class Action Fairness Act Applies Because the Settlement was a Coupon Settlement." The concurrence also stated, "the Court correctly vacates and remands this case back to the district court." (Id.)

After granting a petition for rehearing, the opinion was "clarified" by the 11th Circuit on July 16, 2024: "we clarify that the opinion of this Court is delivered solely in Section III.C.iii…. (Doc. 101).  Thereafter, the mandate provided that the "opinion issued on this date (July 16, 2024) in this appeal is entered as the judgment of this Court." (Doc. 102).  Perhaps it should be obvious to the undersigned what action this Court should take after this clarification. But it isn't.  Both parties have argued for this Court to interpret the opinion in a manner that favors their position.  Neither argument is totally without merit.  So, what follows is this Court's best effort to comply with the intent of the 11th Circuit.

### B. Analysis

Plaintiffs argue that this Court should only look to Section III.C.iii for its instruction. Plaintiffs then argue that the only determination in Section III.C.iii is that this Court abused its discretion by using the wrong legal standard to calculate attorney fees. Which is exactly what the last paragraph of Section III.C.iii says.  Plaintiffs conclude that the settlement approval is not disturbed by the opinion of the 11th Circuit, only the attorney fee determination.  And other Courts have recognized that it is not necessary to invalidate the entire settlement when a fee award is vacated. See McKinney-Drobnis v. Oreshack, 16 F.4th 594, 606 (9th Cir. 2021) ("As a preliminary

matter, determining that the vouchers are coupons under CAFA [Class Action Fairness Act] and vacating the fee award does not necessarily require invalidating the entire settlement approval order."); In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig., 952 F.3d 471, 491-492 (4th Cir. 2020) (The 4th Circuit acknowledged "CAFA's purpose of exacting scrutiny of 'coupon' settlements" and determined that "the district court erred in failing to apply CAFA's 'coupon' settlement provisions". The Court vacated "the Attorney's Fees Order" but determined that "the Settlement Approval Order survives that decision … [because, in part,] the validity of the settlement agreement has not been made contingent on our approval of the Attorney's Fees Order.")

But, where only the attorney fee award was vacated, the courts clearly stated that the settlement was affirmed.  See, In re Easysaver Rewards Litig., 906 F.3d 747, 763 (9th Cir. 2018) ("For the foregoing reasons, we VACATE and REMAND the award of attorney's fees but otherwise AFFIRM approval of the settlement.); Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 968-69 (9th Cir. 2009) ("Therefore, we affirm approval of the settlement. We reverse and remand the award of attorney's fees…"); In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 290 (3d Cir. 1998) ("… we will affirm the certification of the proposed class and the approval of the settlement, and vacate and remand on the issue of attorneys' fees.").  In this case the 11th Circuit did not clearly affirm the settlement.

GoDaddy.com, LLC argues that the judgment is clearly stated in Section IV of the opinion and that is the instruction this Court must follow.  But the problem with this argument is that the 11th Circuit "clarif[ied] that the opinion of this Court is delivered solely in Section III.C.iii …" (Doc. 101, at 2) (underlining added).   However, GoDaddy also correctly points out that in the concurrence of Circuit Judge Wilson and Circuit Judge Branch they state that "the Court correctly vacates and remands this case back to the district court." (Doc. 101, at 113).

For two reasons, the Court finds that the class action settlement approval and the determination of attorney fees were vacated and remanded to this Court for further proceedings consistent with Section III(c)(iii).  First, as explained above, the language in the concurrence appears to indicate that all judges agree with Circuit Judge Tjoflat's decision to "VACATE the

3

judgment of the District Court and its order granting attorney's fees and REMAND the cases …." (Doc. 101, at 111).  Second, as explained below, Section III.C.iii appears to indicate that the Court must reevaluate the Settlement Agreement as well as attorney fees under the standard of CAFA. (Doc. 101, at 88-107).

In Section III.C.iii the 11th Circuit held that this Court erred in finding that the settlement was not a coupon settlement.  The implication of this error is that this Court should have applied CAFA, specifically 28 U.S.C. § 1712, when analyzing the settlement and attorney fees.  The 11th Circuit then explained how this Court should evaluate attorney fees pursuant to CAFA.

As previously stated, the Plaintiffs argue that the Court should look solely to Section III.C.iii for instruction on remand.  Plaintiffs then argue that Section III.C.iii only instructs this Court to reevaluate only the attorney fees pursuant to CAFA.  In contrast, GoDaddy argues that there are two sentences in Section III.C.iii that indicate that on remand this Court is required to reevaluate the entire Settlement Agreement approval and attorney fees pursuant to CAFA.[1]

The Court turns to the sentences highlighted by GoDaddy. In footnote 69, the 11th Circuit quoted 28 U.S.C. § 1712(e):

> (e) Judicial scrutiny of coupon settlements.  In a proposed settlement under which class members would be awarded coupons, the court may approve the proposed settlement only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members.

(Doc. 101, at 88). The 11th Circuit then stated that the fair, reasonable, and adequate language of § 1712 is also found in Rule 23(e)(3). (Id.)  But then declined to say whether a different level of scrutiny was required under § 1712; "we leave for another day if this requires

---

[1] GoDaddy has terminated the settlement agreement pursuant to the provision in the settlement agreement that allows for termination if "an appellate Court vacates or reverses the Final Approval Order on any basis other than the approval of the attorney fees…." (Doc. 118-2, Notice of Termination, referencing paragraph 84 of the Second Amended Class Action Settlement Agreement (Doc. 45-1)).  As detailed in this opinion, GoDaddy argues the entire settlement approval was vacated, not just attorney fees.

something more." (Id.). Seemingly, but not clearly, implying that the determination whether a heightened standard applies to coupon cases should be made initially by the District Court.[2] If this was indeed the 11th Circuit's intent, then by implication this Court has been directed to reconsider the approval of the Settlement Agreement.

