IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC,<br>    Defendant.<br><br>JUAN PINTO,<br>    Objector.<br><br>JASON BENNETT, on behalf of himself and others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC,<br>    Defendant. | Civil Action No. 1:19-00563-KD-B<br><br><br><br><br><br><br><br><br>Civil Action No. 1:20-00094-KD-B |

**ORDER**

This action is before the Court on the Motion to Reconsider the Court's February 6, 2025 Order or to Certify the Order for Appeal under 28 U.S.C. § 1292(b) filed by Plaintiffs Susan Drazen and Jason Bennett (doc. 142). Upon consideration, and for the reasons set forth herein, the **Motion to Reconsider is DENIED.** However, as to the alternative **Motion to Certify the Order for Appeal**, Defendant **Godaddy.com, LLC** shall file a **response** on or before **March 20, 2025**.

Plaintiffs move pursuant to Fed. R. Civ. P. 59(e) or the Court's plenary powers over its interlocutory orders and ask the Court to reconsider its decision to allow Godaddy to terminate the class action settlement agreement. Plaintiffs argue that the Court made a manifest error of law when it decided that the Court of Appeals for the Eleventh Circuit vacated the Final Approval Order in its entirety which consequently provided grounds for Godaddy to terminate the Settlement Agreement. Plaintiffs argue that reconsideration and a ruling that only the attorney's fees portion of

the Final Approval Order was vacated and remanded, is necessary to prevent a manifest injustice to the class and class counsel. Specifically, the Court's decision precludes their recovery of any damages or compensation, respectively, from this litigation.

"A district court may grant a motion for reconsideration under Rule 59(e) only if the movant presents newly discovered evidence or demonstrates 'manifest errors of law or fact' in the challenged ruling." Giddens v. Lawson, 839 Fed. Appx. 350 (11th Cir. 2020) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). While Plaintiffs argue that the Court committed manifest error, the arguments as to why and how the Court erred are substantially the same as those previously before the Court and heard on January 31, 2025. Since a "'Rule 59(e) motion [cannot be used] to relitigate old matters…" Arthur, 500 F. 3d at 1343 (bracketed text in original) (citation omitted), Plaintiffs' motion to reconsider is denied.

**DONE** and **ORDERED** this the 11th day of March 2025.

s/ Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**