IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN DRAZEN, on behalf of herself and others similarly situated,<br>　　Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:19-00563-KD-B<br>)<br>)<br>)<br>) |
| JASON BENNETT, on behalf of himself and others similarly situated,<br>　　Plaintiffs,<br><br>v.<br><br>GODADDY.COM, LLC,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:20-00094-KD-B<br>)<br>)<br>) |

**ORDER**

This action is before the Court on the Motion to Reconsider the Court's February 6, 2025 Order or to Certify the Order for Appeal under 28 U.S.C. § 1292(b) filed by Plaintiffs Susan Drazen ("Drazen") and Jason Bennett ("Bennett") (collectively, "Plaintiffs"). (Doc. 142). In a previous order, the Court denied the Motion to Reconsider but ordered Defendant Godaddy.com, LLC ("GoDaddy") to file a response as to the Motion to Certify the Order for Appeal. (Doc. 146). Upon consideration, and for the reasons set forth herein, the **Motion to Certify the Order for Appeal** is **GRANTED**.

**I.　　Background**

Plaintiffs brought actions against GoDaddy under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, which were consolidated. (Doc. 29). Before consolidation, Drazen filed an

unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 20).[1] Drazen's unopposed motion was granted, and Plaintiffs' lawyers were appointed as Class Counsel. (Doc. 49).

On December 23, 2020, the Court entered a final judgment and approval order ("Final Approval Order") that approved the Settlement Agreement and granted Class Counsel's motion for attorney's fees. (Doc. 74). The Settlement Agreement gave either party the right to terminate the settlement if an appellate court vacated or reversed the Final Approval Order on any basis other than the approval of attorney's fees. (Doc. 45-1 at 29 ¶ 84.c)).

Three months later, the Supreme Court decided Facebook, Inc. v. Duguid, 592 U.S. 395 (2021). In Facebook, the Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." Id. at 399. This decision favored GoDaddy's position in the consolidated actions.

After the settlement—but before Facebook was decided—class member objector Juan Pinto appealed the Final Approval Order, (Doc. 74), to the Eleventh Circuit. (Doc. 75). Pinto's appeal was first entertained in June 2022 to cure a standing problem created by the application of Salcedo v. Hanna, 936 F.3d 1162 (11th Cir. 2019). Drazen v. Pinto (Drazen I), 41 F.4th 1354, 1363 (11th Cir. 2022) (vacating and remanding for the opportunity to revise the class definition). "The mandate did not issue, and the case was reheard en banc to address the vitality of Salcedo's standing holding." Drazen v. Pinto (Drazen II), 74 F.4th 1336, 1342 (11th Cir. 2023) (en banc). The Eleventh Circuit addressed that issue and sent the case back to the original panel to decide the third appeal—"whether the District Court abused its direction in approving the proposed settlement agreement, certifying the class, granting Class Counsel's motion for attorney's fees, and entering the final judgment." (Doc.

---

[1] A third related action, Herrick v. GoDaddy.com, LLC, (No. 2:16-cv-00254 (D. Ariz)) was incorporated into and resolved by the parties' settlement. (Doc. 39 at 2 n.1).

100 at 9). Ultimately, the Eleventh Circuit concluded that this Court abused its discretion "in several ways." (Id.). The Eleventh Circuit's opinion "vacate[d] the final judgment of the District Court and its order granting attorney's fees and remand[ed] the cases to the District Court for further proceedings consistent with the holdings of [the] opinion." (Doc. 100 at 110); Drazen v. Pinto, 101 F.4th 1223, 1278 (11th Cir. 2024).

After granting a petition for rehearing, the Eleventh Circuit withdrew its previous opinion and substituted a new one. Drazen v. Pinto, 106 F.4th 1302, 1304 (11th Cir. 2024). The new opinion "is the same as [the] previous one, except that [the Eleventh Circuit clarified] that the opinion of [the] Court is delivered solely in Section III.C.iii., in which Judges Wilson, Branch, and Tjoflat joined." Id.; (Doc. 101 at 2). Section III.C.iii. discussed the calculation of attorney's fees.

On remand, the Court faced the issue of whether the Eleventh Circuit's new opinion and judgment vacated the Court's approval of the Settlement Agreement on any basis other than the approval of attorney's fees. Initially, the Court interpreted the Eleventh Circuit's opinion to have only vacated the judgment as it relates to attorney's fees. (Doc. 138 at 1). But the Court solicited the opinion of the parties and determined that the Eleventh Circuit vacated approval of the Settlement Agreement and the order on attorney's fees—meaning GoDaddy had the right to terminate. (Doc. 138 at 1–2). Thus, the Court issued an order denying the motion for attorney's fees, (Doc. 108), and the motion to enforce the settlement, (Doc. 131). (Doc. 138). Still, the Court explained that the Eleventh Circuit's intent was uncertain. (Doc. 138).