A more convincing argument that this Court must reevaluate the Settlement Agreement is based on this statement in Section III.C.iii: "Finally, even when the fees are based on the lodestar method, a district court may abuse its discretion if it does not consider the redemption rate of the coupons during the fair, reasonable, and adequate assessment of the settlement as a whole."[3] (Doc. 101, at 107).

---

[2] Most courts that have considered the issue have found that CAFA requires a heightened standard of scrutiny when evaluating coupon settlement agreements. See In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015) ("CAFA directs courts to apply heightened scrutiny to coupon settlements. 28 U.S.C. § 1712(e)."); Figueroa v. Sharper Image Corp., 517 F. Supp. 2d 1292, 1321 (S.D. Fla. 2007) ("However, because the CAFA requirement in section 1712(e) applies only to coupon settlements, and because it is codified to further Congress' objectives and concerns regarding the fairness *vel non* of coupon settlements in particular, the undersigned interprets the statutory directive to imply the application of a greater level of scrutiny to the existing criteria than existed pre-CAFA."); In re HP Inkjet Printer Litig., 716 F.3d 1173, 1178 (9th Cir.2013) ("Section 1712 codifies Congress's effort to regulate coupon settlements. That regulation takes two forms. The first invites increased judicial scrutiny of coupon settlements generally.") (citing 28 U.S.C. § 1712(e) and (citing Synfuel Tech., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 654 (7th Cir. 2006) ("[W]e note that in that statute Congress required heightened judicial scrutiny of coupon-based settlements...."); Galloway v. Kansas City Landsmen, LLC, 2013 WL 3336636, at *2 (W.D. Mo. July 2, 2013) ("Finally, the Class Action Fairness Act of 2005 ("CAFA") requires 'more heightened judicial scrutiny of coupon-based settlements' than settlements resulting in cash payments."); Swinton v. SquareTrade, Inc., 454 F. Supp. 3d 848, 861 (S.D. Iowa 2020) ("The Court must consider this relief against 'the costs, risks, and delay of trial and appeal.' Fed. R. Civ. P. 23(e)(2)(C)(i). This factor is closely intertwined with the considerations necessary under CAFA, and so the Court will also apply in this section the heightened scrutiny under § 1712(e)."); but see Radosti v. Envision EMI, LLC, 717 F. Supp. 2d 37, 55 (D.D.C. 2010) ("This Court finds that the judicial scrutiny called for by § 1712(e) is indistinct from the scrutiny required by Rule 23(e), with the understanding that coupon settlements pose a particular risk of unfairness and unreasonableness because of the increased possibility that the benefits afforded to class members will never be realized, since class members are provided with a future discount on a product or service with which they were previously dissatisfied.")

[3] The 11th Circuit cites as authority for this statement: "See *Linneman*, 970 F.3d at 628 ([A] district court must ensure that a fees award is 'reasonable,' which includes as 'the most critical factor … the degree of success obtained.' And as discussed below, a district court will often abuse its discretion

Plaintiffs argue that this sentence is merely dicta and simply provides instruction for district courts in the future. But the undersigned cannot square that argument with the placement of this sentence in the paragraph explaining how this Court should consider the redemption rate if the lodestar method is used to calculate attorney fees. And the Court notes that Plaintiffs have urged this Court to use the lodestar method in their renewed motion for attorney fees. (Doc. 108, at 17).

C. Conclusion

Accordingly, this Court finds that the 11th Circuit vacated the approval of the Settlement Agreement as well as the order on attorney fees. Moreover, this Court finds that the vacation of the Final Judgment and Order Approving Class Settlement (Doc. 74) has two bases: 1) this Court's error in not applying CAFA to the Settlement Agreement analysis (specifically considering the redemption rate in the fair, reasonable and adequate analysis, and determining whether a heightened scrutiny was required) and 2) this Court's error in not evaluating the settlement as a coupon settlement when determining attorney fees. Because the 11th Circuit vacated the Final Judgment and Order Approving Class Settlement, in part, on a basis other than the approval of attorney fees, GoDaddy may terminate the Settlement Agreement pursuant to Section XV. (Doc. 108-1 at 29; Doc. 45-1, at 29).[4] Thus, Plaintiffs' motions to enforce the Settlement Agreement (Doc. 131) and for attorneys' fees (Doc. 108) are DENIED.

**DONE** and **ORDERED** this the 6th day of February.

        s/ Kristi K DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

if it fails to consider the redemption rate as part of that analysis." (quoting *Hensley v. Eckerhart* 461 U.S. 424, 436 (1983)))." (Doc.101 at 107).

[4] "This Agreement may be terminated by either Class Counsel or Defendant by serving on counsel for the opposing party written notice of termination within fourteen (14) days (or such longer time as may be agreed in writing between Class Counsel and Defendant) after any of the following occurrences: . . . c. . . . a. an appellate Court vacates or reverses the Final Approval Order on any basis other than the approval of the attorney's fees, costs, and expenses payable to Class Counsel . . ." (Doc. 45-1, p. 29, ¶ 84(c)).