Following the order on remand, six motions were filed. GoDaddy filed (1) a motion to dismiss Bennett's claims under Federal Rule of Civil Procedure 25(a)(1); (2) a motion to decertify the class; (3) a motion to dismiss Drazen's complaint under Federal Rule of Civil Procedure 12(b)(6); and (4) a motion for judgment on the pleadings on Bennett's claim under Federal Rule of Civil Procedure 12(c). (Docs. 139, 150, 152, 154). The Court ordered further briefing on three motions. (Docs. 145,

3

151, 153). Plaintiffs filed (5) a motion to reconsider the order on remand, or to certify the order for appeal under 28 U.S.C. §1292(b) and (6) a motion to hold case in abeyance pending resolution of the motion to certify. (Doc. 142, 155). The Court denied the motion for reconsideration, ordered briefing on the motion to certify, and granted Plaintiffs' motion to hold case in abeyance. (Docs. 146, 156).

**II.    Law**

Interlocutory appeals provide an exception to the general rule that federal jurisdiction of appeals requires a final judgment in the district court. 28 U.S.C. § 1291; 28 U.S.C. § 1292. "The most explicitly flexible provision for interlocutory appeals is provided by 28 U.S.C.A. § 1292(b)." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3929 (3d ed. 2024). Under 28 U.S.C. § 1292(b), "a party may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110 (2009). To certify such an appeal, the district court must make an order stating "that it is 'of the opinion' that the order (1) 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal may materially advance the ultimate termination of the litigation.'" Wright et al., supra, § 3930 (quoting 28 U.S.C. § 1292(b)).

**III.   Analysis**

To start, the parties characterize the nature of permissive interlocutory appeals differently. Plaintiffs emphasize 28 U.S.C. § 1292(b)'s "practical bent." (Doc. 142 at 17). In support, Plaintiffs argue that "Section 1292(b) was enacted 'to give to the appellate machinery . . . a considerable flexibility.'" (Id.) (quoting Hadjipateras v. Pacifica, S.A., 290 F.2d 697, 703 (5th Cir. 1961)). Plaintiffs explain that immediate appeal here will promote orderly administration and judicial economy, as it will allow the Eleventh Circuit to clarify whether this case has been settled. (Doc. 142 at 17). GoDaddy, on the other hand, emphasizes the restrictive nature of 28 U.S.C. § 1292(b). (Doc. 157 at 11).

Either framing has significant support. GoDaddy's position is based on Eleventh Circuit decisions that consider interlocutory appeals to be reserved for rare or exceptional cases. McFarlin v. Conseco Servs., 381 F.3d 1251, 1264 (11th Cir. 2004) (explaining that an interlocutory appeal is a "rare exception"); Drummond Co. v. Conrad & Scherer, LLP, 885 F.3d 1324, 1336 (11th Cir. 2018) (explaining that interlocutory appeals are "rare"). But Plaintiffs' position that 28 U.S.C. § 1292(b) demands "considerable flexibility" finds support in Hadjipateras v. Pacifica, S.A., 290 F.2d 697, 703 (5th Cir. 1961).[2] Plaintiffs' position is also supported by the plain language of the statute and its legislative history, which do not limit permissive interlocutory appeals to "exceptional" cases. See Wright et al., supra, § 3929. As such, Wright and Miller's Federal Practice and Procedure considers "[t]he flexible approach to § 1292(b) . . . far superior to blind adherence to a supposed need to construe strictly any permission to depart from the final-judgment rule." Id.[3]

Here, the overall framing of § 1292(b) is not dispositive because the Order involves a rare and exceptional issue—whether the Eleventh Circuit's new opinion and judgment vacated the Court's approval of the Settlement Agreement on a basis other than the approval of attorney's fees. Resolving this issue clarifies whether GoDaddy may terminate the Settlement Agreement. Still, the Court must be satisfied that its order on remand: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For the reasons below, the Court determines that § 1292(b)'s requirements are met.

---

[2] Fifth Circuit decisions rendered prior to the close of business on September 30, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Wright and Miller's Federal Practice and Procedure also notes that Judge Brown's "flexible" standard in Hadjipateras "seems to be followed in practice often and deservedly." Wright et al., supra, § 3929.

**1. Appeal of the Order involves a controlling question of law.**

Plaintiffs begin with the premise that the "controlling-question standard is permissive" because "[i]t reaches beyond 'dispositive' issues . . . to those 'that would require reversal on appeal from a final judgment or would materially affect the outcome of the case.'" (Doc. 142 at 17) (first quoting Hadjipateras, 290 F.2d at 702 n.10 and then quoting D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC, 2020 WL 7626817, at *3 (E.D. La. July 14, 2020)). Plaintiffs argue that "[w]hether GoDaddy can terminate the settlement is a dispositive issue" because "[a]ll that remains to do in this case is decide whether Class Counsel are entitled to fees, and how much." (Doc. 142 at 18). Plaintiffs continue by explaining that this issue materially affects the outcome of the case because the question is whether Class and Class Counsel will get the benefit of the Settlement or emerge with nothing. (Id.). This leads Plaintiffs to the conclusion that GoDaddy's right to terminate is a controlling question of law. (Id.).

By contrast, GoDaddy provides a more restrictive view of the controlling-question standard based on three grounds. "*First*, a controlling question of law must be a 'question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" (Doc. 157 at 13) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)). "*Second*, a controlling question of law cannot involve the 'application of settled law to fact;' it must present an 'abstract legal issue or what might be called one of "pure" law.'" (Doc. 157 at 14) (quoting McFarlin, 381 F.3d at 1258 (quoting Ahrenholz, 219 F.3d at 676–77)). "Third, a controlling question of law must present a 'pure or abstract legal question of . . . significant import beyond this case.'" (Doc. 157 at 15) (quoting McFarlin, 381 F.3d at 1262).

Concerning the first ground, GoDaddy argues that issues here—the interpretation of the Eleventh Circuit's mandate and GoDaddy's right to terminate the Agreement—do not involve

interpretation of a statute, constitutional provision, regulation, or common law doctrine. (Doc. 157 at 13). GoDaddy contends that the issues simply involve the interpretation of the Eleventh Circuit's judgment in this specific case. (Id.). On the second ground, GoDaddy argues that the "parties agree on the well-settled legal principles governing this Court's February 6, 2025 Order, such as the mandate rule." (Id. at 14). Because the parties only disagree on how to apply those settled legal principles, GoDaddy reasons that the issues here are not abstract legal issues. (Id.). On the third ground, GoDaddy argues that the issues here are case-specific and do not have significant import beyond this case. (Id. at 15). Thus, GoDaddy concludes that the Order did not resolve controlling questions of law. (Id.).

Again, the parties characterize the nature of this criterion differently. And again, both parties' views have support. Plaintiffs' argument that the controlling-question standard is permissive and reaches beyond dispositive issues comes from Hadjipateras v. Pacifica, S.A., 290 F.2d 697, 702 (5th Cir. 1961), which "resisted the temptation to chart out the types of cases . . . in which [a § 1292(b)] appeal should be allowed." Id.

GoDaddy's three grounds for a more restrictive view of the controlling-question standard largely come from the Eleventh Circuit opinion in McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004). Important wrinkles lie in GoDaddy's position, however. To start, McFarlin involved the certification of a district court's *summary judgment* order for interlocutory appeal. 381 F.3d at 1255. Because § 1292(b)'s language suggests an opposition between a question of law and "a question of fact or matter for the discretion of the trial court," McFarlin provided "a textbook example of when § 1292(b) discretionary jurisdiction should not be exercised." Id. at 1258, 1253. Naturally, "it seems better to keep courts of appeals aloof from interlocutory embroilment with the factual content of the record." Wright et al., supra, § 3930.

Moreover, the first two grounds suggested by GoDaddy are derived from McFarlin's illustration of a Seventh Circuit opinion: Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674 (7th Cir. 2000). In Ahrenholz, like in McFarlin, the interlocutory appeal arose from a *summary judgment* order. 219 F.3d at 675. As such, the context of these grounds involves an appellate court contrasting a pure question of law with a question of fact for the trial court. Notably, GoDaddy's first ground does not provide the full quote: "We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine *rather than to whether the party opposing summary judgment had raised a genuine issue of material fact*." Ahrenholz, 219 F.3d at 676 (emphasis added); see also McFarlin, 381 F.3d at 1258.

GoDaddy's third ground—that "a controlling question of law must present a 'pure or abstract legal question of . . . significant import beyond this case.'" (Doc. 157 at 15) (quoting McFarlin, 381 F.3d at 1262)—also weakens when scrutinized. In context, McFarlin's proposition follows a rebuke against certifying an appeal that asks the appellate court to decide "a run-of-the-mine question requiring [the appellate court] to dig deep into the record of [the] case." McFarlin, 381 F.3d at 1262. Specifically, McFarlin concluded that the question of whether plaintiffs pleaded their claims with sufficient particularity was "[n]o pure or abstract legal question of any significant import beyond this case is at stake." Id. Thus, McFarlin did not say what GoDaddy supposes—that a controlling question of law must present a legal question of significance beyond the present case. In fact, GoDaddy's "suggestion is not supported by any statutory purpose." Wright et al., supra, § 3930; see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) ("Our review of the statute and relevant authorities convinces us that a 'controlling question of law' under section 1292(b) need not affect a wide range of pending cases, and we so hold.").

After refining GoDaddy's three grounds, only one remains relevant to this case. A "controlling question of law cannot involve the 'application of settled law to fact;' it must present an 'abstract legal issue or what might be called one of "pure" law.'" (Doc. 157 at 14) (quoting McFarlin, 381 F.3d at 1258 (quoting Ahrenholz, 219 F.3d at 676–77)). This finds support in Eleventh Circuit precedent and the statutory language of § 1292(b). McFarlin, 381 F.3d at 1258; see also Wright et al., supra, § 3930. In essence, this means that a controlling question of law should allow for quick appellate decisions—without need "to study the record." McFarlin, 381 F.3d at 1258 (quoting Ahrenholz, 219 F.3d at 677).

Here, the issue whether the Eleventh Circuit vacated the approval of the Settlement Agreement on any basis other than the approval of attorney's fees. Unlike McFarlin and Ahrenholz, the issue does not involve summary judgment. In other words, the issue does not involve "a run-of-the-mine question requiring [the appellate court] to dig deep into the record of [the] case." McFarlin, 381 F.3d at 1262. To the contrary, the issue involves the interpretation of the Eleventh Circuit's opinion and mandate. As pointed out by Plaintiffs, "the Eleventh Circuit is in the best position to opine about the scope of its own mandate." (Doc. 142 at 17). Thus, interlocutory appeal of the Order involves a controlling question of law because it presents a legal issue that does not require the Eleventh Circuit to study the record.

### 2. There is substantial ground for difference of opinion over the question appealed.

"Of the three statutory criteria, the one requiring substantial ground for difference of opinion has caused the least difficulty." Wright et al., supra, § 3930. "The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." Id. Here, there is a high level of uncertainty over whether the Eleventh Circuit's opinion vacated the Court's approval of the Settlement Agreement or only the

9

Court's approval of attorney's fees. Therefore, there is a substantial ground for difference of opinion over the question appealed.

### 3. An immediate appeal may materially advance the ultimate termination of the litigation.

The final requirement is that an appeal "may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). This requirement often blends with the question of whether there is a controlling question of law. Wright et al., supra, § 3930.

GoDaddy advances a technical approach to this requirement. GoDaddy argues that "[f]or an order to be certified for interlocutory appeal under § 1292(b), the resolution of the controlling question of law *must* serve to 'materially advance the ultimate termination of the litigation.'" (Doc. 157 at 15) (emphasis added) (quoting 28 U.S.C. § 1292(b)). But this view overstates the statute. The statute requires that "an immediate appeal from the order may materially advance the ultimate termination of the litigation"—not *must*. 28 U.S.C. § 1292(b). Indeed, Hadjipateras explained that §1292(b) "was framed in broad language and the term 'controlling question of law as to which there is substantial ground for difference of opinion * * *' which 'may materially advance * * * termination of the litigation * * *' avoids casting it in the unyielding molds of prior terms of procedural art." Id. (quoting United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959)). And Hadjipateras concluded that an issue need not be dispositive to be a controlling question. Id. at n.10.

Plaintiffs, on the other hand, invite the Court to take a "pragmatic" approach to this criterion and certify appeal to save time and expense for the parties and the judiciary. (Doc. 142 at 19) (quoting Coates v. Brazoria Cnty. Texas, 919 F. Supp. 2d 863, 868 n.4 (S.D. Tex. 2013) (quoting Wright et al., supra, § 3930)). Plaintiffs' proposed approach is consistent with what Wright and Miller consider correct: Determining that "a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." Wright et al., supra, § 3930. "This approach best fulfills the goal of enabling

10

occasional adjustment of general final-judgment appeal rules to meet the particular needs of particular cases." Id. "It also underscores the artificiality of attempting to identify a controlling question as an inquiry separate from the prediction whether appeal may materially advance the ultimate termination of the litigation." Id.

In short, the requirement that resolution may materially advance the ultimate termination of the litigation "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). Here, the litigation will be substantially shortened by an immediate appeal. GoDaddy has four motions pending before the Court, which require further briefing from the parties. (Docs. 139, 145, 150, 151, 152, 153, 154). The issue on appeal determines GoDaddy's right to terminate. As Plaintiffs explain, "[w]hether GoDaddy can terminate the settlement is a dispositive issue" because "[a]ll that remains to do in this case is decide whether Class Counsel are entitled to fees, and how much." (Doc. 142 at 17–18). Thus, "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

### IV. Conclusion

An appeal of the Order, (Doc. 138), is warranted because it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Therefore, the Motion to Certify the Order for Appeal, (Doc. 142), is **GRANTED**.

The following is a controlling question of law: Did Drazen v. Pinto, 106 F.4th 1302 (11th Cir. 2024) vacate the Final Approval Order on any basis other than the approval of attorney's fees?

**DONE** and **ORDERED** this the **9th** day of **April 2025**.

/s/ Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**